**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>LIGHTHOUSE RESOURCES INC.,<br><br>Debtor. | Chapter 11<br><br>Case No. 20-13056 (CTG) |
| LIGHTHOUSE RESOURCES INC.,<br><br>Plaintiff,<br><br>v.<br><br>ATLANTIC SPECIALTY INSURANCE COMPANY,<br><br>Defendant. | Adv. Proc. No. 24-50144 (CTG)<br><br>**Related Docket No. 101** |

## PRELIMINARY OBSERVATIONS RE: MOTION FOR CLARIFICATION

The Court has reviewed the briefing on Atlantic Specialty's motion for clarification, on which argument is set for October 9, 2025 at 1:00 p.m.[1] In advance of that argument, this Court sets forth the following preliminary observations. If, after reviewing these preliminary observations, any party would like to proceed with the argument, the Court is happy to provide the parties with the opportunity to be heard. If these preliminary observations, however, persuade the parties that the relief sought is unnecessary, the parties are welcome to settle an order providing that the motion is denied.

---

[1] Defendant/Counter-Plaintiff/Third-Party Plaintiff Atlantic Specialty Insurance Company is referred to as "Atlantic Specialty." Plaintiff/Counter-Defendant Lighthouse Resource, Inc. is referred to as "Lighthouse." Third-Party Defendant Black Butte Coal Company is referred to as "Black Butte."

By way of context, Lighthouse filed suit against Atlantic Specialty alleging breach of a "sinking fund agreement" that was incorporated into the confirmed plan in Lighthouse's bankruptcy case.[2] Atlantic Specialty counterclaimed against Lighthouse, and cross-claimed against Black Butte, asserting claims of breach of contract, *in quantum meruit*, and otherwise.[3] Lighthouse and Black Butte each moved to dismiss Atlantic Specialty's claims.[4] This Court granted those motions.[5] The order did not address the question whether the dismissal was with or without prejudice – expressly leaving that question to be addressed if and when a motion for leave to amend was filed.

Atlantic Specialty has filed a motion for clarification.[6] The thrust of the motion is that the dismissal order should state whether it is with or without prejudice. Atlantic Specialty contends that the failure to so specify creates ambiguity about whether the dismissal does or does not preclude it from filing a separate lawsuit in another jurisdiction under an indemnity agreement.

The Court believes that the motion proceeds from several misunderstandings. It is true that Civil Rule 41 provides that an order dismissing a complaint "operates as an adjudication on the merits."[7] Accordingly, a *final* judgment providing for the dismissal of the complaint is entitled to preclusive effect.

---

[2] D.I. 1.

[3] D.I. 18, 19.

[4] D.I. 24, 41.

[5] *See* D.I. 97.

[6] D.I. 101.

[7] Fed. R. Civ. P. 41 (made applicable hereto by Fed. R. Bankr. P. 7041).

For that reason, the Third Circuit has explained that when a trial court is entering what would otherwise be a final judgment dismissing a complaint, the Court should typically provide the plaintiff with a specified period of time within which it may seek to amend the complaint. In *Borelli*, for example, the Third Circuit commented that:

> [W]e suggest that district judges expressly state, where appropriate, that the plaintiff has leave to amend within a specified period of time, and that application for dismissal of the action may be made if a timely amendment is not forthcoming within that time. If the plaintiff does not desire to amend, he may file an appropriate notice with the district court asserting his intent to stand on the complaint, at which time an order to dismiss the action would be appropriate.[8]

That admonition, however, applies only when a court is going to enter a *final judgment* dismissing a complaint. The point is that parties ought to know whether, on the one hand, the dismissal order is a final judgment that may be appealed and is entitled to preclusive effect, or on the other, the plaintiff may seek to remedy the defect by filing a motion for leave to file an amended complaint.

None of that is necessary when a court enters an interlocutory order that resolves some but not all counts of a complaint. Such an order, like the one the Court entered here, is not a final and appealable order.[9] So there is no need to indicate,

---

[8] *Borelli v. City of Reading*, 532 F.2d 950, 951 n.1 (3d Cir. 1976). *See also Shane v. Fauver*, 213 F.3d 113, 116 (3d Cir. 2000); *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004).

