**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| LIGHTHOUSE RESOURCES INC., | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | Case No. 20-13056 (CTG) |
| | ) | |
| | ) | |
| | ) | |
| LIGHTHOUSE RESOURCES INC., | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ATLANTIC SPECIALTY INSURANCE | ) | |
| COMPANY, | ) | |
| | ) | Adv. Proc. No. 24-50144 (CTG) |
| Defendant. | ) | |

**OPENING BRIEF IN SUPPORT OF ATLANTIC SPECIALTY INSURANCE COMPANY'S MOTION PURSUANT TO RULE 56(D) TO DEFER CONSIDERATION OF LIGHTHOUSE'S MOTION FOR SUMMARY JUDGMENT AS TO LIABILITY**

Dated: February 18, 2026

Ronald S. Gellert (DE 4259)
**GELLERT SEITZ BUSENKELL & BROWN, LLC**
1201 North Orange Street, Suite 300
Wilmington, DE 19801
Telephone: (302) 425-5806
Facsimile: (302) 425-5814

John E. Sebastian (admitted *pro hac vice*)
Brian C. Padove (admitted *pro hac vice*)
**WATT, TIEDER, HOFFAR & FITZGERALD, L.L.P.**
10 South Wacker Drive, Suite 1100
Chicago, Illinois 60606
Telephone: 312.219.6922
Telephone: 312.219.6920

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................ 1

NATURE AND STAGE OF PROCEEDINGS ......................................................................... 1

SUMMARY OF ARGUMENT ................................................................................................ 4

STATEMENT OF FACTS ....................................................................................................... 4

LEGAL STANDARD ............................................................................................................... 5

ARGUMENT ............................................................................................................................ 7

    A.   Discovery is Required Concerning Authority and Agency ............................................... 7

    B.   Discovery is Required Concerning the Interplay of the GIA and Operative Agreements.. 8

    C.   Discovery is Required Concerning Materiality .................................................................. 9

    D.   Summary Judgment is Premature ..................................................................................... 10

CONCLUSION ....................................................................................................................... 12

# TABLE OF AUTHORITIES

**CASES**

*Billops v. Magness Const. Co.*, 391 A.2d 196 (Del. 1978) ................................................................. 7

*Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986) ......................................................................... 6

*Chambers Development Co., Inc. v. Passaic County Utilities Authority*, 62 F.3d 582 (3d Cir. 1995) ...................................................................................................................................... 7

*Doe v. Abington Friends Sch.*, 480 F.3d 252, 257 (3d Cir. 2007) ..................................................... 6

*Dowling v. City of Philadelphia*, 855 F.2d 136, 139-40 (3d Cir. 1988) ..................................... 6, 10

*GMG Capital Investments, LLC v. Athenian Venture Partners I, L.P.*, 36 A.3d 776 (Del. 2012) . 9

*In re Adams Golf, Inc. Sec. Litig.*, 381 F.3d 267, 274-75 (3d Cir. 2004) ........................................ 9

*Lang v. Morant*, 867 A.2d 182 (Del. 2005) ..................................................................................... 7

*Lind v. Schenley Industries, Inc.*, 278 F.2d 79, 84 (3d Cir. 1960) ................................................... 8

*Malouf v. Turner*, 814 F.Supp.2d 454, 459-60 (D.N.J. 2011) ......................................................... 7

*Merck & Co. v. Mylan Pharms, Inc.*, 79 F.Supp.2d 552, 556 (E.D. Pa. 2000) ............................... 6

*Miller v. Beneficial Mgmt. Corp.*, 977 F.2d 834, 845–46 (3d Cir.1992) ........................................ 6

*New Enter. Assocs. 14, L.P. v. Rich*, 292 A.3d 112, 151 (Del. Ch. 2023) ....................................... 9

*Norfolk Southern Ry. Co. v. Basell USA Inc.*, 512 F.3d 86 (3d Cir. 2008) ...................................... 7

