# **<u>EXHIBIT A</u>**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| LIGHTHOUSE RESOURCES INC., | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | Case No. 20-13056 (CTG) |
| | ) | |
| | ) | |
| | ) | |
| LIGHTHOUSE RESOURCES INC., | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ATLANTIC SPECIALTY INSURANCE | ) | |
| COMPANY, | ) | |
| | ) | Adv. Proc. No. 24-50144 (CTG) |
| Defendant. | ) | |

<u>**DECLARATION OF BRIAN C. PADOVE PURSUANT TO RULE 56(d) OF THE**</u>
<u>**FEDERAL RULES OF CIVIL PROCEDURE IN SUPPORT OF ATLANTIC**</u>
<u>**SPECIALTY INSURANCE COMPANY'S RESPONSE IN OPPOSITION TO**</u>
<u>**LIGHTHOUSE RESOURCES, INC.'S MOTION FOR SUMMARY JUDGMENT**</u>
<u>**AS TO LIABILITY**</u>

I, BRIAN C. PADOVE, declare as follows:

1.      I am a partner with the law firm of Watt, Tieder, Hoffar & Fitzgerald, L.L.P. ("Watt Tieder"), one of the attorneys of record for Defendant Atlantic Specialty Insurance Company ("Atlantic") in the above captioned matter. I submit this declaration pursuant to Rule 56(d) of the Federal Rules of Civil Procedure, made applicable by Bankruptcy Rule 7056, in support of Atlantic's Motion Pursuant To Rule 56(D) To Defer Consideration Of Lighthouse's Motion For Summary Judgment As To Liability (the "Motion" or "Atlantic's Motion")(Lighthouse's Motion for Summary Judgment referred to herein as "Lighthouse's Motion"). I have personal knowledge

1

21034850.1

of the matters set forth herein, except where stated on information and belief, and if called as a witness I could and would testify competently thereto.

2.       As of 5:00 p.m. eastern of February 18, 2026, (a) discovery in this matter remains incomplete, (b) no depositions of fact witnesses have been taken, (c) no depositions have been noticed, and (d) there exists no current scheduling order in this matter establishing fact discovery deadlines.

3.       Lighthouse's Motion seeks summary judgment against Atlantic based on, among other things, (a) the assertion that approval of the Reclamation Trust Entity budget by the Board bound Atlantic as a matter of law; (b) the assertion that Atlantic materially breached the Sinking Fund Agreement prior to terminating the Tolling Agreement; and (c) the assertion that Lighthouse is entitled to declaratory relief regarding the Tolling Agreement and Atlantic's future funding obligations.[1]

4.       Atlantic cannot present facts essential to further justify its opposition to the Motion, including but not limited to, the key issues referenced in the paragraph above, without further discovery on these material issues further detailed below.

   **A.   Authority and Agency of Michael Ricci (or other Surety-appointed Board Members)**

5.       Lighthouse's Motion depends heavily on the premise that Michael Ricci, the surety-appointed member of the Reclamation Trust Entity Board, acted as Atlantic's representative and possessed authority to bind Atlantic through his Board votes.

6.       Atlantic disputes that Mr. Ricci possessed authority to bind Atlantic, waive Atlantic's contractual rights, or act as Atlantic's agent.

---

[1] Capitalized terms used herein, to the extent not defined herein, shall have the meaning set forth in Atlantic's Rule 56(D) Motion.

2

7.    To date, no deposition of Mr. Ricci has been taken.

8.    Atlantic requires discovery, including depositions of Mr. Ricci and other relevant Lighthouse fact witnesses, to determine: (a) the scope of Mr. Ricci's authority, if any, to act on behalf of Atlantic; (b) whether Lighthouse understood or believed Mr. Ricci had authority to bind Atlantic contractually; (c) the communications and instructions, if any, between Mr. Ricci and any Lighthouse representative or others, concerning Board votes; (d) whether Mr. Ricci acted independently of Atlantic in casting Board votes; (e) to whom Mr. Ricci's duty, as a Board member, was owed; and (f) whether any agency relationship existed between Mr. Ricci and Atlantic.

9.    The existing documentary record demonstrates that Mr. Ricci's authority is disputed, but without deposition testimony, Atlantic cannot present additional facts essential to resolve that dispute.

10.    These information and facts sought are material because Lighthouse's theory of breach relies on, among other things, the premise that Board approval conclusively bound Atlantic. The scope of Mr. Ricci's authority is relevant to Lighthouse's contention that Board approval bound Atlantic and thus, if Mr. Ricci lacked authority to bind Atlantic or act as Atlantic's agent, then board approval may not establish breach as a matter of law.

**B.    Interplay Among GIA and the Operative Agreements**

11.    Lighthouse argues that Atlantic's General Indemnity Agreement ("GIA") was effectively extinguished or rendered unenforceable by the later Operative Agreements.

12.    Atlantic disputes that the GIA was nullified and asserts the parties intended the GIA to remain in force, subject to the terms of the various Operative Agreements.

3

21034850.1

13.     No depositions have been taken of individuals involved in negotiating or enforcing the Operative Agreements.

14.     Atlantic requires discovery to determine: (a) how the parties understood and applied the discretion and termination provisions of the GIA and Operative Agreements in practice, including how those provisions were implemented following execution of the Operative Agreements; (b) the intended scope of the "reasonable good faith discretion" language found within the Operative Agreements; (c) how the parties understood the interaction between the GIA and the various Operative Agreements; and (d) whether the parties intended termination rights under the Tolling Agreement to remain available to the sureties under certain circumstances, and what those circumstances were.

15.     These information and facts  sought relate to Lighthouse's position regarding discretion and termination which are material. Evidence regarding contractual intent and the scope of discretion would directly bear on whether breach and termination issues can be resolved as a matter of law.

**C.   Materiality of Any Alleged Breach**

16.     Lighthouse contends that Atlantic materially breached the Sinking Fund Agreement.

17.     Whether a breach is "material" is generally a fact-intensive inquiry that depends on the extent of non-performance, the parties' expectations, and the contractual allocation of risk.

18.     No depositions have been taken regarding: (a) the practical impact of Atlantic's alleged non-payment; (b) Lighthouse's performance under the Operative Agreements; and (c) the parties' expectations concerning performance and funding structure.

21034850.1

19.     These facts are material because if the alleged breach was not material, Lighthouse's theory that Atlantic forfeited contractual rights – including termination of the Tolling Agreement – fails.

**D.  <u>Conclusion</u>**

20.     The discovery identified above is directly relevant and material to the liability issues raised in Lighthouse's Motion.

21.     Without this discovery, Atlantic cannot present further facts essential to justify its opposition.

22.     Atlantic has acted diligently in pursuing discovery. Initial written discovery has been served and responses exchanged. However, due to the unsettled pleadings and absence of a scheduling order, depositions have not yet been taken. Atlantic seeks to comprehensively complete discovery on the matters at issue in this lawsuit including the matters identified above.

23.     The facts and information identified and described above is necessary for Atlantic to present facts essential to justify its opposition pursuant to Rule 56(d) of the Federal Rules of Civil Procedure and which may, if developed through discovery, preclude summary judgment on liability.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing statements are true and correct.

Dated: <u>February 18, 2026</u>              Respectfully Submitted

By: *<u>/s/ Brian C. Padove</u>*
        Brian C. Padove,
        Counsel for Atlantic Specialty
        Insurance Company
        (admitted *pro hac vice*)

5

21034850.1