**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>LIGHTHOUSE RESOURCES INC.,[1]<br><br>　　　　Debtor. | Chapter 11<br><br>Case No. 20-13056 (CTG) |
| LIGHTHOUSE RESOURCES INC.,<br><br>　　　　Plaintiff,<br>　　v.<br><br>ATLANTIC SPECIALTY INSURANCE<br>COMPANY,<br><br>　　　　Defendant. | Adv. Proc. No. 24-50144 (CTG)<br><br>**Re: Adv. Docket No. 134, 148** |

**PLAINTIFF'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGEMENT**
**AND RESPONSE TO THE OPENING BRIEF IN SUPPORT OF**
**ATLANTIC SPECIALTY INSURANCE COMPANY'S MOTION PURSUANT**
**TO RULE 56(D) TO DEFER CONSIDERATION OF LIGHTHOUSE'S**
**<u>MOTION FOR SUMMARY JUDGEMENT AS TO LIABILITY</u>**

February 25, 2026
Wilmington, Delaware

L. Katherine Good (No 5101)
Jesse L. Noa (No. 5973)
James R. Risener III (No. 7334)
Hannah L. Paxton (No. 7096)
**POTTER ANDERSON & CORROON LLP**
1313 N. Market Street, 6th Floor
Wilmington, DE  19801
Telephone: (302) 984-6000
Email:  kgood@potteranderson.com
　　　　jnoa@potteranderson.com
　　　　jrisener@potteranderson.com
　　　　hpaxton@potteranderson.com

*Counsel for Lighthouse Resources Inc.*

---

[1] The Debtor in this chapter 11 case, along with the last four digits of the Debtor's federal tax identification number, is Lighthouse Resources Inc. (4713), The location of the Debtor's service address in this chapter 11 case is 10980 South Jordan Gateway, South Jordan, Utah 84095.

**TABLE OF CONTENTS**

**Page(s)**

PRELIMINARY STATEMENT ................................................................................................ 1

BACKGROUND .................................................................................................................... 2

ARGUMENT ......................................................................................................................... 4

    A.  Atlantic has failed to substantively oppose the motion for summary judgment. ................ 5

    B.  Rule 56(d) does not apply because Atlantic could have obtained the discovery it now claims is essential. ............................................................................................................ 6

    C.  Atlantic is precluded from claiming discovery is needed. ..................................................... 7

    D.  Additional discovery would not alter the outcome of Lighthouse's motion for summary judgment as to liability. ....................................................................................................... 8

        1.  The surety representative on the Lighthouse Board. .......................................................... 9

        2.  The interrelated agreements. ............................................................................................ 10

        3.  Atlantic's materiality argument admits liability and does not preclude summary judgment. ......................................................................................................................... 11

CONCLUSION ..................................................................................................................... 12

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Acceleron, LLC v. Hewlett-Packard Co.*,
755 F. Supp. 2d 551 (D. Del. 2010)..................................................................................4

*Alcoa, Inc. v. Alcan Rolled Products-Ravenswood LLC*,
2020 WL 1180713 (D. Del. Mar. 11, 2020) .....................................................................10

*ARC DBPPROP001, LLC v. Easton Buffet LLC*,
2019 WL 4645133 (E.D. Pa. Sept. 24, 2019), *aff'd*, 842 F. App'x 772 (3d Cir. 2021) 9-10, 12

*Bennett v. Se. Pennsylvania Transp. Auth.*,
2025 WL 1248815 (3d Cir. Apr. 30, 2025) ......................................................................4, 6

*Brown & Brown, Inc. v. Cola*,
2011 WL 1103867 (E.D. Pa. Mar. 23, 2011).....................................................................4-5

*Citisteel USA, Inc. v. General Elec. Co.*,
78 F. App'x 832 (3d Cir. 2003) ................................................................................... 10-11

*DiFrancesco v. Aramark Corp.*,
2006 WL 8459587 (E.D. Pa. Mar. 15, 2006)..................................................................... 5-6

*Franklin Mills Associates, L.P. v. Nationwide Life Ins. Co.*,
836 F. Supp. 2d 238 (E.D. Pa. 2011) ............................................................................10, 12

*Funches v. Bucks Cnty.*,
586 F. App'x 864 (3d Cir. 2014) ......................................................................................8

*Mall Chevrolet, Inc. v. General Motors LLC*,
2021 WL 426193 (D.N.J. Feb. 8, 2021) ......................................................................... 11-12