[9] *See generally Diaz v. FCA US LLC*, 134 F.4th 715, 720-722 (3d Cir. 2025) (noting that "an order which terminates fewer than all claims, or claims against fewer than all parties, does not constitute a final order for purposes of appeal under 28 U.S.C. § 1291" and that the appellants there were "mistaken in arguing that the judgment was final because all of the counts they brought were dismissed") (internal citations and quotations omitted).

3

upon entry of such an order, whether the dismissal is with or without prejudice to the plaintiff's right to amend the complaint. The lawsuit is still pending before this Court. To the extent Atlantic Specialty desires to seek leave to amend the complaint, it may file such a motion. The defendants would then be welcome either to consent to the amendment or to argue that leave to file an amended complaint should be denied. The Court would resolve such a motion if and when it was brought to the Court for determination. Unlike the circumstances presented in the *Borelli* line of cases, however, which involve orders providing for the dismissal of the action in its entirety, there is no need to indicate in an interlocutory order dismissing some but not all counts in an action whether the dismissal is with or without prejudice.

Atlantic Specialty further argues that clarification is appropriate so that it would not be precluded from filing a separate lawsuit in a different jurisdiction for indemnity. This contention is misguided for two reasons. *First,* Atlantic Specialty's concern is with claim preclusion – the doctrine under which the dismissal of one lawsuit operates to bar the filing of another suit that arises out of the same transaction or occurrence. It is established law, however, that claim preclusion does not attach until a final judgment is rendered.[10]

*Second*, and more fundamentally, if and when this Court does enter a final judgment resolving the current action, the question whether the dismissal does or does not operate to bar Atlantic Specialty's separate lawsuit seeking indemnity is a

---

[10] *See Blonder-Tongue Laboratories, Inc. v. Univ. of Illinois Found.*, 402 U.S. 313-324 (1971); *Clausen Co. v. Dynatron/Bondo Corp.*, 889 F.2d 459, 466 (3d Cir. 1989).

4

question to be presented to the court in which the indemnity case is filed, not this Court. "A court does not usually get to dictate to other courts the preclusion consequences of its own judgment."[11] Rather, disputes "about the effect of a decision in one case on the prosecution of another are for the judge presiding in the second case. In the law of preclusion the second court normally determines the effects of the first judge's order."[12]

This Court accordingly offers no view on whether Atlantic Specialty's claim for indemnity can proceed separately in another jurisdiction, or whether it arises out of the same transaction or occurrence as the events pled in its claims here, such that bringing a separate lawsuit is improper claim splitting barred by the doctrine of claim preclusion. That issue would properly be before the subsequent court if such a claim were brought and a preclusion defense asserted. In any event, if such a preclusion defense were otherwise properly available on the merits, there can be no serious argument that it would be appropriate for this Court to interfere with the ordinary operation of preclusion principles by declaring that the dismissal of the counterclaim is "without prejudice."

Finally, Lighthouse and Black Butte respond to Atlantic Specialty's motion by seeking fees under 28 U.S.C. § 1927. Even if such relief could be granted when sought in an opposition (rather than by separate motion) this Court would deny it. While

---

[11] *Smith v. Bayer Corp.*, 564 U.S. 299, 307 (2011) (quoting Wright, Miller & Cooper, 18 *Fed. Prac. & Proc.* § 4405 (2d ed. 2002)) (internal quotations omitted).

[12] *Pettibone Corp. v. Easley,* 935 F.2d 120, 123-124 (7th Cir. 1991).

5

Atlantic Specialty's motion fails on the merits, it does not rise to the level that warrants the imposition of sanctions.

For the reasons set forth above, the Court is inclined to deny Atlantic Specialty's motion. To the extent the parties seek to proceed with argument on the motion, the Court is happy to go forward with the argument on October 9, 2025 at 1:00 p.m. If, however, the parties conclude that these preliminary observations obviate the need for an argument, they may alternatively settle an order providing that the motion is denied.

Dated: October 6, 2025

CRAIG T. GOLDBLATT
UNITED STATES BANKRUPTCY JUDGE