*Norfolk Southern Ry. Co.*, 512 F.3d at 92 ........................................................................................ 9

*Pa., Dept. of Pub. Welfare v. Sebelius*, 674 F.3d 139, 157 (3d Cir. 2012) ............................... 6, 10

*Richardson v. A&A Air Services, Inc.*, Case No. 06A-09-002, 2007 WL 2473284 *3 (Del. Sup. Ct. July 31, 2007) ...................................................................................................................... 8

*Sames v. Gable*, 732 F.2d 49, 51 (3d Cir. 1984) ............................................................................. 7

*Sunline Commercial Carriers, Inc. v. CITGO Petroleum Corp.*, 206 A.3d 836 (Del. 2019) ......... 8

*Trustwave Holdings, Inc. v. Beazley Ins. Co., Inc.*, Case no. N18C-06-162 PRW CCLD, 2024 Wl 1112925, *17 (Del. Sup. Ct. March 14, 2024) ................................................................... 10

*Wishkin v. Potter*, 476 F.3d 180 (3d Cir. 2007) .............................................................................. 7

**RULES**

Fed. R. Bankr. P. 7056 ..................................................................................................................... 1

Fed. R. Civ. P. 56(d) ............................................................................................................... 1, 5, 11

Defendant, Atlantic Specialty Insurance Company ("Atlantic"), by and through its undersigned counsel, pursuant to Rule 56(d) of the Federal Rules of Civil Procedure, made applicable by Bankruptcy Rule 7056, hereby submits this Opening Brief in Support of its Motion to Defer Consideration of Lighthouse Resources Inc.'s ("Lighthouse") Motion for Summary Judgment as to Liability ("Motion") (Adv. D.I. 135) to permit Atlantic to conduct discovery essential to its opposition to the Motion, and in support thereof states as follows:

## PRELIMINARY STATEMENT

Lighthouse seeks summary judgment on liability before any depositions have been taken, before any depositions have been noticed, and in the absence of a scheduling order establishing fact discovery deadlines. In its Motion, Lighthouse asks the Court to resolve, as a matter of law, disputed issues concerning agency, contractual authority, material breach, and contractual intent. Notably, none of the foregoing issues have been developed through complete written discovery and oral discovery.

Rule 56(d) exists to prevent precisely this scenario. Atlantic cannot present facts essential to justify its opposition without targeted discovery on material issues central to Lighthouse's Motion. As set forth in the Declaration of Brian C. Padove (the "Declaration") which is attached hereto as **Exhibit A**, Atlantic has identified specific discovery necessary to oppose summary judgment. Accordingly, the Court should defer consideration of Lighthouse's Motion and permit discovery to proceed.

## NATURE AND STAGE OF PROCEEDINGS

While this Court is more than familiar with the facts and circumstances surrounding this case, Atlantic lays out the case developments in an effort to state concisely exactly how the case

1

arrived at the current procedural posture[1]. On December 3, 2020, Lighthouse and other affiliated debtors filed a voluntary petition with this Court under chapter 11 of the Bankruptcy Code. [D.I. 1.] On March 10, 2021, the Court entered an order confirming Lighthouse's Plan of reorganization. [D.I. 435]. On October 8, 2024, the Court granted Lighthouse's motion to reopen the bankruptcy case and, shortly thereafter, Lighthouse initiated this adversary action and filed its complaint against Atlantic. [D.I. 662; Adv. D.I. 1].

Atlantic then filed its Counterclaim against Lighthouse [Adv. D.I. 18] and its Third-Party Complaint against Third-Party Defendant Black Butte Coal Company ("Black Butte") [Adv. D.I. 19]. On November 15, 2024, the parties filed their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1). [Adv. D.I. 20-21]. On November 22, 2024, both parties served their initial discovery on each other, prior to Lighthouse answering Atlantic's Counterclaim. [Adv. D.I. 22-23]. On December 4, 2024, Lighthouse filed its Motion to dismiss Atlantic's Counterclaims, briefing on which was completed on January 10, 2025. [Adv. D.I. 24-26]; [Adv. D.I. 36]. During this time, both parties engaged in completing initial discovery responses, including extensive document production.