*Montrose Med. Grp. Participating Sav. Plan v. Bulger*,
243 F.3d 773 (3d Cir. 2001)..............................................................................................8

*Norman v. Elkin*,
849 F. Supp. 2d 418 (D. Del. 2012)..................................................................................8

*In re Semcrude, L.P.*,
2011 WL 2471002 (Bankr. D. Del. June 20, 2011)............................................................4

*Smith v. DePuy Orthopaedics, Inc.*,
552 F. App'x 192 (3d Cir. 2014) .......................................................................................7

*Square Ring, Inc. v. Doe-1*,
    2014 WL 1116960 (D. Del. Mar. 18, 2014) ...............................................................................6

**RULES**

Fed. R. Bankr. P. 7056................................................................................................................4

Fed. R. Civ. P. 56(d) ........................................................................................... *passim*

Lighthouse[1] hereby responds in opposition to the *Opening Brief in Support of Atlantic Specialty Insurance Company's Motion Pursuant to Rule 56(d) to Defer Consideration of Lighthouse's Motion for Summary Judgment as to Liability* [Adv. D.I. 148][2] (the "Rule 56(d) Submission") filed by Atlantic.

## PRELIMINARY STATEMENT

Atlantic has provided no substantive response to Lighthouse's Motion for Summary Judgment. Thus, if the Court denies Atlantic's request to defer, as it should for the reasons below, Atlantic has waived any opposition. Atlantic's failure to substantively respond is unsurprising because, before the District Court in support of its motion to appeal judgment, Atlantic has expressly argued that its dismissed counterclaims are bound up with its rejected affirmative defenses, and in its own words, Atlantic has no claims against Lighthouse with those counterclaims dismissed. Adv. D.I. 140 at 11. Atlantic is therefore estopped from claiming discovery is still necessary to proceed on liability.

The discovery that Atlantic's Rule 56(d) Submission claims is "necessary" and by extension, purports to bar Lighthouse's motion for summary judgment, changes nothing and in any event, could have been sought by Atlantic at any stage in the last two years of this action. On November 4, 2024, an expedited case schedule—with deadlines jointly agreed to by both Lighthouse and Atlantic—was entered for this action. Immediately thereafter, discovery began, with both Lighthouse *and* Atlantic serving discovery requests and producing documents. After the expiration of the document production deadline but prior to the deposition deadline, Atlantic put a halt to this litigation on January 27, 2025, with the filing of its motion to modify scheduling

---

[1] Capitalized terms used but not defined herein shall have the respective meanings ascribed to such terms in the Complaint or Rule 56(d) Submission.

[2] References to the docket in the main bankruptcy case (Case No. 20-13056) will be reflected as "[D.I. __]." References to the docket in the Adversary Proceeding will be reflected as "[Adv. D.I. __]."

order, which the Court granted.  Despite much hand wringing regarding the necessity of additional discovery, since the case schedule was vacated, Atlantic has *never* raised the issue of a new case schedule or even sought any additional discovery.  Rather, Atlantic has stalled this action through extensive motion practice relating to its long-dismissed counterclaims filed first in November of 2024.  The Rule 56(d) Submission, which itself is insufficient, therefore seeks relief based on a problem that Atlantic created, precluding the relief sought.

Moreover, Atlantic's Rule 56(d) Submission fails to identify why extra discovery is necessary to Atlantic's defense such that summary judgment is inappropriate.  First, the scope of the surety representative's authority as it relates to the Lighthouse Board is irrelevant as to liability because the 2024 and 2025 budgets were unanimously approved and under the plain terms of the Sinking Fund Agreement *shall* be paid as a result.  Second, the GIA and Operative Agreements are unambiguous agreements which require no discovery to properly interpret and Atlantic has repeatedly admitted in its own filings that the contracts are interrelated.  Third, Atlantic invents a materiality standard where none exists.  Given that funding the Sinking Fund is the core obligation of the Sinking Fund Agreement, materiality is apparent from the face of the agreement itself.  Even if this were entertained, by referencing materiality, Atlantic concedes that a breached occurred— and therefore Atlantic is liable.  Moreover, the 56(d) Submission fails to provide the level of specificity needed to support deferring summary judgment.  Accordingly, Atlantic cannot satisfy Rule 56(d) and summary judgment should be granted.