Once briefing was complete on Lighthouse's Motion to Dismiss Atlantic's Counterclaims, and on January 21, 2025, Black Butte filed its Motion to Dismiss Atlantic's Third-Party Complaint. [Adv. D.I. 41-43]. Briefing on Black Butte's Motion was completed on February 14, 2025. [Adv. D.I. 63]. The parties engaged in further motion practice unrelated to the Lighthouse or Black Butte Motions to Dismiss and, around that time, the previously standing scheduling order in this matter was continued – no scheduling order setting forth discovery deadlines has been issued since this

---

[1] Capitalized terms shall have the meaning set forth in Atlantic's Motion for Leave to Amend Counterclaim [Adv. D.I. 123-124].

time. On July 22, 2025, this Court granted Lighthouse's Motion to Dismiss Counterclaims [Adv. D.I. 24] and Third-Party Defendant Black Butte's Motion to Dismiss Third Party Complaint [Adv. D.I. 41], dismissing Atlantic's Counterclaim [Adv. D.I. 18] and its Third Party Complaint [Adv. D.I. 19]. *See* [Adv. D.I. 97].[2] The Court made "no ruling on whether the dismissal is with or without prejudice". *Id*. at ¶ 2.

On October 6, 2025, Lighthouse, with leave of court, filed its Amended and Supplemented Complaint against Atlantic. [Adv. D.I. 115]. Atlantic soon after filed its Answer to Lighthouse's Amended Complaint and its Motion for Leave to Amend Counterclaim and sought to add additional facts and one additional count to its original counterclaim.  [Adv. D.I. 122-124]. On January 28, 2026, this Court entered its Letter Ruling and Order denying Atlantic's Motion for Leave.  [Adv. D.I. 132-133]. Under applicable rules, Atlantic had until February 11, 2026 to seek leave to appeal this court's denial of leave to amend. On February 4, 2026, Lighthouse filed its Motion for Summary Judgment as to Liability against Atlantic.  [Adv. D.I. 134-136]. Atlantic's deadline to respond to Lighthouse's Motion for Summary Judgment is February 18, 2026.

As was its right, on February 11, 2026, Atlantic filed its Notice of Interlocutory Appeal as well as its Motion for Leave to Appeal this Court's denial of Atlantic's request for leave to amend its counterclaim.  [Adv. D.I. 139-141]. Two days later, on February 13, 2026, Atlantic filed its Motion to Stay Pending Appeal, arguing that this proceeding needs to be stayed in light of Atlantic's appeal of this Court's denial of leave to amend.  [Adv. D.I. 143-144]. As it stands, under applicable court rules and despite Atlantic's filing of its Motion to Stay, the briefing schedule on

---

[2] Lighthouse and Black Butte's motions are referred to herein individually via the respective document number, or collectively as the "MTD."

Lighthouse's Motion for Summary Judgment remains unchanged and Atlantic's response is due on February 18, 2026.

## SUMMARY OF ARGUMENT

1. Atlantic's request satisfies Rule 56(d) because (a) it identifies specific discovery needed; (b) the requested discovery concerns material issues raised in Lighthouse's Motion; (c) those facts are essential to justify Atlantic's opposition; and (d) discovery on those issues remains open and ongoing.

2. Lighthouse's Motion depends substantially upon factual premises that are disputed and undeveloped, including: (a) whether a surety-appointed board member possessed authority to bind Atlantic; (b) whether the General Indemnity Agreement remained in force or was displaced by later agreements; (c) the scope of contractual discretion afforded to Atlantic; and (d) whether any alleged breach was "material." These issues are fact-intensive and cannot properly be resolved as a matter of law without discovery or, at the very least while fact discovery remains open.