## BACKGROUND

On October 8, 2024, the Court granted Lighthouse's motion to reopen the bankruptcy case and the following day, Lighthouse filed its complaint against Atlantic.  *See* D.I. 662, Adv. D.I. 1, 4.  Atlantic then answered Lighthouse's initial complaint, asserted defenses, filed counterclaims

against Lighthouse, and filed a third-party complaint against non-party Black Butte Coal Company ("Black Butte").  *See* Adv. D.I. 18, 19, 20.

The parties then engaged in discovery in this action.  On November 6, 2024 (Adv. D.I. 17), Lighthouse served written discovery requests and on November 22, 2024 (Adv. D.I. 22), Atlantic did the same.  On November 15, 2024, the parties each served Rule 26(a)(1) initial disclosures (Adv. D.I. 20-21), and then subsequently met and conferred regarding discovery protocols. Lighthouse served a second set of written discovery requests on November 22, 2024.  Adv. D.I. 23.  Lighthouse's affirmative discovery requests probed into, among others, (i) the sureties' representative on the Lighthouse Board, (ii) Atlantic's involvement in the approval of the Plan, and (iii) Atlantic's initial counterclaims and initially asserted affirmative defenses.  *See* Atlantic's responses and objections to Lighthouse's discovery requests, Exhibit 1.[3]   Atlantic's requests sought discovery into the same topics.  *See* Lighthouse's responses and objections to Atlantic's discovery requests, Exhibit 2.  In the two months that followed, each side produced documents.[4] Just days *after* the expiration of the substantial completion deadline, Atlantic filed its motion to modify scheduling order (Adv. D.I. 48), which this Court granted on January 29, 2025 (Adv. D.I. 54).  The Court vacated the prior scheduling order and extended the case schedule by 60-days.  *See id.*  Thereafter, Atlantic never broached the topic of discovery nor served any additional discovery requests.

While Lighthouse amended and supplemented its complaint, the facts underlying Atlantic's liability did not materially depart from the original complaint, nor did Atlantic's defenses depart from its dismissed counterclaims.  Indeed, in Atlantic's motion for leave to submit

---

[3] Unless otherwise noted herein, citations to "Exhibit" or "Ex." shall refer to the exhibits attached to the Transmittal Declaration of Jesse L. Noa, filed contemporaneously with this brief.

[4] Indeed, Lighthouse substantially completed its document production on the deadline—January 22, 2025.

an interlocutory appeal, Atlantic has *admitted* that it currently has no live claims or defenses in this action as a result of the dismissal of the counterclaims and related denial of Atlantic's request for leave to amend. Adv. D.I. 140 at 11. Atlantic further represented that "[t]his dispute is premised entirely on the interpretation of the various Operative Agreements that govern the Reclamation Sinking Fund" and that "[n]o deposition, trial transcripts, or any other evidentiary material would need to be reviewed to resolve the single question presented." *Id.* at 12.

On February 4, 2026, Lighthouse moved for summary judgment on Atlantic's liability for every count asserted in Lighthouse's Complaint. Adv. D.I. 134. Atlantic's deadline to oppose was February 18, 2026. Rather than substantively oppose, Atlantic filed this Rule 56(d) Submission. Adv. D.I. 148. While Atlantic's filing is styled as an "Opening Brief", it was not accompanied by a cover motion or proposed order. *See id.*

## ARGUMENT

"A Rule 56(d) motion 'must identify with specificity what particular information is sought; how, if uncovered, it would preclude summary judgment; and why it has not previously been obtained.'" *Acceleron, LLC v. Hewlett-Packard Co.*, 755 F. Supp. 2d 551, 554 (D. Del. 2010) (quoting *Lunderstadt v. Colafella*, 885 F.2d 66, 71 (3d Cir. 1989)). Accordingly, "Rule 56(d) provides that '[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order.'" *Bennett v. Se. Pennsylvania Transp. Auth.*, 2025 WL 1248815, at *2 (3d Cir. Apr. 30, 2025) (quoting Fed. R. Civ. P. 56(d)).[5] "The Third Circuit has emphasized

---

[5] Federal Rule of Civil Procedure 56(d) is made applicable to these proceedings through Federal Rule of Bankruptcy Procedure 7056. *See In re Semcrude, L.P.*, 2011 WL 2471002, at *5 (Bankr. D. Del. June 20, 2011).

the importance of a party's ***full compliance*** with the affidavit requirement." *Brown & Brown, Inc. v. Cola*, 2011 WL 1103867, at \*15 (E.D. Pa. Mar. 23, 2011) (emphasis added).