## STATEMENT OF FACTS

At this stage of litigation and given the amount of briefs filed by the parties hereto, it is Atlantic's belief that the Court is more than familiar with the general facts, circumstances, and background of the case. Thus, Atlantic will not fully recite those facts in this brief, but instead, incorporates, as though fully set forth herein, its prior factual background sections set forth in Atlantic's Motion for Leave to Amend Counterclaim [Adv. D.I. 123-124]. Notwithstanding, the facts relevant to the Instant Motion are set forth in the Declaration and summarized as follows.

Lighthouse's Motion asserts, among other things, that: (a) approval of the Reclamation Trust Entity budget by the Board bound Atlantic as a matter of law; (b) Atlantic materially breached the Sinking Fund Agreement prior to terminating the Tolling Agreement; and (c)

Lighthouse is entitled to declaratory relief concerning Atlantic's termination and future funding obligations. [Adv. D.I. 135] at p. 3-4. Atlantic disputes these assertions.

In this case, as of the date of this filing, there are no valid or current scheduling orders setting forth any fact discovery deadlines. While the parties have conducted initial written discovery, many written discovery issues remain outstanding and, importantly, no depositions have been taken in light of the almost constant briefing related to Atlantic's pleadings and various briefs relating thereto. However, the point remains: there is no current case management schedule setting forth any discovery deadlines. To that end, specific issues to which more discovery, including oral discovery, is essential include the following:

- The scope of authority of Michael Ricci or any surety-appointed board member;

- The parties' understanding of the interaction between the General Indemnity Agreement and the Operative Agreements;

- The intended scope of contractual discretion;

- The factual circumstances surrounding termination; and

- The materiality and practical impact of any alleged breach by Atlantic.

*See generally*, **Ex. A**, Declaration. Atlantic requires discovery on these issues in order to fully present facts essential to further justify its opposition to the Motion. *Id*.

## **LEGAL STANDARD**

Rule 56 of the Federal Rules of Civil Procedure governs the procedures for summary judgment motions. In particular, Rule 56(d) provides that, when a nonmoving party submits a declaration showing that "it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d). The Supreme Court

has recognized the need for such a provision to protect a nonmoving party from being "'railroaded' by [] premature motion[s] for summary judgment." *Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986).

To this end, a party invoking Rule 56(d) typically must describe (a) what particular information is sought; (b) how, if uncovered, it would preclude summary judgment; and (c) why it has not previously been obtained. *Pa., Dept. of Pub. Welfare v. Sebelius*, 674 F.3d 139, 157 (3d Cir. 2012) (citing *Dowling v. City of Philadelphia*, 855 F.2d 136, 139-40 (3d Cir. 1988)). Where, as here, however, a moving party files a summary judgment motion before substantive discovery has taken place, courts have recognized that the requirements of Rule 56(d) should be applied leniently. *See e.g., Merck & Co. v. Mylan Pharms, Inc.*, 79 F.Supp.2d 552, 556 (E.D. Pa. 2000) (denying summary judgment motion on ground that "[d]ue to technical nature of this action, the record relating to the scientific data and technology involved in the respective products of Merck and Mylan must be further developed."); *see also Doe v. Abington Friends Sch.*, 480 F.3d 252, 257 (3d Cir. 2007)  ("If discovery is incomplete in any way material to a pending summary judgment motion, a district court is justified in not granting the motion. *See Miller v. Beneficial Mgmt. Corp.*, 977 F.2d 834, 845–46 (3d Cir.1992). And whatever its decision, it is 'improper' for a district court to rule on summary judgment without first ruling on a pending Rule 56(f)[3] motion.").

With this in mind, if a party opposing summary judgment files an affidavit or declaration that specifically addresses the above noted requirements, the Third Circuit has held that "a continuance of a motion for summary judgment for purposes of discovery should be granted almost as a matter of course" especially when particular information is in the sole possession of the

---

[3] 56(d) was codified as 56(f) before the 2010 revisions of the Federal Rules of Civil Procedure.

moving party. *Malouf v. Turner*, 814 F.Supp.2d 454, 459-60 (D.N.J. 2011) (quoting *Sames v. Gable*, 732 F.2d 49, 51 (3d Cir. 1984)).