As discussed in detail herein, fails to meet this standard. Indeed, Atlantic is the root cause of the events that it now claims bar consideration of Lighthouse's motion for summary judgment. Atlantic participated in discovery in this action, successfully had the parties' expedited case schedule vacated, and had ample opportunity to seek new discovery in the *year* since these events occurred. Atlantic did not do so and cannot now be rescued by invoking Rule 56(d). As set forth herein and in Lighthouse's motion for summary judgment, this dispute is ripe for adjudication. There is nothing premature about Lighthouse's motion—indeed, Atlantic itself admitted to the District Court that it has no claims or defense against Lighthouse and that no discovery was needed—and Atlantic's Rule 56(d) Submission should be denied.

**A. Atlantic has failed to substantively oppose the motion for summary judgment.**

As a threshold matter, Atlantic Rule 56(d) Submission is procedurally improper and fails to substantively address the merits of Lighthouse's motion for summary judgment. Atlantic's deadline to substantively respond to the motion for summary judgment was February 18, 2026. Atlantic did not seek an extension to respond. Rather, without a cover motion or proposed order, Atlantic filed an "Opening Brief" in support of its non-existent motion. Adv. D.I. 148. The "Opening Brief" does not substantively address the merits of Lighthouse's motion for summary judgment. Thus, should the Court determine that Rule 56(d) deferral is inapplicable, any opposition by Atlantic as to the substance of the motion for summary judgment has been waived. *See DiFrancesco v. Aramark Corp.*, 2006 WL 8459587, at \*2 (E.D. Pa. Mar. 15, 2006) ("By failing to file a response within the time specified by the local rule, the nonmoving party waives the right to respond to or controvert the facts asserted in the summary judgment motion. The court should

5

accept as true all material facts asserted and properly supported in the summary judgment motion.") (citation omitted).

### B. Rule 56(d) does not apply because Atlantic could have obtained the discovery it now claims is essential.

A party seeking to avoid summary judgment under Rule 56(d) that fails to adequately demonstrate why the discovery was not sought previously fails from the outset. "'[A] request for relief under Rule [56(d)] is extremely unlikely to succeed when the party seeking the delay has failed to take advantage of discovery.'" *Bennett*, 2025 WL 1248815, at *4 (quoting *Koplove v. Ford Motor Co.*, 795 F.2d 15, 18 (3d Cir. 1986)). Thus, a moving party's failure to provide "any explanation sufficient to excuse its failure to previously obtain the information it now seeks" is fatal to a Rule 56(d) motion. *Square Ring, Inc. v. Doe-1*, 2014 WL 1116960, at *3 (D. Del. Mar. 18, 2014). Such is the case with Atlantic's Rule 56(d) Submission.

Atlantic's sole argument addressing this requirement is conclusory and insufficient. Namely, Atlantic asserts that it "has acted diligently in pursuing discovery. Initial written discovery has been served and responses exchanged. However, due to the unsettled pleadings and absence of a scheduling order, depositions have not yet been taken." Adv. 148-1 ("Padove Declaration"), § 22. Atlantic does not expand upon why it failed to pursue discovery in light of "unsettled pleadings" in this action. Regardless of whether Atlantic's counterclaims and defenses were operative or not (they are not), Lighthouse's claims have stayed functionally the same this entire action. All that has changed is the scope and the amount of damages, which is not at issue in Lighthouse's motion for summary judgment, which seeks judgment in Lighthouse's favor on Atlantic's liability only. In sum, nothing was "unsettled" about Lighthouse's complaint, which Atlantic never moved to dismiss, and Atlantic could have, and did, test Lighthouse's claims in discovery. That Atlantic stopped engaging in discovery and did not raise any issues with the

6

discovery conducted to date until the motion for summary judgment was filed lacks credibility, and Atlantic's Rule 56(d) Submission does not explain the reason why.  This precludes deferring consideration of Lighthouse's motion for summary judgment.  *See Smith v. DePuy Orthopaedics, Inc.*, 552 F. App'x 192 (3d Cir. 2014) (affirming denial of Rule 56(d) motion for failing to explain why discovery sought would preclude summary judgment, even where declaration in support of motion explained what discovery was sought and why it had not previously been obtained).