Summary judgment is particularly inappropriate where the motion turns on issues of intent, authority, course of performance, or materiality – matters that are inherently fact-dependent. *See e.g.*, *Wishkin v. Potter*, 476 F.3d 180 (3d Cir. 2007) (holding that "issues such as intent and credibility are rarely suitable for summary judgment"); *Chambers Development Co., Inc. v. Passaic County Utilities Authority*, 62 F.3d 582 (3d Cir. 1995) (Court recognizing that questions about a party's authority and performance under contractual arrangements require factual development); *Norfolk Southern Ry. Co. v. Basell USA Inc.*, 512 F.3d 86 (3d Cir. 2008) (citations omitted) (noting that whether a breach of contract is material is generally an issue of fact).

## ARGUMENT

### A. DISCOVERY IS REQUIRED CONCERNING AUTHORITY AND AGENCY

Delaware courts recognize that although agency is a legal concept, "it depends on the presence of factual elements, and thus, it is usually a question reserved to the factfinder." *Lang v. Morant*, 867 A.2d 182 (Del. 2005). Likewise, Delaware courts have established that questions of apparent authority are questions of fact for the jury to determine. *Billops v. Magness Const. Co.*, 391 A.2d 196 (Del. 1978). In *Billops*, the Delaware Supreme Court held that "facts of record revealed a triable issue on the question of actual agency" and that "questions of apparent authority were for the jury." *Billops*, 391 A.2d at 199. The foregoing principle extends to determining whether particular acts fall within the scope of an agent's authority. As one Delaware Superior Court explained, as persuasive authority, "the problem of determining whether or not a particular tortious act was one performed within the scope of one's authority is, likewise, ordinarily a decision for the fact finder." *Richardson v. A&A Air Services, Inc.*, Case No. 06A-09-002, 2007

7

WL 2473284 *3 (Del. Sup. Ct. July 31, 2007). Likewise, the Third Circuit has found that "the answers to questions relating to the scope and extent of an agent's apparent authority are for the triers of fact." *Lind v. Schenley Industries, Inc.*, 278 F.2d 79, 84 (3d Cir. 1960).

With the above in mind, Lighthouse's Motion rests, in part, on the premise that Michael Ricci, a surety-appointed Board member, possessed authority to bind Atlantic through Board Votes. **Ex. A** at ¶ 5. Atlantic disputes that Mr. Ricci had authority to bind Atlantic, waive contractual rights, or act as Atlantic's agent. *See* Atlantic's Answer and Affirmative Defenses to First Amended and Supplemented Complaint [Adv. D.I. 122] at ¶¶ 36-46 and **Ex. A** at ¶ 6. To date, no deposition of Mr. Ricci has taken place and Atlantic requires discovery regarding (a) his scope of authority; (b) the existence (or absence of) any agency relationship; (c) communications concerning Board votes; (d) to whom fiduciary duties were owed; and (e) whether Lighthouse understood him to have (or lack) any binding authority. **Ex. A** at ¶¶ 7-8.

Here, the above noted facts are material in light of Lighthouse's theory of breach relying on, among other things, the premise that Board approval conclusively bound Atlantic. If Ricci, lacked authority to bind Atlantic or act as its agent, Lighthouse's theory that Board approval establishes breach fails.