Moreover, Atlantic's version of events specific to discovery in this action omits key facts, including Atlantic's role in halting one-year ago and the substance of the discovery that *both parties served* in November of 2024.  Indeed, the topics that Atlantic claims it needs discovery on now to rebut summary judgment are not new and have been at issue this entire litigation.  Simply put, for reasons only know to Atlantic, it did not try to obtain this discovery earlier and only upon Lighthouse's filing of its motion for summary judgment did Atlantic realize its tactical mistake. The Rule 56(d) Submission cannot rescue Atlantic from these failures.

### C. Atlantic is precluded from claiming discovery is needed.

Even if Atlantic could ignore that it took discovery then opted to not proceed with any additional discovery, its representations to the District Court prevent it from using discovery as a basis to avoid summary judgment.  In seeking leave to file an interlocutory appeal, Atlantic represented to the District Court that:

> This dispute is premised entirely on the interpretation of the various Operative Agreements that govern the Reclamation Sinking Fund, and the District Court would only need review those contracts and the briefs filed to date to resolve the appeal. No deposition, trial transcripts, or any other evidentiary material would need to be reviewed to resolve the single question presented.

Adv. D.I. 140 at 12.  Atlantic likewise admitted that "[a]s it stands, Atlantic **has no claims against Lighthouse, and Atlantic's affirmative defense are substantially tied to its proposed amended counterclaim.**  *Id.* at 11 (emphasis added).  In other words, the Court has twice ruled that Atlantic

has no contractual basis to withhold its Pro Rata Share from the Sinking Fund, rendering Lighthouse's conduct defenseless, and therefore, Atlantic is liable for breach of the Sinking Fund Agreement. Avoiding any doubt, Atlantic stages its motion for leave to appeal judgment as one that is determinative of "[w]hether or not Atlantic still has claims against Lighthouse," which it admits "has serious consequences in light of Lighthouse's recent filings of a motion for summary judgment . . . ." *Id.*

These are unequivocal admissions made to the District Court to try and push a meritless request for an interlocutory appeal, and Atlantic is judicially estopped from and/or has waived making the opposite arguments here to dodge summary judgment.[6] *See Funches v. Bucks Cnty.*, 586 F. App'x 864, 868 (3d Cir. 2014) (citing *Berckeley Inv. Grp., Ltd. v. Colkitt*, 455 F.3d 195, 211 (3d Cir. 2006)) ("Judicial admissions are concessions in pleadings or briefs that bind the party who makes them.").[7] Atlantic cannot now claim that discovery is needed to avoid summary judgment as to its liability, and therefore, its Rule 56(d) Submission may be disregarded.

### D. Additional discovery would not alter the outcome of Lighthouse's motion for summary judgment as to liability.

Turning to Atlantic's substantive arguments, contrary to Atlantic's assertions otherwise, this Court may grant Lighthouse's motion for summary judgment now with no further discovery. Atlantic cannot use the three topics identified in the Padove Declaration to dodge Lighthouse's motion for summary judgment.

---

[6] Lighthouse will be filing its opposition and reply on February 25, 2026.

[7] *See also Montrose Med. Grp. Participating Sav. Plan v. Bulger*, 243 F.3d 773, 779-80 (3d Cir. 2001) ("Three requirements must be met before a district court may properly apply judicial estoppel. First, the party to be estopped must have taken two positions that are irreconcilably inconsistent. Second, judicial estoppel is unwarranted unless the party changed his or her position 'in bad faith—i.e., with intent to play fast and loose with the court.' Finally, a district court may not employ judicial estoppel unless it is 'tailored to address the harm identified' and no lesser sanction would adequately remedy the damage done by the litigant's misconduct.") (cleaned up) (citations omitted); *Norman v. Elkin*, 849 F. Supp. 2d 418, 422 (D. Del. 2012) (same).