**B. DISCOVERY IS REQUIRED CONCERNING THE INTERPLAY OF THE GIA AND OPERATIVE AGREEMENTS**

Under Delaware law, courts have repeatedly held that genuine issues of material fact regarding party intent preclude summary judgment when contract language is ambiguous. For example, in *Sunline Commercial Carriers, Inc. v. CITGO Petroleum Corp.*, the Delaware Supreme Court found that "genuine issues of material fact as to when the end date was, and thus whether oil company satisfied its shortfall liability under contract, precluded summary judgment. *Sunline Commercial Carriers, Inc. v. CITGO Petroleum Corp.*, 206 A.3d 836 (Del. 2019). Similarly, in

*GMG Capital Investments, LLC v. Athenian Venture Partners I, L.P.*, 36 A.3d 776 (Del. 2012), the court held that "genuine issues of material fact existed regarding parties' intentions regarding remedies provision in securities pledge agreement, precluding summary judgment." *GMG Capital Investments, LLC*, 36 A.3d at 781-782; *see also In re Adams Golf, Inc. Sec. Litig.*, 381 F.3d 267, 274-75 (3d Cir. 2004) (issues of fact not appropriately decided at dismissal stage of litigation).

In the Motion, Lighthouse contends, in relevant part, that the General Indemnity Agreement ("GIA") was extinguished or rendered unenforceable by later Operative Agreements. [Adv. D.I. 135] at p. 9, 18; *See also* **Ex. A** at ¶ 11. Atlantic disputes that contention. **Ex. A** at ¶ 12. No depositions have been taken of any individuals involved in negotiating or administering the Operative Agreements, and thus, Atlantic requires discovery concerning: (a) the parties' understanding of contractual discretion; (b) the intended interaction by and between the Operative Agreements; (c) course of performance; and (d) the circumstances under which termination rights remained available. **Ex. A** at ¶¶ 13-14.

The foregoing issues directly affect whether Atlantic retained discretion and whether termination was contractually permissible, and as such, directly bear on whether breach and termination issues asserted in the Motion can be resolved as a matter of law.

C. **DISCOVERY IS REQUIRED CONCERNING MATERIALITY**

The issue of whether any material breach of any provision of the Operative Agreement occurred is, likewise, a "fact-intensive," question. *See e.g., New Enter. Assocs. 14, L.P. v. Rich*, 292 A.3d 112, 151 (Del. Ch. 2023). As referenced above, the Third Circuit, applying Delaware law, has stated that "whether a breach of contract is material is generally an issue of fact." *Norfolk Southern Ry. Co.*, 512 F.3d at 92. Likewise, the Delaware Superior Court, as persuasive authority, has recently affirmed that "materiality is predominantly a question of fact" and that "whether a breach is material cannot be readily resolved under the summary judgment standard." *Trustwave*

9

*Holdings, Inc. v. Beazley Ins. Co., Inc.*, Case no. N18C-06-162 PRW CCLD, 2024 WL 1112925, *17 (Del. Sup. Ct. March 14, 2024). Thus, materiality questions are "best suited for [a factfinder's] determination" on a full trial record. *Id*.

Here, Lighthouse's Motion asserts that Atlantic materially breached the Sinking Fund Agreement. [Adv. D.I. 135] at p. 14-17; *see also* **Ex. A** at ¶ 16. Atlantic denies that it has breached the Sinking Fund Agreement, let alone *materially* breached said agreement, as any alleged non-compliance was, in Atlantic's view, excused by Lighthouse's breach of the Operative Agreements. *See e.g.*, Atlantic's Answer and Affirmative Defenses to First Amended and Supplemented Complaint [Adv. D.I. 122] at p. 57-58, Affirmative Defense Nos. 1-3. As mentioned above, materiality is a fact-intensive inquiry and any such inquiry is dependent upon: (a) the extent of the alleged non-performance; (b) the impact of that performance; (c) the parties' expectations; and (d) the allocation of contractual risk. **Ex. A** at ¶ 18. Limited discovery on these issues has been completed thus far and without complete discovery on these issues the Court cannot determine the materiality of any breaches as a matter of law.

## D.   SUMMARY JUDGMENT IS PREMATURE

Rule 56(d) exists to prevent a party from obtaining dispositive relief before the factual record has been developed. As summarized above in Sections A-C, Atlantic satisfies Rule 56(d) because it has identified: (1) the specific discovery required; (2) how that discovery would preclude summary judgment; and (3) why the discovery has not yet been obtained. *See Sebelius*, 674 F.3d at 157; *Dowling*, 855 F.2d at 139–40.