### 1.      The surety representative on the Lighthouse Board.

Atlantic asserts that summary judgment is improper at this stage because "Lighthouse's Motion rests, in part, on the premise that Michael Ricci, a surety-appointed Board member, possessed authority to bind Atlantic through Board Votes." Mot. at 8. But this misstates the basis for Lighthouse's motion. Lighthouse's motion for summary judgment as to liability based on a plain reading of unambiguous contracts. Indeed, the motion details this simple premise based on this Court's prior rulings regarding interpretation of the parties' contracts: upon approval of a yearly budget, each surety (including Atlantic) is required to fund its Pro Rata Share of that budget into the Sinking Fund. *See* Adv. D.I. 135 at 14-17. Specifically, Section 2.3(a) of the Sinking Fund Agreement provides that Atlantic, as a surety, "***shall*** release collateral held . . . into the Reclamation Sinking Fund in an amount that correlates to the amount of the budgeted expenses set forth in the Reclamation Trust Entity Budget…" Adv. D.I. 136, Ex. 22, § 2.3 (emphasis added). As this Court has already held, the unambiguous terms of the Sinking Fund Agreement require that Atlantic fund its Pro Rata Share once a budget is approved, and Atlantic's (now dismissed) defenses do not change this. *See id.* at Ex. 1, 8:2-10; 9:25-10:15; 11:1-7; 11:14-19; 13:7-13. Moreover, this Court reaffirmed that holding by denying Atlantic's motion for leave to amend on futility grounds. *See generally id.* at Ex. 2.

As set forth in Lighthouse's motion, the 2024 and 2025 budgets were unanimously approved, triggering Section 2.3(a) of the Sinking Fund Agreement. Nothing more is required, and Atlantic's Pro Rata Share became due upon this unanimous approval. Atlantic's breach of this straight-forward contractual obligation is ripe for adjudication on summary judgment without the need for additional discovery. *See, e.g.*, *ARC DBPPROP001, LLC v. Easton Buffet LLC*, 2019 WL 4645133 (E.D. Pa. Sept. 24, 2019), *aff'd*, 842 F. App'x 772 (3d Cir. 2021) (granting motion for summary judgment in plaintiff's favor on all claims where the court found that an enforceable

9

contract was breached by defendant's non-payment and non-fulfillment of obligations); *Franklin Mills Associates, L.P. v. Nationwide Life Ins. Co.*, 836 F. Supp. 2d 238, 250 (E.D. Pa. 2011) (granting motion for summary judgment as to liability where the court found that defendant was liable for paying certain amounts due to plaintiff under an enforceable agreement).

None of these key facts, or the Court's interpretation of the parties' unambiguous agreements, are disputed in Atlantic's Rule 56(d) Submission. Rather, manufacturing a factual issue where none exists, Atlantic spills much ink over the scope of Atlantic's agency relationship with the surety representative on the Lighthouse Board, and whether disputes over the same should preclude summary judgment. *See* Mot. at 7-8. Regardless, because the contract is unambiguous, this is ultimately a background fact, not a material fact that determines Atlantic's liability. At bottom, Atlantic's liability turns upon the plain terms of the Sinking Fund Agreement. Lighthouse argues as much in its motion, and only refers to Atlantic's communications with the surety representative as second basis to grant summary judgment. *See* Adv. D.I. 135 at 16 n.5. Indeed, to the extent the Court wishes to grapple with the issue of Atlantic's representative on the Board (although it need not do so), Lighthouse's motion for summary judgment attaches several documents produced in discovery that demonstrate the opposite of what Atlantic asserts. *See id.*

### 2. The interrelated agreements.

Atlantic's second category of discovery it claims to require is easily disposed of. At the summary judgment stage, the Court may review and interpret the GIA and the other Operative Agreements as a matter of law. *See, e.g.*, *Alcoa, Inc. v. Alcan Rolled Products-Ravenswood LLC*, 2020 WL 1180713, at *2 (D. Del. Mar. 11, 2020) ("It is a fundamental principle of contract law that disputes involving the interpretation of unambiguous contracts are resolvable as a matter of law, and are, therefore, appropriate cases for summary judgment") (quoting *O'Brien v. Progressive N. Ins. Co.*, 785 A.2d 281, 286 (Del. 2001)); *Citisteel USA, Inc. v. General Elec. Co.*, 78 F. App'x

10

832, 835 (3d Cir. 2003) ("Determining whether a contract provision is ambiguous is a question of law. Absent ambiguity, a court enforces a contract as written[.]").   Atlantic's Rule 56(d) Submission asserts that discovery is required into the parties' "intent" related to the drafting and execution of the GIA and the Operative Agreements.  Mot. at 8-9.  Contrary to Atlantic's assertion otherwise (*see* Mot. at 8), the Court has *not* found that any of these agreements are ambiguous. Quite the opposite, as set forth herein.  *See* Adv. D.I. 136 at Ex. 1, 9:25-10:15; *see also id.* at Ex. 2, at 10.  Because of this, the factual issues that Atlantic's Rule 56(d) Submission invents are immaterial.  Lighthouse's motion for summary judgment related to the GIA and the Operative Agreements is purely a question of law.[8]  Accordingly, no discovery is required.