First, Atlantic requires targeted discovery on material issues central to Lighthouse's Motion, including: (a) the scope of authority and agency, if any, of Michael Ricci or other surety-appointed board members; (b) the parties' understanding of the interaction between the General Indemnity Agreement and the Operative Agreements; (c) the intended scope and exercise of

10

contractual discretion; (d) the factual circumstances surrounding termination of the Tolling Agreement; and (e) the materiality and practical impact of the alleged breach. **Ex. A** at ¶¶ 8, 14, 18.

Second, this discovery is not collateral as it goes directly to liability. If Mr. Ricci lacked authority to bind Atlantic, Lighthouse's premise that Board approval established breach fails. If the GIA remained operative and Atlantic retained contractual discretion, termination of the Tolling Agreement cannot be deemed improper as a matter of law. If any alleged nonperformance was not material, Lighthouse's forfeiture theory collapses. In short, these are not peripheral issues — they are the foundation of Lighthouse's Motion.

Third, Atlantic has not previously obtained the foregoing discovery because the procedural posture of this case has not permitted meaningful fact development. For approximately one year, the pleadings have been unsettled due to motion practice directed at Atlantic's counterclaims and third-party claims. The Court's recent January 2026 ruling denying Atlantic leave to amend materially affected the scope of claims, and Atlantic has timely sought interlocutory review. Moreover, no scheduling order currently governs fact discovery and no depositions have been taken or noticed (because the pleadings and scope of claims remained unsettled). Under these circumstances, Atlantic has acted reasonably in refraining from conducting duplicative or potentially unnecessary depositions while the scope of claims remained in flux. Finally, Atlantic has acted diligently in pursuing discovery at the times it has been able. *See* **Ex. A** at ¶ 22.

Notwithstanding the above, Lighthouse seeks a determination of liability while fact discovery remains incomplete and before any witness testimony has been taken. Summary judgment is particularly inappropriate where, as here, the Motion turns on issues of authority, contractual intent, course of performance, and materiality – matters that are inherently fact-

11

intensive and ordinarily reserved for a developed record. Accordingly, consideration of Lighthouse's Motion should be deferred pursuant to Rule 56(d), and Atlantic should be afforded the opportunity to complete discovery before the Court adjudicates liability.

**CONCLUSION**

For the foregoing reasons, Atlantic respectfully requests that the Court:

(1)     Defer consideration of Lighthouse's Motion for Summary Judgment as to Liability;

(2)     Permit Atlantic the opportunity to complete discovery on, among other things, the issues identified herein;

(3)     Establish an appropriate schedule for completion of such discovery and renewed briefing in conjunction with decisions on the currently pending motions before this Court; and

(4)     Grant Atlantic all other relief this Court deems just and appropriate.

(5)     Or, in the alternative and to the extent the Court does not grant Atlantic's Instant Motion, grant Atlantic an additional thirty (30) days to file its response in opposition to Lighthouse's Motion for Summary Judgment as to Liability.


Dated: February 18, 2026

| | |
|---|---|
| */s/ Ronald S. Gellert* | John E. Sebastian (admitted *pro hac vice*) |
| Ronald S. Gellert (DE 4259) | Brian C. Padove (admitted *pro hac vice*) |
| **GELLERT SEITZ BUSENKELL &** | **WATT, TIEDER, HOFFAR &** |
| **BROWN, LLC** | **FITZGERALD, L.L.P.** |
| 1201 North Orange Street, Suite 300 | 10 South Wacker Drive, Suite 1100 |
| Wilmington, DE 19801 | Chicago, Illinois 60606 |
| Telephone: (302) 425-5806 | Telephone: 312.219.6922 |
| Facsimile: (302) 425-5814 | Telephone: 312.219.6920 |

12