### 3.    Atlantic's materiality argument admits liability and does not preclude summary judgment.

Atlantic's reliance on "materiality" in the Rule 56(d) Submission is puzzling, because materiality is irrelevant unless there is a breach.  Thus, by latching on to materiality Atlantic concedes that it is in breach.  It is apparent from the four corners of the Sinking Fund Agreement that funding the sinking fund is the primary purpose of that contract.  Indeed, absent the sureties' release of collateral into the Sinking Fund, the reclamation projects that are central to the Plan cannot be funded and cannot proceed.  Failing to provide this funding defeats the entire purpose of the Sinking Fund Agreement.   For Atlantic to feign confusion on the materiality of its breaches therefore lacks credibility.  *See Mall Chevrolet, Inc. v. General Motors LLC*, 2021 WL 426193, at *9 n.7 (D.N.J. Feb. 8, 2021) (granting summary judgment on claim and noting that "because the Agreement, on its face, prohibits the submission of false claims for payment, we conclude that the

---

[8] To the extent Atlantic claims that the agreements are not interrelated, it is again estopped by its own prior statements. *See, e.g.*, Opposition to Motion to Expedite, Adv. D.I. 7 ¶¶19-20 (stating that the GIA, Tolling Agreement, and Sinking Fund Agreement are several interrelated agreements); Third-Party Complaint, Adv. D.I. 19 ¶23 (alleging that the Sinking Fund Agreement is one of several "interrelated agreements").  This Court has also come to the same conclusion. *See* Adv. D.I. 136 at Ex. 1, at 5:24-6:3.

11

submission of numerous false claims for payment would, in fact, constitute a material breach.").

In any event, Atlantic's argument is of no moment.  Lighthouse's breach of contract claim, and the relief stemming from that claim, is simple.  Lighthouse has alleged, and the undisputed facts show, that Atlantic breached the Sinking Fund Agreement by failing to release its Pro Rata Share into the Sinking Fund for the 2024 and 2025 funding years.  Whether this breach was "material" or not is irrelevant for adjudication of Lighthouse's summary judgment motion.  There is no materiality standard applicable to Atlantic's failure to pay its Pro Rata Share into the Sinking Fund for 2024 and 2025.  Atlantic either released the funds—which are specific amounts, the totals of which are in the record—or did not.  As the record demonstrates, Atlantic did not, and summary judgment as to Atlantic's liability is appropriate.  *See, e.g.*, *ARC DBPPROP001, LLC*, 2019 WL 4645133, at *5 ("Thus, there is no genuine dispute of material fact regarding whether there is an enforceable contract between ARC, as Sublessor, and Easton, as sublessee, wherein the essential terms—Easton's duty to pay Rent—are provided."); *Franklin Mills Associates, L.P.*, 836 F. Supp. 2d at 250 (E.D. Pa. 2011) ("The Declaration unambiguously provides that the covenant to pay Annual Assessments runs with the land and is binding on subsequent property owners.  Accordingly, summary judgment in favor of Plaintiff on its breach of contract claim is appropriate with respect to Defendant's liability to pay Annual Assessments.").

## CONCLUSION

Lighthouse respectfully requests that the Court grant Lighthouse's Summary Judgment Motion and grant such other and further relief as the Court deems just and proper.

12

Dated: February 25, 2026
   Wilmington, Delaware

       Respectfully submitted,

       */s/ Jesse L. Noa*
       L. Katherine Good (No. 5101)
       Jesse L. Noa (No. 5973)
       James R. Risener III (No. 7334)
       Hannah L. Paxton (No. 7096)
       **POTTER ANDERSON & CORROON LLP**
       1313 N. Market Street, 6th Floor
       Wilmington, DE  19801
       Telephone: (302) 984-6000
       Facsimile:  (302) 658-1192
       Email:  kgood@potteranderson.com
          jnoa@potteranderson.com
          jrisener@potteranderson.com
          hpaxton@potteranderson.com

       *Counsel for Lighthouse Resources Inc.*