**EXHIBIT 1**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| LIGHTHOUSE RESOURCES INC., | Case No. 20-13056 (JTD) |
| Debtor. | |
| LIGHTHOUSE RESOURCES INC., | |
| Plaintiff, | Adv. Proc. No. 24-50144 (JTD) |
| v. | |
| ATLANTIC SPECIALTY INSURANCE COMPANY, | |
| Defendant. | |

**DEFENDANT'S ANSWERS AND OBJECTIONS TO PLAINTIFF'S**
**FIRST SET OF INTERROGATORIES**

Defendant, ATLANTIC SPECIALTY INSURANCE COMPANY ("ASIC"), by and through its undersigned counsel, hereby submits its Answers and Objections to Plaintiff's First Set of Interrogatories pursuant to Rule 33 of the Federal Rules of Civil Procedure, as made applicable and modified by Rules 7026 and 7033 of the Federal Rules of Bankruptcy Procedure, and all applicable Local Rules of the United States District Court for the District of Delaware and the United States Bankruptcy Court for the District of Delaware, states as follows:

**RESERVATION OF RIGHTS**

As stated herein, ASIC objects to Plaintiff's interrogatories to the extent they seek information or documents otherwise excepted from discovery by virtue of either or both the attorney-client privilege or the work product doctrine under federal and state law, seek information beyond the scope of discovery as established under Rules 26 and 33 of the Federal Rules of Civil

1

Procedure, are vague, require an unreasonable burden to respond, and/or seek information or documents in possession of or known to entities not under the control of ASIC. ASIC reserves its rights in the event it produces a document or provides an answer notwithstanding any of the specific objections contained herein. In the event of an inadvertent production or answer otherwise objectionable, privileged or immune documents or answers, such production or answer shall not constitute a waiver of the applicable objection, and such production or answer shall be without prejudice to any of ASIC's rights to object to the production or answer as inadvertent as well as seek immediate return of any such document production.

ASIC further expressly reserves the following rights and objections for each of the answers set forth below. All documents and answers are being provided without waiving in any manner the following: (1) the right to object to the use of any such document or answers, or any part thereof, for any purpose in this action, or any other action, on grounds of competency, privilege, relevance, materiality, or any other appropriate ground(s); (2) the right to object to any other discovery request involving or relating to the subject matter of any such answer or document; and (3) the right to revise, correct, amend, supplement or clarify any of the objections or answers provided herein at any time.

ASIC further provides a general objection to the following interrogatories on grounds that the total number of interrogatories served by Plaintiff, including all discrete subparts, exceeds 25, and that Plaintiff has not properly sought leave from this Court to serve additional interrogatories in excess of the maximum number allowed. *See* Fed. R. Civ. P. 33(a)(1).

**INTERROGATORY NO. 1.**       Identify all Persons with knowledge regarding the facts and circumstances alleged in the Complaint as well as a detailed summary of such knowledge and for each Person identified, state the Person's name, employer, and title.

**ANSWER**:   ASIC objects to this interrogatory on grounds that it is overbroad in seeking any and all individuals with any knowledge whatsoever about facts alleged in the Complaint which may or may not be related to any claims and/or defenses in this matter and is, accordingly, not properly limited in scope to the claims and/or defenses at issue in this matter. Subject to and without waiving said objections, *see* ASIC's Initial Disclosures under Fed. R. Civ. P. 26(a)(1)(A)(i) served in this matter on November 15, 2024. Discovery remains ongoing, and ASIC reserves the right to supplement this answer in accordance with all applicable Federal Rules and Orders of the Court.

**INTERROGATORY NO. 2.**      Identify all Persons who communicated with the surety Board representative on Atlantic's behalf and for each Person identified, state the Person's name, employer, and title.

**ANSWER**:   ASIC objects to this interrogatory to the extent it assumes there exists a "surety Board representative" which is a conclusory allegation to which ASIC disputes based on the express language of the Reclamation Trust Entity and Distribution Agreement. ASIC further objects to this interrogatory on grounds that it is overbroad in that it calls for any and all individuals who had any communication whatsoever with the surety Board representative on Atlantic's behalf which may or may not be related to any claims and/or defenses in this matter and is, accordingly, not properly limited in scope to the claims and/or defenses at issue in this matter. Subject to and without waiving said objections, the following individuals have been involved in communications with the Board member appointed by the Sureties on ASIC's behalf: Terrence J. Dahl, Brielle Tavaglione, and ASIC's outside counsel at Watt, Tieder, Hoffar & Fitzgerald, L.L.P. *See also* ASIC's Initial Disclosures under Fed. R. Civ. P. 26(a)(1)(A)(i).

3

**INTERROGATORY NO. 3.**          Identify all Person involved in the approval of the Reclamation Trust Entity Budget for the years 2022 through 2024.

**ANSWER**:    **ASIC objects to this interrogatory on grounds that it is vague as to the phrase "involved in" and a response to Interrogatory No. 3 is not possible without speculation as to the meaning of said term. ASIC reserves the right to supplement this response should a more definite definition of the term "involved" be proffered by Plaintiff. ASIC further objects to this interrogatory to the extent it seeks the disclosure of contents and communications between ASIC and its counsel, and thus, seeks material protected from disclosure by the attorney-client privilege. ASIC further objects to the extent this interrogatory assumes ASIC has knowledge of all persons "involved in" the approval of the Reclamation Trust Entity Budget for the years 2022 through 2024 which ASIC does not have knowledge of and thus, an answer to this interrogatory requires speculation. Subject to and without waiving said objections, ASIC states, upon information and belief, the persons "involved in" the approval of the Reclamation Trust Entity Budget for the years 2022 through 2024 include, but are not limited to, various individuals and employees of Plaintiff including Tay Tonozzi and Darin Adlard and current and former members of the Reclamation Trust Entity Board.**

**INTERROGATORY NO. 4.**          Identify and describe in detail the factual basis for Atlantic's refusal to fund its Pro Rata Share of the 2024 Budget for the East Decker reclamation.

**ANSWER**:    **ASIC objects to this interrogatory to the extent that it seeks disclosure of contents and communications between ASIC and its counsel, and thus seeks material protected from disclosure by the attorney-client privilege. ASIC further objects to this interrogatory to the extent it seeks disclosure of information protected by the work product doctrine in that it seeks ASIC's interpretation of the facts of this lawsuit and the application**

4

**of the same to legal theories presented in ASIC's affirmative defenses to Plaintiff's Complaint and ASIC's Counterclaim against Plaintiff. ASIC further objects to this interrogatory to the extent it assumes Atlantic had an obligation to fund its Pro Rata Share, as defined in the Reclamation Sinking Fund Agreement, of the 2024 Budget for the East Decker reclamation which is a legal conclusion and a conclusion which Atlantic disputes. Subject to and without waiving said objections, ASIC states it has not funded the Pro Rata Share, as defined in the Reclamation Sinking Fund Agreement, apportioned to ASIC for the 2024 Budget for the East Decker reclamation on account of, among other things, Lighthouse's breaches of the Trust Agreement and Sinking Fund Agreement including, but not limited to, Lighthouse's failing to supervise, fund and make adequate progress of its reclamation efforts of the East Decker mine and failing to properly fund and oversee the Reclamation Sinking Fund as referenced in, among other things, the Plan Variance documents provided to ASIC on or around June 24, 2024. For further detail, *see* ASIC's Answer and Affirmative Defenses to Plaintiff's Complaint and Counterclaim against Plaintiff (ECF No. 18).**

**INTERROGATORY NO. 5 .**    Identify all Persons involved in Atlantic's refusal to fund its Pro Rata Share of the 2024 Budget for the East Decker reclamation and for each Person identified, state the Person's name, employer, and title.

**ANSWER**:    **ASIC objects to this interrogatory to the extent that it seeks disclosure of contents and communications between ASIC and its counsel, and thus seeks material protected from disclosure by the attorney-client privilege. ASIC further objects to this interrogatory to the extent it seeks disclosure of information protected by the work product doctrine in that it seeks ASIC's interpretation of the facts of this lawsuit and the application**

of the same to legal theories presented in ASIC's affirmative defenses to Plaintiff's Complaint and ASIC's Counterclaim against Plaintiff. ASIC further objects to this interrogatory on grounds that it is vague as to the phrase "involved in" and a response to Interrogatory No. 5 is not possible without speculation as to the meaning of said term. ASIC reserves the right to supplement this response should a more definite definition of the term "involved" be proffered by Plaintiff. ASIC further objects to this interrogatory to the extent it assumes Atlantic had an obligation to fund its Pro Rata Share, as defined in the Reclamation Sinking Fund Agreement, of the 2024 Budget for the East Decker reclamation which is a legal conclusion and a conclusion which Atlantic disputes. Subject to and without waiving said objections, ASIC states the following individuals played a role in ASIC not funding its Pro Rata Share, as defined in the Reclamation Sinking Fund Agreement, of the 2024 Budget for the East Decker reclamation: Terrence J. Dahl, Brielle Tavaglione, ASIC's legal counsel, Michael Ricci, Tay Tonozzi, Darin Adlard, and various other individuals and employees to be determined that were involved in Lighthouse's breaches of the Trust Agreement and Sinking Fund Agreement. For further information, *see* ASIC's Initial Disclosures pursuant to Fed. R. Civ. P. 26(a)(1)(A)(i). Discovery remains ongoing and, accordingly, ASIC expressly reserves the right to seasonably supplement this answer.

**INTERROGATORY NO. 6**.        Identify and describe in detail the "defaults of other parties" referenced by Atlantic in the Response Letter, including but not limited to the parties purported to be in default and the basis for Atlantic's assertion that a default occurred.

**ANSWER**:    ASIC objects to this interrogatory to the extent that it seeks disclosure of contents and communications between ASIC and its counsel, and thus seeks material protected from disclosure by the attorney-client privilege. ASIC further objects to this

interrogatory to the extent it seeks disclosure of information protected by the work product doctrine in that it seeks ASIC's interpretation of the facts of this lawsuit and the application of the same to legal theories presented in ASIC's affirmative defenses to Plaintiff's Complaint and ASIC's Counterclaim against Plaintiff. Subject to and without waiving said objections, ASIC states that Plaintiff is in breach of the Trust Agreement and Sinking Fund Agreement including, but not limited to, Lighthouse's failing to supervise, fund and make adequate progress of its reclamation efforts of the East Decker mine and failing to properly fund and oversee the Reclamation Sinking Fund as referenced in, among other things, the Plan Variance documents provided to ASIC on or around June 24, 2024. For further detail, *see* ASIC's Answer and Affirmative Defenses to Plaintiff's Complaint and Counterclaim against Plaintiff (ECF No. 18). Further answering, ASIC states Black Butte has failed to make its funding contributions to the Reclamation Sinking fund. For further detail, *see* ASIC's Third-Party Complaint against Black Butte (ECF No. 19).

**INTERROGATORY NO. 7.**    Identify and describe in detail each of the "numerous actual and anticipatory defaults" referenced by Atlantic in the Response Letter.

**ANSWER**:    *See* ASIC's objections and answer to Interrogatory No. 6. Further answering, ASIC states that Lighthouse provided ASIC with a revised reclamation plan which required an additional approximate $32.5 million to effectuate the revised reclamation plan assuming Lighthouse meets all production targets moving forward and there has been no indication how Lighthouse would secure the additional funding needed to effectuate said plan.

**INTERROGATORY NO. 8.**    Describe Atlantic's involvement in drafting and approving the Plan.

**ANSWER**:    ASIC objects to this interrogatory on grounds that the term "involvement" is

7

**vague and ambiguous and a response to Interrogatory No. 8 is not possible without speculation as to the meaning of said term. ASIC reserves the right to supplement this response should a more definite definition of the term "involvement" be proffered by Plaintiff. ASIC further objects on grounds that this interrogatory seeks information protected by the attorney-client privilege and attorney work product doctrine as the requested information relates to actions performed in anticipation of and during litigation. Subject to and without waiving said objections, ASIC was provided an opportunity to provide its comments and propose revisions to Plaintiff's counsel who drafted and filed the Plan.**

**INTERROGATORY NO. 9.**       Describe Atlantic's involvement in selecting Danny Hall as the surety representative to the Board.

**ANSWER**:    **ASIC objects to this interrogatory on grounds that the term "involvement" is vague and ambiguous and a response to Interrogatory No. 9 is not possible without speculation as to the meaning of said term. ASIC reserves the right to supplement this response should a more definite definition of the term "involvement" be proffered by Plaintiff. ASIC further objects to the extent this request assumes there is a "surety representative" on the Board which is a conclusory allegation to which ASIC disputes based on the express language of the Reclamation Trust Entity and Distribution Agreement which states only that the Sureties appoint one member to the Board. Subject to and without waiving said objections, Danny Hall was proposed as the member which the Sureties would appoint to the Board, and ASIC did not object to such appointment.**

**INTERROGATORY NO. 10.**       Describe Atlantic's involvement in selecting Mike Ricci as the surety representative to the Board.

8

**ANSWER**:   ASIC objects to this interrogatory on grounds that the term "involvement" is vague and ambiguous and a response to Interrogatory No. 10 is not possible without speculation as to the meaning of said term. ASIC reserves the right to supplement this response should a more definite definition of the term "involvement" be proffered by Plaintiff. ASIC further objects to the extent this request assumes there is a "surety representative" on the Board which is a conclusory allegation to which ASIC disputes based on the express language of the Reclamation Trust Entity and Distribution Agreement which states only that the Sureties appoint one member to the Board. Subject to and without waiving said objections, Mike Ricci was proposed as the member which the Sureties would appoint to the Board, and ASIC did not object to such appointment.

**INTERROGATORY NO. 11.**      Describe Atlantic's involvement in the approval of the 2022 Reclamation Trust Entity Budget, including Atlantic's decision to release funds pursuant to that budget.

**ANSWER**:   ASIC objects to this interrogatory on grounds that the term "involvement" is vague and ambiguous and a response to Interrogatory No. 11 is not possible without speculation as to the meaning of said term. ASIC reserves the right to supplement this response should a more definite definition of the term "involvement" be proffered by Plaintiff. ASIC further objects to the extent this interrogatory assumes ASIC was "involved in" the approval of the 2022 Reclamation Trust Entity Budget which is a conclusory allegation to which Atlantic disputes. Subject to and without waiving said objections, ASIC was informed that that Board approved the 2022 Reclamation Trust Entity Budget. In reliance upon Lighthouse's promises and obligations under the operative agreements relevant to this litigation including, but not limited to, the Trust Agreement and Sinking

9

Fund Agreement, ASIC released funds pursuant to the budget. Further answering, generally, ASIC states that a Board member would email ASIC, ASIC would review whether or not the amount of funding requested was consistent with the Plan, and because the amount requested was less than the original plan, based upon such limited information, ASIC would release the requested funds.

**INTERROGATORY NO. 12.**      Describe Atlantic's involvement in the approval of the 2023 Reclamation Trust Entity Budget, including Atlantic's decision to release funds pursuant to that budget.

**ANSWER**:    **ASIC objects to this interrogatory on grounds that the term "involvement" is vague and ambiguous and a response to Interrogatory No. 12 is not possible without speculation as to the meaning of said term. ASIC reserves the right to supplement this response should a more definite definition of the term "involvement" be proffered by Plaintiff. ASIC further objects to the extent this interrogatory assumes ASIC was "involved in" the approval of the 2023 Reclamation Trust Entity Budget which is a conclusory allegation to which Atlantic disputes. Subject to and without waiving said objections, ASIC was informed that that Board approved the 2023 Reclamation Trust Entity Budget. In reliance upon Lighthouse's promises and obligations under the operative agreements relevant to this litigation including, but not limited to, the Trust Agreement and Sinking Fund Agreement, ASIC released funds pursuant to the budget. Further answering, generally, ASIC states that a Board member would email ASIC, ASIC would review whether or not the amount of funding requested was consistent with the Plan, and because the amount requested was less than the original plan, based upon such limited information, ASIC would release the requested funds.**

10

**INTERROGATORY NO. 13.**     Describe Atlantic's involvement in the approval of the 2024 Reclamation Trust Entity Budget, including Atlantic's decision to release funds pursuant to that budget.

**ANSWER**:     **ASIC objects to this interrogatory on grounds that the term "involvement" is vague and ambiguous and a response to Interrogatory No. 13 is not possible without speculation as to the meaning of said term. ASIC reserves the right to supplement this response should a more definite definition of the term "involvement" be proffered by Plaintiff. ASIC further objects to the extent this interrogatory assumes ASIC was "involved in" the approval of the 2024 Reclamation Trust Entity Budget which is a conclusory allegation to which Atlantic disputes. Subject to and without waiving said objections, ASIC did not, itself, approve the 2024 Reclamation Trust Entity Budget. Further answering, ASIC states that upon receipt of the request for the release of funds from the Board, ASIC became concerned as to the status of progress being made on the Plan, and given the lack of progress in the reclamation efforts when compared to the original Plan and amount of funds that had been released, ASIC further determined that more information on the reclamation efforts thus far was needed prior to releasing any additional funds. Further answering, *see* ASIC's answers to Interrogatory Nos. 4 and 5.**

**INTERROGATORY NO. 14.**     To the extent any of Atlantic's responses to Lighthouse's First Set of Requests for Admission are not unqualified admissions, explain for each response all reasons why Atlantic has not admitted that Request.

**ANSWER**:     **ASIC objects to this interrogatory as being unnecessarily cumulative. ASIC further objects to this interrogatory to the extent it seeks disclosure of information protected by the work product doctrine in that it seeks ASIC's interpretation of the facts of this lawsuit**

11

**and the application of the same to legal theories presented in ASIC's affirmative defenses to Plaintiff's Complaint and ASIC's Counterclaim against Plaintiff. Subject to and without waiving said objections,** *see* **ASIC's Responses to Plaintiff's First Set of Requests for Admission setting forth the basis for each response that is not an unqualified admission.**

**INTERROGATORY NO. 15.**      Identify all devices which may store, hold or contain ESI relevant to this action, including any computers, cell phones, email accounts, social media accounts, or messaging accounts.

**ANSWER**:    **ASIC objects to this interrogatory on grounds that it is overbroad in seeking the identity of each and every device that in some way may store, hold or contain ESI relevant to this action which is not properly limited in scope. Specifically, this interrogatory seeks the identification of each and every device that may have relevant information to this action which may not contain material information. Likewise, ASIC objects to this interrogatory on the basis that it is unduly burdensome and the burden of identifying each such device that may, in some way, contain some relevant ESI outweighs the likely benefits. ASIC further objects to this interrogatory to the extent it seeks to potentially infringe on privacy concerns of individuals. ASIC further objects to this interrogatory to the extent it calls for the disclosure of information and communications subject to attorney-client privilege and the attorney work product doctrine. Subject to and without waiving said objections, ASIC will provide an answer to the extent Plaintiff narrows the scope of this overly broad and unduly burdensome interrogatory.**

**INTERROGATORY NO. 16.**      Identify all Persons involved with responding to these Interrogatories and for each person identified, state the Person's name, employer, and title.

**ANSWER**:    **ASIC objects to this interrogatory on grounds that it seeks information**

**protected by attorney-client privilege and the attorney work product doctrine. Subject to and without waiving said objections, ASIC's legal counsel, Terrance J. Dahl and Brielle Tavaglione.**

**INTERROGATORY NO. 17.** Identify all documents relied upon in answering these Interrogatories.

**ANSWER**: **ASIC objects to this interrogatory on grounds that it seeks the disclosure of documents and information protected by attorney-client privilege and the attorney work product doctrine. ASIC further objects to this interrogatory on grounds that this request is overly broad and unduly burdensome in seeking each and every document relied upon which may or may not have information relevant to the claims and defenses at issue in this litigation. Subject to and without waiving said objections, *see* ASIC's anticipated document production in response to Plaintiff's First Set of Requests for Production of Documents.**

**INTERROGATORY NO. 18.** Identify all witnesses, including expert witnesses, that Atlantic intends to call at any deposition, trial, hearing, or other proceeding in this action.

**ANSWER**: **ASIC has not yet made a determination as to all witnesses it intends to call at any deposition, trial, hearing or other proceeding in this action. Discovery remains ongoing and ASIC reserves the right to supplement this answer in accordance with all applicable Federal Rules and Orders of the Court.**

Dated: December 6, 2024

**GELLERT SEITZ BUSENKELL & BROWN, LLC**

*/s/ Ronald S. Gellert*
Ronald S. Gellert (DE 4259)
1201 North Orange Street, Suite 300
Wilmington, DE 19801
Telephone: (302) 425-5806
Facsimile: (302) 425-5814
Email: rgellert@gsbblaw.com

**WATT, TIEDER, HOFFAR & FITZGERALD, L.L.P.**
John E. Sebastian, Esq.
(admitted *pro hac vice*)
10 South Wacker Drive, Suite 1100
Chicago, Illinois 60606
Telephone: 312.219.6922
Email: jsebastian@watttieder.com
*Counsel to Atlantic Specialty Insurance Company*

## <u>CERTIFICATION</u>

Pursuant to Section 28 U.S.C. § 1746, I, Terrence J. Dahl of Intact Insurance Specialty Solutions, declare under penalty of perjury that I have read the foregoing Answers to Plaintiff's First Set of Interrogatories, and certify that and as to such matters I believe said answers to be true and correct, except as to those matters stated to be upon information and belief.

DATED: January __16th__, 2025

Terrence J. Dahl
Vice President Claim, Surety & Trade Credit N.A.
Intact Insurance Specialty Solutions

15

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| LIGHTHOUSE RESOURCES INC.,[1] | Case No. 20-13056 (JTD) |
| Debtor. | |
| LIGHTHOUSE RESOURCES INC., | |
| Plaintiff, | Adv. Proc. No. 24-50144 (JTD) |
| v. | |
| ATLANTIC SPECIALTY INSURANCE COMPANY, | |
| Defendant. | |

**DEFENDANT'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S
FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

Defendant, ATLANTIC SPECIALTY INSURANCE COMPANY ("ASIC"), by and through its undersigned counsel, hereby submits its Responses and Objections to Plaintiff's First Set of Requests for Production of Documents, pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, as made applicable and modified by Rules 7026 and 7033 of the Federal Rules of Bankruptcy Procedure, and all applicable Local Rules of the United States District Court for the District of Delaware and the United States Bankruptcy Court for the District of Delaware, states as follows:

**RESERVATION OF RIGHTS**

As stated herein, ASIC objects to Plaintiff's requests to the extent they seek information and/or production of documents otherwise excepted from discovery by virtue of either or both the attorney-client privilege or the work product doctrine under federal and state law, seek information beyond the scope of discovery as established under Rules 26 and 34 of the Federal Rules of Civil

1

Procedure, are vague, require an unreasonable burden to respond, or seek information or documents in the possession of or known to entities not under the control of ASIC. ASIC reserves its rights in the event it produces a document notwithstanding any of the specific objections contained herein.  In the event of an inadvertent production of otherwise objectionable, privileged or immune documents, such production shall not constitute a waiver of the applicable objection, and such production shall be without prejudice to any of ASIC's rights to object to the production as inadvertent and seek immediate return of such document.

ASIC further expressly reserves the following rights and objections for each of the responses set forth below. All documents are being produced without admitting the authenticity of any response or document and without waiving in any manner the following: (1) the right to object to the use of any such response or document, or any part thereof, for any purpose in this action, or any other action, on the grounds of competency, privilege, relevance, materiality, or any other appropriate ground(s); (2) the right to object to any other discovery request involving or relating to the subject matter of any such response or document; and (3) the right to revise, correct, amend, supplement or clarify any of the objections or response or production provided herein at any time.

**REQUEST NO. 1.**  All Documents and Communications regarding or relating to the facts and circumstances of the Complaint.

**RESPONSE: ASIC objects to this request in that it seeks Documents and Communications protected by the attorney-client privilege and attorney work product doctrine, and is overbroad as it places no limitation on the Documents and Communications to which it seeks other than they, in some way, "refer or relate" to the facts and circumstances of the Complaint, and thus, the request includes documents irrelevant to any party's claim or defense in this matter. ASIC further objects to this request on grounds that it seeks**

**Documents and Communications protected by a Joint Defense Agreement amongst the Sureties (the "Joint Defense Agreement") and, thus, are likewise protected by the joint defense privilege and common interest rule. ASIC further objects to the request to the extent this request calls for the production of documents already produced in discovery, specifically, ASIC's document production as part of its initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1)(A)(ii), bates numbered ASIC_000001 – ASIC_007629 which were served on served on November 15, 2024, and thus, the request is unreasonably cumulative. Without waiving said objections, ASIC will produce all responsive, discoverable, relevant, and non-privileged Documents and Communications in its possession in accordance with the Federal Rules of Civil Procedure not previously produced in this litigation.**

**REQUEST NO. 2.**    All Documents and Communications relating to Your decision to not fund the Budget.

**RESPONSE: ASIC objects to this request on grounds that it assumes ASIC made a decision not to fund the Budget. ASIC further objects to this request on grounds that it seeks Documents and Communications protected by the attorney-client privilege and attorney work product doctrine. ASIC further objects to this request on grounds that it seeks Documents and Communications protected by the Joint Defense Agreement and, thus, are likewise protected by the joint defense privilege and common interest rule. ASIC further objects to this request on grounds that it is overbroad as it places no limitation on the Documents and Communications to which it seeks other than they, in some way are "relating" to ASIC's decision to not fund the Budget, and thus, the request includes documents irrelevant to any party's claim or defense in this matter. ASIC further objects to the request to the extent this request calls for the production of documents already produced**

3

in discovery, specifically, ASIC's document production as part of its initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1)(A)(ii), bates numbered ASIC_000001 – ASIC_007629 which were served on served on November 15, 2024, and thus, the request is unreasonably cumulative. Without waiving said objections, ASIC will produce all responsive, discoverable, non-privileged and relevant documents in accordance with the Federal Rules of Civil Procedure not previously produced in this litigation.

**REQUEST NO. 3.**   All Documents and Communications relating to Your withholding of any funds for reclamation of East Decker.

**RESPONSE:  ASIC objects to this request on grounds that it assumes ASIC is "withholding" funds for reclamation of East Decker which ASIC disputes. Specifically, ASID denies it is under any obligation to disburse funds for reclamation of East Decker on account of, among other things, Lighthouse's breaches of the Trust Agreement and Sinking Fund as set forth in further detail in ASIC's Answer and Affirmative Defenses to Plaintiff's Complaint and Counterclaim against Plaintiff (ECF No. 18). ASIC further objects to this request on grounds that it seeks Documents and Communications protected by the attorney-client privilege and attorney work product doctrine. ASIC further objects to this request on grounds that it seeks Documents and Communications protected by the Joint Defense Agreement and, thus, are likewise protected by the joint defense privilege and common interest rule. ASIC further objects to the request to the extent this request calls for the production of documents already produced in discovery, specifically, ASIC's document production as part of its initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1)(A)(ii), bates numbered ASIC_000001 – ASIC_007629 which were served on served on November 15, 2024, and thus, the request is unreasonably cumulative.  Without waiving said objections, ASIC states that it has not**

4

**released certain funds for reclamation of East Decker because it is under no obligation to do so, and ASIC will produce all responsive, discoverable, non-privileged and relevant documents in accordance with the Federal Rules of Civil Procedure not previously produced in this litigation as to ASIC not providing funds in relation to the 2024 Budget for the East Decker reclamation.**

**REQUEST NO. 4.** All Documents and Communications regarding reclamation at East Decker.

**RESPONSE: ASIC objects to this request on grounds that it seeks Documents and Communications protected by the attorney-client privilege and attorney work product doctrine. ASIC further objects to this request on grounds that it seeks Documents and Communications protected by the Joint Defense Agreement and, thus, are likewise protected by the joint defense privilege and common interest rule. ASIC further objects to this request on grounds that it seeks Documents and Communications equally available to Plaintiff and ASIC and that Plaintiff already has such Documents and Communications. ASIC further objects to the request to the extent this request calls for the production of documents already produced in discovery, specifically, ASIC's document production as part of its initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1)(A)(ii), bates numbered ASIC_000001 – ASIC_007629 which were served on served on November 15, 2024, and thus, the request is unreasonably cumulative. Without waiving said objections, ASIC will produce all responsive, discoverable, non-privileged and relevant documents in accordance with the Federal Rules of Civil Procedure not previously produced in this litigation.**

**REQUEST NO. 5**. All Documents and Communications in the Relevant Time Period between Atlantic and the surety Board representative.

**RESPONSE**: **ASIC objects to this request on grounds that it assumes there exists a "surety**

5

**Board representative" which is a conclusory allegation to which ASIC disputes based on the express language of the Reclamation Trust Entity and Distribution Agreement. ASIC further objects as to this request as to the phrase "Documents . . . between Atlantic and the surety Board representative" being vague. ASIC further objects to this request to the extent it seeks Documents and Communications subject to protection under the attorney-client privilege and attorney work product doctrine, and information protected by the Joint Defense Agreement including the joint defense privilege and common interest rule. ASIC further objects to the request to the extent this request calls for the production of documents already produced in discovery, specifically, ASIC's document production as part of its initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1)(A)(ii), bates numbered ASIC_000001 – ASIC_007629 which were served on served on November 15, 2024, and thus, the request is unreasonably cumulative. Without waiving said objections, ASIC will produce all responsive, discoverable, non-privileged and relevant documents in accordance with the Federal Rules of Civil Procedure not previously produced in this litigation.**

**REQUEST NO. 6.**    All Documents and Communications regarding or relating to the Sinking Fund Agreement.

**RESPONSE**: **ASIC objects to this request on grounds that it seeks Documents and Communications protected by the attorney-client privilege and attorney work product doctrine. ASIC further objects to this request on grounds that it seeks Documents and Communications protected by the Joint Defense Agreement and, thus, are likewise protected by the joint defense privilege and common interest rule. ASIC further objects to this request to the extent it seeks Documents and Communications equally available to Plaintiff and ASIC and that Plaintiff already has such Documents and Communications relating to the Sinking**

Fund Agreement. ASIC further objects to the request to the extent this request calls for the production of documents already produced in discovery, specifically, ASIC's document production as part of its initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1)(A)(ii), bates numbered ASIC_000001 – ASIC_007629 which were served on served on November 15, 2024, and thus, the request is unreasonably cumulative. Without waiving said objections, ASIC will produce all responsive, discoverable, non-privileged and relevant documents in accordance with the Federal Rules of Civil Procedure not previously produced in this litigation.

**REQUEST NO. 7.**   All Documents and Communications regarding or relating to the Tolling Agreement.

**RESPONSE: ASIC objects to this request on grounds that it seeks Documents and Communications protected by the attorney-client privilege and attorney work product doctrine. ASIC further objects to this request on grounds that it seeks Documents and Communications protected by the Joint Defense Agreement and, thus, are likewise protected by the joint defense privilege and common interest rule. ASIC further objects to this request to the extent it seeks Documents and Communications equally available to Plaintiff and ASIC and that Plaintiff already has such Documents and Communications relating to the Tolling Agreement. ASIC further objects to the request to the extent this request calls for the production of documents already produced in discovery, specifically, ASIC's document production as part of its initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1)(A)(ii), bates numbered ASIC_000001 – ASIC_007629 which were served on served on November 15, 2024, and thus, the request is unreasonably cumulative. Without waiving said objections, ASIC will produce all responsive, discoverable, non-privileged and relevant documents in**

accordance with the Federal Rules of Civil Procedure not previously produced in this litigation.

**REQUEST NO. 8.**    All Documents and Communications regarding or relating to the Termination Notice.

**RESPONSE: ASIC objects to this request on grounds that it seeks Documents and Communications protected by the attorney-client privilege and attorney work product doctrine. ASIC further objects to this request on grounds that it seeks Documents and Communications protected by the Joint Defense Agreement and, thus, are likewise protected by the joint defense privilege and common interest rule. ASIC further objects to this request to the extent it seeks Documents and Communications equally available to Plaintiff and ASIC and that Plaintiff already has such Documents and Communications relating to the Termination Notice. ASIC further objects to the request to the extent this request calls for the production of documents already produced in discovery, specifically, ASIC's document production as part of its initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1)(A)(ii), bates numbered ASIC_000001 – ASIC_007629 which were served on served on November 15, 2024, and thus, the request is unreasonably cumulative. Without waiving said objections, ASIC will produce all responsive, discoverable, non-privileged and relevant documents in accordance with the Federal Rules of Civil Procedure not previously produced in this litigation.**

**REQUEST NO. 9.**    All Documents and Communications regarding or relating to the Reclamation Trust Entity Budget for the funding year 2024, including but not limited to the surety Board representative's approval of such budget.

**RESPONSE**:  **ASIC objects to this request on grounds that it assumes there exists a "surety**

Board representative" which is a conclusory allegation to which ASIC disputes based on the express language of the Reclamation Trust Entity and Distribution Agreement. ASIC further objects to the conclusory nature of this request as to the 2024 Reclamation Trust Entity Budget having been approved through the request's use of the term "approval."  ASIC further objects to this request on grounds that it seeks Documents and Communications protected by the attorney-client privilege and attorney work product doctrine. ASIC further objects to this request on grounds that it seeks Documents and Communications protected by the Joint Defense Agreement and, thus, are likewise protected by the joint defense privilege and common interest rule. ASIC further objects to this request to the extent it seeks Documents and Communications equally available to Plaintiff and ASIC and that Plaintiff already has such Documents and Communications relating to the Reclamation Trust Entity Budget for the funding year 2024. ASIC further objects to the request to the extent this request calls for the production of documents already produced in discovery, specifically, ASIC's document production as part of its initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1)(A)(ii), bates numbered ASIC_000001 – ASIC_007629 which were served on served on November 15, 2024, and thus, the request is unreasonably cumulative. Without waiving said objections, ASIC will produce all responsive, discoverable, non-privileged and relevant documents in accordance with the Federal Rules of Civil Procedure not previously produced in this litigation.

**REQUEST NO. 10.** All Documents and Communications regarding or relating to the Reclamation Trust Entity Budget for the funding year 2023, including but not limited to the surety Board representative's approval of such budget.

**RESPONSE:  ASIC objects to this request on grounds that it assumes there exists a "surety**

9

**Board representative" which is a conclusory allegation to which ASIC disputes based on the express language of the Reclamation Trust Entity and Distribution Agreement. ASIC further objects to the conclusory nature of this request as to the 2023 Reclamation Trust Entity Budget having been approved through the request's use of the term "approval."   ASIC further objects to this request on grounds that it seeks Documents and Communications protected by the attorney-client privilege and attorney work product doctrine. ASIC further objects to this request on grounds that it seeks Documents and Communications protected by the Joint Defense Agreement and, thus, are likewise protected by the joint defense privilege and common interest rule. ASIC further objects to this request to the extent it seeks Documents and Communications equally available to Plaintiff and ASIC and that Plaintiff already has such Documents and Communications relating to the Reclamation Trust Entity Budget for the funding year 2023. ASIC further objects to the request to the extent this request calls for the production of documents already produced in discovery, specifically, ASIC's document production as part of its initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1)(A)(ii), bates numbered ASIC_000001 – ASIC_007629 which were served on served on November 15, 2024, and thus, the request is unreasonably cumulative. Without waiving said objections, ASIC will produce all responsive, discoverable, non-privileged and relevant documents in accordance with the Federal Rules of Civil Procedure not previously produced in this litigation.**

**REQUEST NO. 11**. All Documents and Communications regarding or relating to the Reclamation Trust Entity Budget for the funding year 2022, including but not limited to the surety Board representative's approval of the budget.

**RESPONSE:  ASIC objects to this request on grounds that it assumes there exists a "surety**

**Board representative" which is a conclusory allegation to which ASIC disputes based on the express language of the Reclamation Trust Entity and Distribution Agreement. ASIC further objects to the conclusory nature of this request as to the 2022 Reclamation Trust Entity Budget having been approved through the request's use of the term "approval."  ASIC further objects to this request on grounds that it seeks Documents and Communications protected by the attorney-client privilege and attorney work product doctrine. ASIC further objects to this request on grounds that it seeks Documents and Communications protected by the Joint Defense Agreement and, thus, are likewise protected by the joint defense privilege and common interest rule. ASIC further objects to this request to the extent it seeks Documents and Communications equally available to Plaintiff and ASIC and that Plaintiff already has such Documents and Communications relating to the Reclamation Trust Entity Budget for the funding year 2022. ASIC further objects to the request to the extent this request calls for the production of documents already produced in discovery, specifically, ASIC's document production as part of its initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1)(A)(ii), bates numbered ASIC_000001 – ASIC_007629 which were served on served on November 15, 2024, and thus, the request is unreasonably cumulative. Without waiving said objections, ASIC will produce all responsive, discoverable, non-privileged and relevant documents in accordance with the Federal Rules of Civil Procedure not previously produced in this litigation.**

**REQUEST NO. 12.** All Documents and Communications regarding or relating to the East Decker reclamation, including but not limited to (i) Atlantic's knowledge of the progress of the reclamation and (ii) Atlantic's opinion of the progress of the reclamation.

**RESPONSE:** *See* **ASIC's objections and response to Request No. 4. Further responding,**

11

**ASIC objects to this request on grounds that it is unreasonably cumulative in seeking the same documents requested in Request No. 4.**

**REQUEST NO. 13.** All Documents and Communications regarding or relating to the Default Notice.

**RESPONSE: ASIC objects to this request on grounds that it seeks Documents and Communications protected by the attorney-client privilege and attorney work product doctrine. ASIC further objects to this request on grounds that it seeks Documents and Communications protected by the Joint Defense Agreement and, thus, are likewise protected by the joint defense privilege and common interest rule. ASIC further objects to this request to the extent it seeks Documents and Communications equally available to Plaintiff and ASIC and that Plaintiff already has such Documents and Communications relating to the Default Notice. ASIC further objects to the request to the extent this request calls for the production of documents already produced in discovery, specifically, ASIC's document production as part of its initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1)(A)(ii), bates numbered ASIC_000001 – ASIC_007629 which were served on served on November 15, 2024, and thus, the request is unreasonably cumulative. Without waiving said objections, ASIC will produce all responsive, discoverable, non-privileged and relevant documents in accordance with the Federal Rules of Civil Procedure not previously produced in this litigation.**

**REQUEST NO. 14.** All Documents and Communications regarding or relating to the Response Letter.

**RESPONSE: ASIC objects to this request on grounds that it seeks Documents and Communications protected by the attorney-client privilege and attorney work product doctrine. ASIC further objects to this request on grounds that it seeks Documents and**

12

**Communications protected by the Joint Defense Agreement and, thus, are likewise protected by the joint defense privilege and common interest rule. ASIC further objects to this request to the extent it seeks Documents and Communications equally available to Plaintiff and ASIC and that Plaintiff already has such Documents and Communications relating to the Response Letter. ASIC further objects to the request to the extent this request calls for the production of documents already produced in discovery, specifically, ASIC's document production as part of its initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1)(A)(ii), bates numbered ASIC_000001 – ASIC_007629 which were served on served on November 15, 2024, and thus, the request is unreasonably cumulative. Without waiving said objections, ASIC will produce all responsive, discoverable, non-privileged and relevant documents in accordance with the Federal Rules of Civil Procedure not previously produced in this litigation.**

**REQUEST NO. 15**. All Documents and Communications regarding or relating to the December 5, 2023 Board meeting.

**RESPONSE: ASIC objects to this request on grounds that it seeks Documents and Communications protected by the attorney-client privilege and attorney work product doctrine. ASIC further objects to this request on grounds that it seeks Documents and Communications protected by the Joint Defense Agreement and, thus, are likewise protected by the joint defense privilege and common interest rule. ASIC further objects to this request to the extent it seeks Documents and Communications equally available to Plaintiff and ASIC and that Plaintiff already has such Documents and Communications relating to the December 5, 2023. ASIC further objects to the request to the extent this request calls for the production of documents already produced in discovery, specifically, ASIC's document production as part of its initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1)(A)(ii), bates**

13

**numbered ASIC_000001 – ASIC_007629 which were served on served on November 15, 2024, and thus, the request is unreasonably cumulative. Without waiving said objections, ASIC will produce all responsive, discoverable, non-privileged and relevant documents in accordance with the Federal Rules of Civil Procedure not previously produced in this litigation.**

**REQUEST NO. 16.** To the extent not otherwise produced and without regard for the Relevant Time Period, all Documents and Communications relied upon and/or identified in Your responses to the Interrogatories and Requests for Admission.

**RESPONSE**:  **ASIC objects to this request in that it seeks Documents and Communications protected by the attorney-client privilege and attorney work product doctrine. ASIC further objects to this request on grounds that it seeks Documents and Communications protected by a Joint Defense Agreement and, thus, are likewise protected by the joint defense privilege and common interest rule. ASIC further objects to the request to the extent this request calls for the production of documents already produced in discovery, specifically, ASIC's document production as part of its initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1)(A)(ii), bates numbered ASIC_000001 – ASIC_007629 which were served on served on November 15, 2024, and thus, the request is unreasonably cumulative. Without waiving said objections, ASIC will produce all responsive, discoverable, relevant, and non-privileged Documents and Communications in its possession in accordance with the Federal Rules of Civil Procedure not previously produced in this litigation.**

**REQUEST NO. 17**.   To the extent not otherwise produced and without regard for the Relevant Time Period, all Documents and Communications you intend to rely upon at any deposition, trial, hearing, or other proceeding in this action.

**RESPONSE**:  ASIC objects to this request in that it seeks Documents and Communications protected by the attorney-client privilege and attorney work product doctrine. ASIC further objects to this request on grounds that it seeks Documents and Communications protected by a Joint Defense Agreement and, thus, are likewise protected by the joint defense privilege and common interest rule. ASIC further objects to the request to the extent this request calls for the production of documents already produced in discovery, specifically, ASIC's document production as part of its initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1)(A)(ii), bates numbered ASIC_000001 – ASIC_007629 which were served on served on November 15, 2024, and thus, the request is unreasonably cumulative. Without waiving said objections, ASIC has not yet made a determination as to all Documents and Communications it intends to rely upon at any deposition, trial, hearing, or other proceeding in this action. Notwithstanding, will produce all responsive, discoverable, relevant, and non-privileged Documents and Communications in its possession in accordance with the Federal Rules of Civil Procedure not previously produced in this litigation and Orders of the Court.

**REQUEST NO. 18.** All Documents and Communications that any expert you retain in this matter intends to rely upon in making any opinion in this matter.

**RESPONSE**:  ASIC objects to this request on grounds that it seeks documents protected by the attorney-client privilege and attorney work product doctrine. ASIC further objects to this request on grounds that it seeks Documents and Communications protected by a Joint Defense Agreement and, thus, are likewise protected by the joint defense privilege and common interest rule. ASIC further objects to this request to the extent it seeks documents and information outside the scope of Fed. R. Civ. P. 26(b)(4). ASIF further states that this request is premature at this time. ASIC further objects to the request to the extent this

15

**request calls for the production of documents already produced in discovery, specifically, ASIC's document production as part of its initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1)(A)(ii), bates numbered ASIC_000001 – ASIC_007629 which were served on November 15, 2024, and thus, the request is unreasonably cumulative. Without waiving said objections, ASIC has not yet made a determination as to experts in this matter and Documents and Communications the expert intends to rely upon in making any opinion in this matter. Notwithstanding, will produce all responsive, discoverable, relevant, and non-privileged Documents and Communications in its possession in accordance with the Federal Rules of Civil Procedure not previously produced in this litigation and Orders of the Court.**

Dated: December 6, 2024                 **GELLERT SEITZ BUSENKELL & BROWN, LLC**

*/s/ Ronald S. Gellert*
Ronald S. Gellert (DE 4259)
1201 North Orange Street, Suite 300
Wilmington, DE 19801
Telephone: (302) 425-5806
Facsimile: (302) 425-5814
Email: rgellert@gsbblaw.com

**WATT, TIEDER, HOFFAR & FITZGERALD, L.L.P.**
John E. Sebastian, Esq.
(admitted *pro hac vice*)
10 South Wacker Drive, Suite 1100
Chicago, Illinois 60606
Telephone: 312.219.6922
Email: jsebastian@watttieder.com
*Counsel to Atlantic Specialty Insurance Company*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>LIGHTHOUSE RESOURCES INC.,<br><br>       Debtor. | Chapter 11<br><br>Case No. 20-13056 (JTD) |
| LIGHTHOUSE RESOURCES INC.,<br><br>       Plaintiff,<br>  v.<br><br>ATLANTIC SPECIALTY INSURANCE COMPANY,<br><br>       Defendant. | Adv. Proc. No. 24-50144 (JTD) |

## ANSWERS TO PLAINTIFF'S SECOND SET OF INTERROGATORIES

Defendant, ATLANTIC SPECIALTY INSURANCE COMPANY ("ASIC"), by and through its undersigned counsel, hereby submits its Answers to Plaintiff's Second Set of Interrogatories pursuant to Rule 33 of the Federal Rules of Civil Procedure, as made applicable and modified by Rules 7026 and 7033 of the Federal Rules of Bankruptcy Procedure, and all applicable Local Rules of the United States District Court for the District of Delaware and the United States Bankruptcy Court for the District of Delaware, and states as follows:

### RESERVATION OF RIGHTS

As stated herein, ASIC objects to Plaintiff's interrogatories to the extent they seek information or documents otherwise excepted from discovery by virtue of either or both the attorney-client privilege or the work product doctrine under federal and state law, seek information beyond the scope of discovery as established under Rules 26 and 33 of the Federal Rules of Civil Procedure, are vague, require an unreasonable burden to respond, or seek information or

documents in possession of or known to entities not under the control of ASIC. ASIC reserves its rights in the event it produces a document or provides an answer notwithstanding any of the specific objections contained herein. In the event of an inadvertent production or answer otherwise objectionable, privileged or immune documents or answers, such production or answer shall not constitute a waiver of the applicable objection, and such production or answer shall be without prejudice to any of ASIC's rights to object to the production or answer as inadvertent as well as seek immediate return of any such document production.

ASIC further expressly reserves the following rights and objections for each of the answers set forth below. All documents and answers are being provided without waiving in any manner the following: (1) the right to object to the use of any such document or answers, or any part thereof, for any purpose in this action, or any other action, on grounds of competency, privilege, relevance, materiality, or any other appropriate ground(s); (2) the right to object to any other discovery request involving or relating to the subject matter of any such answer or document; and (3) the right to revise, correct, amend, supplement or clarify any of the objections or answers provided herein at any time.

ASIC further provides a general objection to the following interrogatories on grounds that the total number of interrogatories served by Plaintiff, including all discrete subparts, exceeds 25, and that Plaintiff has not properly sought leave from this Court to serve additional interrogatories in excess of the maximum number allowed. *See* Fed. R. Civ. P. 33(a)(1) as made applicable by Bankruptcy Rule 7033.

**INTERROGATORY NO. 1.**        Identify all Persons with knowledge of the facts alleged in Atlantic's Answer, including its affirmative defenses stated therein, and for each Person identified, summarize the Person's knowledge and state the Person's name, employer, and title.

**ANSWER**:    **ASIC objects to this interrogatory on grounds that it is overbroad in seeking any and all individuals with any knowledge whatsoever about facts alleged in the Complaint which may or may not be related to any claims and/or defenses in this matter and is, accordingly, not properly limited in scope to the claims and/or defenses at issue in this matter. Subject to and without waiving said objections,** *see* **ASIC's Initial Disclosures under Fed. R. Civ. P. 26(a)(1)(A)(i) served in this matter on November 15, 2024. Discovery remains ongoing, and ASIC reserves the right to supplement this answer in accordance with all applicable Federal Rules and Orders of the Court.**

**INTERROGATORY NO. 2.**         Identify all Persons with knowledge of the facts alleged in Atlantic's Counterclaims, and for each Person identified, summarize the Person's knowledge and state the Person's name, employer, and title.

**ANSWER**:    **ASIC objects to this interrogatory on grounds that it is overbroad in seeking any and all individuals with any knowledge whatsoever about facts alleged in the Complaint which may or may not be related to any claims and/or defenses in this matter and is, accordingly, not properly limited in scope to the claims and/or defenses at issue in this matter. Subject to and without waiving said objections,** *see* **ASIC's Initial Disclosures under Fed. R. Civ. P. 26(a)(1)(A)(i) served in this matter on November 15, 2024. Discovery remains ongoing, and ASIC reserves the right to supplement this answer in accordance with all applicable Federal Rules and Orders of the Court.**

**INTERROGATORY NO. 3.**         State whether Atlantic is asserting any additional affirmative defenses beyond those identified in the Answer.

**ANSWER**:    **ASIC objects to this interrogatory on grounds that it seeks information protected by attorney-client privilege and the attorney work product doctrine. Subject to**

**and without waving the foregoing, ASIC has not yet made a determination as to whether it will be asserting any additional affirmative defenses beyond those identified in the Answer. Discovery remains ongoing and ASIC reserves the right to supplement this answer in accordance with all applicable Federal Rules and Orders of the Court.**

**INTERROGATORY NO. 4**.          Identify in detail the factual basis for each of Atlantic's affirmative defenses identified in the Answer.

**ANSWER**:   **ASIC objects to this interrogatory to the extent that it seeks disclosure of contents and communications between ASIC and its counsel, and thus seeks material protected from disclosure by the attorney-client privilege. ASIC further objects to this interrogatory to the extent it seeks disclosure of information protected by the work product doctrine in that it seeks ASIC's interpretation of the facts of this lawsuit and the application of the same to legal theories presented in ASIC's answer and affirmative defenses to Plaintiff's Complaint and ASIC's Counterclaim against Plaintiff. ASIC further objects to this interrogatory on grounds that, taking into account all discrete subparts of the foregoing interrogatories and Plaintiff's First Set of Interrogatories to ASIC, Plaintiff has exceeded the number of interrogatories allowed under Fed. R. Civ. P. 33(a)(1) (as made applicable by Bankruptcy Rule 7033) which limits Plaintiff to 25 written interrogatories, including all discrete subparts, and the Court has not granted Plaintiff leave to serve interrogatories in excess of 25. Specifically, on November 7, 2024, Plaintiff served its First Set of Interrogatories which included 18 separate interrogatories. From there, Interrogatory Numbers 1 through 3 of this Second Set of Interrogatories brings the total number of interrogatories served by Plaintiff on ASIC to 21. This Interrogatory Number 4 requests a factual basis for each of ASIC's affirmative defenses set forth in the Answer, and ASIC has set forth 8 separate**

affirmative defenses in its Answer, and thus, this Interrogatory Number 4 constitutes 8 different interrogatories wherein Plaintiff requests identification, in detail, of the factual basis for each of ASIC's 8 affirmative defenses. ASIC is not required to answer any interrogatory beyond Plaintiff's twenty-fifth interrogatory. *In re Anderson News, LLC*, 615 B.R. 45, 59 (Bankr. D. Del. 2020). Subject to and without waiving said objections, ASIC answers Interrogatory Number 4 with regards to its Affirmative Defenses Numbers 1 through 4. ASIC states that Lighthouse is in breach of the Trust Agreement, Sinking Fund Agreement, and Plan on account of, but not limited to, Lighthouse's failure to supervise, fund, and make adequate progress of its reclamation efforts of the East Decker mine and failing to properly fund and oversee the Reclamation Sinking Fund as referenced in, among other things, the Plan Variance documents provided to ASIC on or around June 24, 2024. Further answering, ASIC states that Lighthouse's own allegations in its complaint (namely, Lighthouse's Complaint at ¶ 51) demonstrate that its alleged damages are hypothetical and have not manifested, and thus, Lighthouse has suffered no legally cognizable damages. For further detail, *see* ASIC's Answer and Affirmative Defenses to Plaintiff's Complaint and Counterclaim against Plaintiff (ECF No. 18) which sets forth, as it relates to the affirmative defenses, 48 paragraphs of "facts common to all affirmative defenses" and then a specific factual basis alleged for Affirmative Defenses one through four. Discovery remains ongoing and ASIC reserves the right to supplement this answer in accordance with all applicable Federal Rules and Orders of the Court.

**INTERROGATORY NO. 5.**        Identify in detail the factual basis for Atlantic's assertion in paragraph 28 of the Answer that "the Board has not met any of the reclamation progress detailed in the Plan and relied upon by Atlantic[.]"

**ANSWER**:    ASIC objects to this interrogatory on grounds that, taking into account all discrete subparts of the foregoing interrogatories and Plaintiff's First Set of Interrogatories to ASIC, Plaintiff has exceeded the number of interrogatories allowed under Fed. R. Civ. P. 33(a)(1) (as made applicable by Bankruptcy Rule 7033) which limits Plaintiff to 25 written interrogatories, including all discrete subparts, and the Court has not granted Plaintiff leave to serve interrogatories on ASIC in excess of 25. Specifically, on November 7, 2024, Plaintiff served its First Set of Interrogatories which included 18 separate interrogatories. From there, Interrogatory Numbers 1 through 4, including all subparts thereof, of this Second Set of Interrogatories brings the total number of interrogatories served by Plaintiff on ASIC to 25. Accordingly, ASIC is not required to answer this interrogatory on the basis that Plaintiff has exceeded the maximum number of interrogatories allowed under Fed. R. Civ. P. 33(a)(1) (as made applicable by Bankruptcy Rule 7033). *In re Anderson News, LLC*, 615 B.R. 45, 59 (Bankr. D. Del. 2020)(Court finding that answering party is not required to answer any interrogatories in excess of 25).

**INTERROGATORY NO. 6.**        Identify the specific agreement and provision of any document You claim provides for the reclamation progress under the Plan.

**ANSWER**:    ASIC objects to this interrogatory on grounds that, taking into account all discrete subparts of the foregoing interrogatories and Plaintiff's First Set of Interrogatories to ASIC, Plaintiff has exceeded the number of interrogatories allowed under Fed. R. Civ. P. 33(a)(1) (as made applicable by Bankruptcy Rule 7033) which limits Plaintiff to 25 written interrogatories, including all discrete subparts, and the Court has not granted Plaintiff leave to serve interrogatories on ASIC in excess of 25. Specifically, on November 7, 2024, Plaintiff served its First Set of Interrogatories which included 18 separate interrogatories. From

there, Interrogatory Numbers 1 through 4, including all subparts thereof, of this Second Set of Interrogatories brings the total number of interrogatories served by Plaintiff on ASIC to 25. Accordingly, ASIC is not required to answer this interrogatory on the basis that Plaintiff has exceeded the maximum number of interrogatories allowed under Fed. R. Civ. P. 33(a)(1) (as made applicable by Bankruptcy Rule 7033). *In re Anderson News, LLC*, 615 B.R. 45, 59 (Bankr. D. Del. 2020).

**INTERROGATORY NO. 7.**   State whether it is Your position that reclamation progress was guaranteed, and if so, who made such guarantee and/or identify the specific agreement and provision providing such alleged guarantee.

**ANSWER**:   **ASIC objects to this interrogatory on grounds that, taking into account all discrete subparts of the foregoing interrogatories and Plaintiff's First Set of Interrogatories to ASIC, Plaintiff has exceeded the number of interrogatories allowed under Fed. R. Civ. P. 33(a)(1) (as made applicable by Bankruptcy Rule 7033) which limits Plaintiff to 25 written interrogatories, including all discrete subparts, and the Court has not granted Plaintiff leave to serve interrogatories on ASIC in excess of 25. Specifically, on November 7, 2024, Plaintiff served its First Set of Interrogatories which included 18 separate interrogatories. From there, Interrogatory Numbers 1 through 4, including all subparts thereof, of this Second Set of Interrogatories brings the total number of interrogatories served by Plaintiff on ASIC to 25. Accordingly, ASIC is not required to answer this interrogatory on the basis that Plaintiff has exceeded the maximum number of interrogatories allowed under Fed. R. Civ. P. 33(a)(1) (as made applicable by Bankruptcy Rule 7033). *In re Anderson News, LLC*, 615 B.R. 45, 59 (Bankr. D. Del. 2020).**

**INTERROGATORY NO. 8.**   Identify in detail the factual basis for Atlantic's denial of

paragraph 33 of the Answer.

**ANSWER**:    **ASIC objects to this interrogatory on grounds that, taking into account all discrete subparts of the foregoing interrogatories and Plaintiff's First Set of Interrogatories to ASIC, Plaintiff has exceeded the number of interrogatories allowed under Fed. R. Civ. P. 33(a)(1) (as made applicable by Bankruptcy Rule 7033) which limits Plaintiff to 25 written interrogatories, including all discrete subparts, and the Court has not granted Plaintiff leave to serve interrogatories on ASIC in excess of 25. Specifically, on November 7, 2024, Plaintiff served its First Set of Interrogatories which included 18 separate interrogatories. From there, Interrogatory Numbers 1 through 4, including all subparts thereof, of this Second Set of Interrogatories brings the total number of interrogatories served by Plaintiff on ASIC to 25. Accordingly, ASIC is not required to answer this interrogatory on the basis that Plaintiff has exceeded the maximum number of interrogatories allowed under Fed. R. Civ. P. 33(a)(1) (as made applicable by Bankruptcy Rule 7033).** *In re Anderson News, LLC*, **615 B.R. 45, 59 (Bankr. D. Del. 2020).**

**INTERROGATORY NO. 9.**        Identify in detail the factual basis for Atlantic's assertion in paragraph 34 of the Answer that "Atlantic admits only that the sureties appointed one member of the Board."

**ANSWER**:    **ASIC objects to this interrogatory on grounds that, taking into account all discrete subparts of the foregoing interrogatories and Plaintiff's First Set of Interrogatories to ASIC, Plaintiff has exceeded the number of interrogatories allowed under Fed. R. Civ. P. 33(a)(1) (as made applicable by Bankruptcy Rule 7033) which limits Plaintiff to 25 written interrogatories, including all discrete subparts, and the Court has not granted Plaintiff leave to serve interrogatories on ASIC in excess of 25. Specifically, on November 7, 2024, Plaintiff**

served its First Set of Interrogatories which included 18 separate interrogatories. From there, Interrogatory Numbers 1 through 4, including all subparts thereof, of this Second Set of Interrogatories brings the total number of interrogatories served by Plaintiff on ASIC to 25. Accordingly, ASIC is not required to answer this interrogatory on the basis that Plaintiff has exceeded the maximum number of interrogatories allowed under Fed. R. Civ. P. 33(a)(1) (as made applicable by Bankruptcy Rule 7033). *In re Anderson News, LLC*, 615 B.R. 45, 59 (Bankr. D. Del. 2020).

**INTERROGATORY NO. 10.**       Identify in detail the factual basis for Atlantic's denial and assertion in paragraph 34 of the Answer that "the 'Budget' as defined by Lighthouse and attached as Exhibit B to the Complaint 'must be voted on and approved by the Board.'

**ANSWER**:    **ASIC objects to this interrogatory on grounds that, taking into account all discrete subparts of the foregoing interrogatories and Plaintiff's First Set of Interrogatories to ASIC, Plaintiff has exceeded the number of interrogatories allowed under Fed. R. Civ. P. 33(a)(1) (as made applicable by Bankruptcy Rule 7033) which limits Plaintiff to 25 written interrogatories, including all discrete subparts, and the Court has not granted Plaintiff leave to serve interrogatories on ASIC in excess of 25. Specifically, on November 7, 2024, Plaintiff served its First Set of Interrogatories which included 18 separate interrogatories. From there, Interrogatory Numbers 1 through 4, including all subparts thereof, of this Second Set of Interrogatories brings the total number of interrogatories served by Plaintiff on ASIC to 25. Accordingly, ASIC is not required to answer this interrogatory on the basis that Plaintiff has exceeded the maximum number of interrogatories allowed under Fed. R. Civ. P. 33(a)(1) (as made applicable by Bankruptcy Rule 7033). *In re Anderson News, LLC*, 615 B.R. 45, 59 (Bankr. D. Del. 2020).**

**INTERROGATORY NO. 11.**        Identify in detail the factual basis for Atlantic's denial of paragraph 35 of the Answer.

**ANSWER**:     **ASIC objects to this interrogatory on grounds that, taking into account all discrete subparts of the foregoing interrogatories and Plaintiff's First Set of Interrogatories to ASIC, Plaintiff has exceeded the number of interrogatories allowed under Fed. R. Civ. P. 33(a)(1) (as made applicable by Bankruptcy Rule 7033) which limits Plaintiff to 25 written interrogatories, including all discrete subparts, and the Court has not granted Plaintiff leave to serve interrogatories on ASIC in excess of 25. Specifically, on November 7, 2024, Plaintiff served its First Set of Interrogatories which included 18 separate interrogatories. From there, Interrogatory Numbers 1 through 4, including all subparts thereof, of this Second Set of Interrogatories brings the total number of interrogatories served by Plaintiff on ASIC to 25. Accordingly, ASIC is not required to answer this interrogatory on the basis that Plaintiff has exceeded the maximum number of interrogatories allowed under Fed. R. Civ. P. 33(a)(1) (as made applicable by Bankruptcy Rule 7033).** *In re Anderson News, LLC*, **615 B.R. 45, 59 (Bankr. D. Del. 2020).**

**INTERROGATORY NO. 12.**            Identify in detail the factual basis for Atlantic's denial of paragraph 39 of the Answer.

**ANSWER**:     **ASIC objects to this interrogatory on grounds that, taking into account all discrete subparts of the foregoing interrogatories and Plaintiff's First Set of Interrogatories to ASIC, Plaintiff has exceeded the number of interrogatories allowed under Fed. R. Civ. P. 33(a)(1) (as made applicable by Bankruptcy Rule 7033) which limits Plaintiff to 25 written interrogatories, including all discrete subparts, and the Court has not granted Plaintiff leave to serve interrogatories on ASIC in excess of 25. Specifically, on November 7, 2024, Plaintiff**

served its First Set of Interrogatories which included 18 separate interrogatories. From there, Interrogatory Numbers 1 through 4, including all subparts thereof, of this Second Set of Interrogatories brings the total number of interrogatories served by Plaintiff on ASIC to 25. Accordingly, ASIC is not required to answer this interrogatory on the basis that Plaintiff has exceeded the maximum number of interrogatories allowed under Fed. R. Civ. P. 33(a)(1) (as made applicable by Bankruptcy Rule 7033). *In re Anderson News, LLC*, 615 B.R. 45, 59 (Bankr. D. Del. 2020).

**INTERROGATORY NO. 13.**        Identify the specific date on which Atlantic issued the reclamation bonds nos. 800034462 and 800010582.

**ANSWER**:    **ASIC objects to this interrogatory on grounds that, taking into account all discrete subparts of the foregoing interrogatories and Plaintiff's First Set of Interrogatories to ASIC, Plaintiff has exceeded the number of interrogatories allowed under Fed. R. Civ. P. 33(a)(1) (as made applicable by Bankruptcy Rule 7033) which limits Plaintiff to 25 written interrogatories, including all discrete subparts, and the Court has not granted Plaintiff leave to serve interrogatories on ASIC in excess of 25. Specifically, on November 7, 2024, Plaintiff served its First Set of Interrogatories which included 18 separate interrogatories. From there, Interrogatory Numbers 1 through 4, including all subparts thereof, of this Second Set of Interrogatories brings the total number of interrogatories served by Plaintiff on ASIC to 25. Accordingly, ASIC is not required to answer this interrogatory on the basis that Plaintiff has exceeded the maximum number of interrogatories allowed under Fed. R. Civ. P. 33(a)(1) (as made applicable by Bankruptcy Rule 7033). *In re Anderson News, LLC*, 615 B.R. 45, 59 (Bankr. D. Del. 2020).**

**INTERROGATORY NO. 14.**        Identify in detail the factual basis for Atlantic's assertion in

paragraph 26 of the affirmative defenses in Your Answer that "Lighthouse should have achieved or reclaimed 67% of the East Decker Mine by 2024."

**ANSWER**: **ASIC objects to this interrogatory on grounds that, taking into account all discrete subparts of the foregoing interrogatories and Plaintiff's First Set of Interrogatories to ASIC, Plaintiff has exceeded the number of interrogatories allowed under Fed. R. Civ. P. 33(a)(1) (as made applicable by Bankruptcy Rule 7033) which limits Plaintiff to 25 written interrogatories, including all discrete subparts, and the Court has not granted Plaintiff leave to serve interrogatories on ASIC in excess of 25. Specifically, on November 7, 2024, Plaintiff served its First Set of Interrogatories which included 18 separate interrogatories. From there, Interrogatory Numbers 1 through 4, including all subparts thereof, of this Second Set of Interrogatories brings the total number of interrogatories served by Plaintiff on ASIC to 25. Accordingly, ASIC is not required to answer this interrogatory on the basis that Plaintiff has exceeded the maximum number of interrogatories allowed under Fed. R. Civ. P. 33(a)(1) (as made applicable by Bankruptcy Rule 7033).** *In re Anderson News, LLC*, **615 B.R. 45, 59 (Bankr. D. Del. 2020).**

**INTERROGATORY NO. 15.**    Identify in detail the factual basis for Atlantic's assertion in paragraph 27 of the affirmative defenses in Your Answer that "Lighthouse . . . is now seven years behind on its East Decker reclamation plan[.]"

**ANSWER**: **ASIC objects to this interrogatory on grounds that, taking into account all discrete subparts of the foregoing interrogatories and Plaintiff's First Set of Interrogatories to ASIC, Plaintiff has exceeded the number of interrogatories allowed under Fed. R. Civ. P. 33(a)(1) (as made applicable by Bankruptcy Rule 7033) which limits Plaintiff to 25 written interrogatories, including all discrete subparts, and the Court has not granted Plaintiff leave**

to serve interrogatories on ASIC in excess of 25. Specifically, on November 7, 2024, Plaintiff served its First Set of Interrogatories which included 18 separate interrogatories. From there, Interrogatory Numbers 1 through 4, including all subparts thereof, of this Second Set of Interrogatories brings the total number of interrogatories served by Plaintiff on ASIC to 25. Accordingly, ASIC is not required to answer this interrogatory on the basis that Plaintiff has exceeded the maximum number of interrogatories allowed under Fed. R. Civ. P. 33(a)(1) (as made applicable by Bankruptcy Rule 7033). *In re Anderson News, LLC*, 615 B.R. 45, 59 (Bankr. D. Del. 2020).

**INTERROGATORY NO. 16.**        Identify in detail the factual basis for Atlantic's assertion in paragraph 31 of the affirmative defenses in Your Answer that "the Plan was not feasible from the start[.]"

**ANSWER**:    ASIC objects to this interrogatory on grounds that, taking into account all discrete subparts of the foregoing interrogatories and Plaintiff's First Set of Interrogatories to ASIC, Plaintiff has exceeded the number of interrogatories allowed under Fed. R. Civ. P. 33(a)(1) (as made applicable by Bankruptcy Rule 7033) which limits Plaintiff to 25 written interrogatories, including all discrete subparts, and the Court has not granted Plaintiff leave to serve interrogatories on ASIC in excess of 25. Specifically, on November 7, 2024, Plaintiff served its First Set of Interrogatories which included 18 separate interrogatories. From there, Interrogatory Numbers 1 through 4, including all subparts thereof, of this Second Set of Interrogatories brings the total number of interrogatories served by Plaintiff on ASIC to 25. Accordingly, ASIC is not required to answer this interrogatory on the basis that Plaintiff has exceeded the maximum number of interrogatories allowed under Fed. R. Civ. P. 33(a)(1) (as made applicable by Bankruptcy Rule 7033). *In re Anderson News, LLC*, 615 B.R. 45, 59

(Bankr. D. Del. 2020).

**INTERROGATORY NO. 17.**        Identify in detail the factual basis for Atlantic's assertion in paragraph 41 of the affirmative defenses in Your Answer that Lighthouse has "materially defaulted under the Trust Agreement and Sinking Fund Agreement by failing to adequately fund reclamation efforts and maintain necessary progress with the Plan" including identification of the specific provisions You claim have been violated.

**ANSWER**:    **ASIC objects to this interrogatory on grounds that, taking into account all discrete subparts of the foregoing interrogatories and Plaintiff's First Set of Interrogatories to ASIC, Plaintiff has exceeded the number of interrogatories allowed under Fed. R. Civ. P. 33(a)(1) (as made applicable by Bankruptcy Rule 7033) which limits Plaintiff to 25 written interrogatories, including all discrete subparts, and the Court has not granted Plaintiff leave to serve interrogatories on ASIC in excess of 25. Specifically, on November 7, 2024, Plaintiff served its First Set of Interrogatories which included 18 separate interrogatories. From there, Interrogatory Numbers 1 through 4, including all subparts thereof, of this Second Set of Interrogatories brings the total number of interrogatories served by Plaintiff on ASIC to 25. Accordingly, ASIC is not required to answer this interrogatory on the basis that Plaintiff has exceeded the maximum number of interrogatories allowed under Fed. R. Civ. P. 33(a)(1) (as made applicable by Bankruptcy Rule 7033).** *In re Anderson News, LLC*, **615 B.R. 45, 59 (Bankr. D. Del. 2020).**

**INTERROGATORY NO. 18.**        Identify the provision and/or section in the Plan or any of the parties' relevant agreements that requires certain progress benchmarks for the East Decker reclamation.

**ANSWER**:    **ASIC objects to this interrogatory on grounds that, taking into account all**

**discrete subparts of the foregoing interrogatories and Plaintiff's First Set of Interrogatories to ASIC, Plaintiff has exceeded the number of interrogatories allowed under Fed. R. Civ. P. 33(a)(1) (as made applicable by Bankruptcy Rule 7033) which limits Plaintiff to 25 written interrogatories, including all discrete subparts, and the Court has not granted Plaintiff leave to serve interrogatories on ASIC in excess of 25. Specifically, on November 7, 2024, Plaintiff served its First Set of Interrogatories which included 18 separate interrogatories. From there, Interrogatory Numbers 1 through 4, including all subparts thereof, of this Second Set of Interrogatories brings the total number of interrogatories served by Plaintiff on ASIC to 25. Accordingly, ASIC is not required to answer this interrogatory on the basis that Plaintiff has exceeded the maximum number of interrogatories allowed under Fed. R. Civ. P. 33(a)(1) (as made applicable by Bankruptcy Rule 7033).** *In re Anderson News, LLC***, 615 B.R. 45, 59 (Bankr. D. Del. 2020).**

**INTERROGATORY NO. 19.** Identify in detail the "losses in connection with issuing the Bonds" alleged in paragraph 43 of the affirmative defenses in Your Answer.

**ANSWER**: **ASIC objects to this interrogatory on grounds that, taking into account all discrete subparts of the foregoing interrogatories and Plaintiff's First Set of Interrogatories to ASIC, Plaintiff has exceeded the number of interrogatories allowed under Fed. R. Civ. P. 33(a)(1) (as made applicable by Bankruptcy Rule 7033) which limits Plaintiff to 25 written interrogatories, including all discrete subparts, and the Court has not granted Plaintiff leave to serve interrogatories on ASIC in excess of 25. Specifically, on November 7, 2024, Plaintiff served its First Set of Interrogatories which included 18 separate interrogatories. From there, Interrogatory Numbers 1 through 4, including all subparts thereof, of this Second Set of Interrogatories brings the total number of interrogatories served by Plaintiff on ASIC to**

**25. Accordingly, ASIC is not required to answer this interrogatory on the basis that Plaintiff has exceeded the maximum number of interrogatories allowed under Fed. R. Civ. P. 33(a)(1) (as made applicable by Bankruptcy Rule 7033).** *In re Anderson News, LLC*, **615 B.R. 45, 59 (Bankr. D. Del. 2020).**

**INTERROGATORY NO. 20.**     Identify in detail the factual basis for Atlantic's damages sought in Counts I, II, III, IV, and V of the Counterclaims.

**ANSWER**:    **ASIC objects to this interrogatory on grounds that, taking into account all discrete subparts of the foregoing interrogatories and Plaintiff's First Set of Interrogatories to ASIC, Plaintiff has exceeded the number of interrogatories allowed under Fed. R. Civ. P. 33(a)(1) (as made applicable by Bankruptcy Rule 7033) which limits Plaintiff to 25 written interrogatories, including all discrete subparts, and the Court has not granted Plaintiff leave to serve interrogatories on ASIC in excess of 25. Specifically, on November 7, 2024, Plaintiff served its First Set of Interrogatories which included 18 separate interrogatories. From there, Interrogatory Numbers 1 through 4, including all subparts thereof, of this Second Set of Interrogatories brings the total number of interrogatories served by Plaintiff on ASIC to 25. Accordingly, ASIC is not required to answer this interrogatory on the basis that Plaintiff has exceeded the maximum number of interrogatories allowed under Fed. R. Civ. P. 33(a)(1) (as made applicable by Bankruptcy Rule 7033).** *In re Anderson News, LLC*, **615 B.R. 45, 59 (Bankr. D. Del. 2020).**

**INTERROGATORY NO. 21.**     Identify in detail the factual basis for Atlantic's assertion in paragraph 77 of the Counterclaims that an "implied contract [] existed between Atlantic and Lighthouse."

**ANSWER**:    **ASIC objects to this interrogatory on grounds that, taking into account all**

discrete subparts of the foregoing interrogatories and Plaintiff's First Set of Interrogatories to ASIC, Plaintiff has exceeded the number of interrogatories allowed under Fed. R. Civ. P. 33(a)(1) (as made applicable by Bankruptcy Rule 7033) which limits Plaintiff to 25 written interrogatories, including all discrete subparts, and the Court has not granted Plaintiff leave to serve interrogatories on ASIC in excess of 25. Specifically, on November 7, 2024, Plaintiff served its First Set of Interrogatories which included 18 separate interrogatories. From there, Interrogatory Numbers 1 through 4, including all subparts thereof, of this Second Set of Interrogatories brings the total number of interrogatories served by Plaintiff on ASIC to 25. Accordingly, ASIC is not required to answer this interrogatory on the basis that Plaintiff has exceeded the maximum number of interrogatories allowed under Fed. R. Civ. P. 33(a)(1) (as made applicable by Bankruptcy Rule 7033). *In re Anderson News, LLC*, 615 B.R. 45, 59 (Bankr. D. Del. 2020).

**INTERROGATORY NO. 22**.    Identify in detail the factual basis for Atlantic's assertion in paragraph 83 of the Counterclaims that "Lighthouse represented in its Plan and Initial Budget, either knowingly that it was a false statement or with reckless disregard for the truth, that Atlantic would have paid out all of its collateral by year four of the Plan and that the East Decker reclamation and full release of Atlantic under its Bonds would take place in 2025."

**ANSWER**:    ASIC objects to this interrogatory on grounds that, taking into account all discrete subparts of the foregoing interrogatories and Plaintiff's First Set of Interrogatories to ASIC, Plaintiff has exceeded the number of interrogatories allowed under Fed. R. Civ. P. 33(a)(1) (as made applicable by Bankruptcy Rule 7033) which limits Plaintiff to 25 written interrogatories, including all discrete subparts, and the Court has not granted Plaintiff leave to serve interrogatories on ASIC in excess of 25. Specifically, on November 7, 2024, Plaintiff

served its First Set of Interrogatories which included 18 separate interrogatories. From there, Interrogatory Numbers 1 through 4, including all subparts thereof, of this Second Set of Interrogatories brings the total number of interrogatories served by Plaintiff on ASIC to 25. Accordingly, ASIC is not required to answer this interrogatory on the basis that Plaintiff has exceeded the maximum number of interrogatories allowed under Fed. R. Civ. P. 33(a)(1) (as made applicable by Bankruptcy Rule 7033). *In re Anderson News, LLC*, 615 B.R. 45, 59 (Bankr. D. Del. 2020).

**INTERROGATORY NO. 23.**        Identify in detail the factual basis for Atlantic's assertion in paragraph 84 of the Counterclaims that Lighthouse "induced Atlantic to enter into numerous agreements related to funding its Plan and the reclamation efforts therein and induced Atlantic to release collateral in accordance with the Plan and operative agreements knowing the reclamation plans were underfunded."

**ANSWER**:    ASIC objects to this interrogatory on grounds that, taking into account all discrete subparts of the foregoing interrogatories and Plaintiff's First Set of Interrogatories to ASIC, Plaintiff has exceeded the number of interrogatories allowed under Fed. R. Civ. P. 33(a)(1) (as made applicable by Bankruptcy Rule 7033) which limits Plaintiff to 25 written interrogatories, including all discrete subparts, and the Court has not granted Plaintiff leave to serve interrogatories on ASIC in excess of 25. Specifically, on November 7, 2024, Plaintiff served its First Set of Interrogatories which included 18 separate interrogatories. From there, Interrogatory Numbers 1 through 4, including all subparts thereof, of this Second Set of Interrogatories brings the total number of interrogatories served by Plaintiff on ASIC to 25. Accordingly, ASIC is not required to answer this interrogatory on the basis that Plaintiff has exceeded the maximum number of interrogatories allowed under Fed. R. Civ. P. 33(a)(1)

**(as made applicable by Bankruptcy Rule 7033).** *In re Anderson News, LLC*, **615 B.R. 45, 59**

**(Bankr. D. Del. 2020).**

Respectfully submitted,

Dated: December 23, 2024         **GELLERT SEITZ BUSENKELL & BROWN, LLC**

*/s/ Ronald S. Gellert*
Ronald S. Gellert (DE 4259)
1201 North Orange Street, Suite 300
Wilmington, DE 19801
Telephone: (302) 425-5806
Facsimile: (302) 425-5814
Email: rgellert@gsbblaw.com

*Counsel to Atlantic Specialty Insurance Company*

## CERTIFICATION

Pursuant to Section 28 U.S.C. § 1746, I, Terrence J. Dahl of Intact Insurance Specialty Solutions, declare under penalty of perjury that I have read the foregoing Answers to Plaintiff's Second Set of Interrogatories, and certify that and as to such matters I believe said answers to be true and correct, except as to those matters stated to be upon information and belief.

DATED: January 16th, 2025

Terrence J. Dahl
Vice President Claim, Surety & Trade Credit N.A.
Intact Insurance Specialty Solutions

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| LIGHTHOUSE RESOURCES INC.,[1] | Case No. 20-13056 (JTD) |
| Debtor. | |
| LIGHTHOUSE RESOURCES INC., | |
| Plaintiff, | Adv. Proc. No. 24-50144 (JTD) |
| v. | |
| ATLANTIC SPECIALTY INSURANCE COMPANY, | |
| Defendant. | |

## RESPONSES TO PLAINTIFF'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

Defendant, ATLANTIC SPECIALTY INSURANCE COMPANY ("ASIC"), by and through its undersigned counsel, hereby submits its Responses to Plaintiff's Second Set of Requests for Production of Documents, pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, as made applicable and modified by Rules 7026 and 7033 of the Federal Rules of Bankruptcy Procedure, and all applicable Local Rules of the United States District Court for the District of Delaware and the United States Bankruptcy Court for the District of Delaware, and states as follows:

## RESERVATION OF RIGHTS

As stated herein, ASIC objects to Plaintiff's requests to the extent they seek information and/or production of documents otherwise excepted from discovery by virtue of either or both the attorney-client privilege or the work product doctrine under federal and state law, seek information beyond the scope of discovery as established under Rules 26 and 34 of the Federal Rules of Civil Procedure, are vague, require an unreasonable burden to respond, or seek information or

1

documents in the possession of or known to entities not under the control of ASIC. ASIC reserves its rights in the event it produces a document notwithstanding any of the specific objections contained herein. In the event of an inadvertent production of otherwise objectionable, privileged or immune documents, such production shall not constitute a waiver of the applicable objection, and such production shall be without prejudice to any of ASIC's rights to object to the production as inadvertent and seek immediate return of such document.

ASIC further expressly reserves the following rights and objections for each of the responses set forth below. All documents are being produced without admitting the authenticity of any response or document and without waiving in any manner the following: (1) the right to object to the use of any such response or document, or any part thereof, for any purpose in this action, or any other action, on the grounds of competency, privilege, relevance, materiality, or any other appropriate ground(s); (2) the right to object to any other discovery request involving or relating to the subject matter of any such response or document; and (3) the right to revise, correct, amend, supplement or clarify any of the objections or response or production provided herein at any time.

**REQUEST NO. 1.** All Documents and Communications regarding or relating to the facts and circumstances of Atlantic's Answer, including its affirmative defenses stated therein.

**RESPONSE**: **ASIC objects to this request in that it seeks Documents and Communications protected by the attorney-client privilege and attorney work product doctrine, and is overbroad as it places no limitation on the Documents and Communications which it seeks other than they, in some way, are "regarding or relating" to the facts and circumstances of ASIC's Answer, and thus, the request includes documents irrelevant to any party's claim or defense in this matter. ASIC further objects to this request on grounds that it seeks Documents and Communications protected by a Joint Defense Agreement amongst the**

2

**Sureties (the "Joint Defense Agreement") and, thus, are likewise protected by the joint defense privilege and common interest rule. ASIC further objects to the request to the extent this request calls for the production of documents already produced in discovery, specifically, ASIC's document production as part of its initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1)(A)(ii), bates numbered ASIC_000001 – ASIC_007629 which were served on November 15, 2024, and thus, the request is unreasonably cumulative. Without waiving said objections, ASIC will produce all responsive, discoverable, relevant, and non-privileged Documents and Communications in its possession in accordance with the Federal Rules of Civil Procedure not previously produced in this litigation.**

**REQUEST NO. 2**.    All Documents and Communications regarding or relating to the facts and circumstances of Atlantic's affirmative defenses as stated in its Answer.

**RESPONSE**: **ASIC objects to this request in that it seeks Documents and Communications protected by the attorney-client privilege and attorney work product doctrine, and is overbroad as it places no limitation on the Documents and Communications which it seeks other than they, in some way, are "regarding or relating" to the facts and circumstances of the ASIC's affirmative defenses, and thus, the request includes documents irrelevant to any party's claim or defense in this matter. ASIC further objects to this request on grounds that it seeks Documents and Communications protected by the Joint Defense Agreement and, thus, are likewise protected by the joint defense privilege and common interest rule. ASIC further objects to the request to the extent this request calls for the production of documents already produced in discovery, specifically, ASIC's document production as part of its initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1)(A)(ii), bates numbered ASIC_000001 – ASIC_007629 which were served on November 15, 2024, and thus, the request is**

3

**unreasonably cumulative. Without waiving said objections, ASIC will produce all responsive, discoverable, relevant, and non-privileged Documents and Communications in its possession in accordance with the Federal Rules of Civil Procedure not previously produced in this litigation.**

**REQUEST NO. 3.**    All Documents and Communications relating to the Plan variance attached as Exhibit D to the Answer.

**RESPONSE: ASIC objects to this request on grounds that it seeks Documents and Communications protected by the attorney-client privilege and attorney work product doctrine. ASIC further objects to this request on grounds that it seeks Documents and Communications protected by the Joint Defense Agreement and, thus, are likewise protected by the joint defense privilege and common interest rule. ASIC further objects to this request to the extent it seeks Documents and Communications equally available to Plaintiff and ASIC and that Plaintiff already has such Documents and Communications relating to the Plan variance attached as Exhibit D to the Answer. ASIC further objects to the request to the extent this request calls for the production of documents already produced in discovery, specifically, ASIC's document production as part of its initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1)(A)(ii), bates numbered ASIC_000001 – ASIC_007629 which were served on November 15, 2024, and thus, the request is unreasonably cumulative. Without waiving said objections, ASIC will produce all responsive, discoverable, non-privileged and relevant documents in accordance with the Federal Rules of Civil Procedure not previously produced in this litigation.**

**REQUEST NO. 4.**    All Documents and Communications regarding or relating to the facts and circumstances of Atlantic's Counterclaims.

**RESPONSE: ASIC objects to this request in that it seeks Documents and Communications protected by the attorney-client privilege and attorney work product doctrine, and is overbroad as it places no limitation on the Documents and Communications which it seeks other than they, in some way, are "regarding or relating" to the facts and circumstances of ASIC's Counterclaims, and thus, the request includes documents irrelevant to any party's claim or defense in this matter. ASIC further objects to this request on grounds that it seeks Documents and Communications protected by the Joint Defense Agreement and, thus, are likewise protected by the joint defense privilege and common interest rule. ASIC further objects to the request to the extent this request calls for the production of documents already produced in discovery, specifically, ASIC's document production as part of its initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1)(A)(ii), bates numbered ASIC_000001 – ASIC_007629 which were served on November 15, 2024, and thus, the request is unreasonably cumulative. Without waiving said objections, ASIC will produce all responsive, discoverable, relevant, and non-privileged Documents and Communications in its possession in accordance with the Federal Rules of Civil Procedure not previously produced in this litigation.**

<u>**REQUEST NO. 5.**</u>   All Documents and Communications relating to Atlantic's involvement in creating and/or approving of the Plan.

<u>**RESPONSE**</u>**: ASIC objects to this request on grounds that the term "involvement" is vague and ambiguous and a response to Request No. 5 is not possible without speculation as to the meaning of said term. ASIC reserves the right to supplement this response should a more definite definition of the term "involvement" be proffered by Plaintiff. ASIC further objects to this request in that it seeks Documents and Communications protected by the attorney-**

**client privilege and attorney work product doctrine. ASIC further objects to this request on grounds that it seeks Documents and Communications protected by the Joint Defense Agreement and, thus, are likewise protected by the joint defense privilege and common interest rule. ASIC further objects to this request to the extent it seeks Documents and Communications equally available to Plaintiff and ASIC and that Plaintiff already has such Documents and Communications relating to the creation and/or approving of the Plan. ASIC further objects to this request on grounds that it presumes that ASIC had any involvement in "creating and/or approving" the Plan. ASIC further objects to the request to the extent this request calls for the production of documents already produced in discovery, specifically, ASIC's document production as part of its initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1)(A)(ii), bates numbered ASIC_000001 – ASIC_007629 which were served on November 15, 2024, and thus, the request is unreasonably cumulative. Without waiving said objections, ASIC will produce all responsive, discoverable, non-privileged and relevant documents in accordance with the Federal Rules of Civil Procedure not previously produced in this litigation.**

**REQUEST NO. 6.** All Documents and Communications relating to any statements by Lighthouse that Atlantic purports were "either knowingly . . . a false statement" or made with "reckless disregard for the truth" as alleged in paragraph 83 of the Counterclaims.

**RESPONSE: ASIC objects to this request in that it seeks Documents and Communications protected by the attorney-client privilege and attorney work product doctrine. ASIC further objects to this request on grounds that it seeks Documents and Communications protected by the Joint Defense Agreement and, thus, are likewise protected by the joint defense privilege and common interest rule. ASIC further objects to this request to the extent it seeks**

6

**Documents and Communications equally available to Plaintiff and ASIC and that Plaintiff already has such Documents and Communications relating to Plaintiff's own statements. ASIC further objects to the request to the extent this request calls for the production of documents already produced in discovery, specifically, ASIC's document production as part of its initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1)(A)(ii), bates numbered ASIC_000001 – ASIC_007629 which were served on November 15, 2024, and thus, the request is unreasonably cumulative. Without waiving said objections, ASIC will produce all responsive, discoverable, non-privileged and relevant documents in accordance with the Federal Rules of Civil Procedure not previously produced in this litigation.**

**REQUEST NO. 7.** All Documents and Communications relating to Lighthouse allegedly "admit[ing] to Atlantic in 2024 . . . that it failed to account for over $9.3 million in the original Plan" as alleged in paragraph 85 of the Counterclaims.

**RESPONSE: ASIC objects to this request in that it seeks Documents and Communications protected by the attorney-client privilege and attorney work product doctrine. ASIC further objects to this request on grounds that it seeks Documents and Communications protected by the Joint Defense Agreement and, thus, are likewise protected by the joint defense privilege and common interest rule. ASIC further objects to this request to the extent it seeks Documents and Communications equally available to Plaintiff and ASIC and that Plaintiff already has such Documents and Communications relating to Plaintiff's own admissions. ASIC further objects to the request to the extent this request calls for the production of documents already produced in discovery, specifically, ASIC's document production as part of its initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1)(A)(ii), bates numbered ASIC_000001 – ASIC_007629 which were served on November 15, 2024, and thus, the**

7

**request is unreasonably cumulative. Without waiving said objections, ASIC will produce all responsive, discoverable, non-privileged and relevant documents in accordance with the Federal Rules of Civil Procedure not previously produced in this litigation.**

REQUEST NO. 8.    All Documents and Communications identified in Atlantic's responses to Plaintiff's Second Set of Interrogatories.

**RESPONSE: ASIC objects to this request in that it seeks Documents and Communications protected by the attorney-client privilege and attorney work product doctrine. ASIC further objects to this request on grounds that it seeks Documents and Communications protected by a Joint Defense Agreement and, thus, are likewise protected by the joint defense privilege and common interest rule. ASIC further objects to the request to the extent this request calls for the production of documents already produced in discovery, specifically, ASIC's document production as part of its initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1)(A)(ii), bates numbered ASIC_000001 – ASIC_007629 which were served on November 15, 2024, and thus, the request is unreasonably cumulative. Without waiving said objections, ASIC will produce all responsive, discoverable, relevant, and non-privileged Documents and Communications in its possession in accordance with the Federal Rules of Civil Procedure not previously produced in this litigation.**

REQUEST NO. 9.    All Documents and Communications regarding or relating to any steps Atlantic purports to have taken to mitigate its alleged damages.

**RESPONSE: ASIC objects to this request in that it seeks Documents and Communications protected by the attorney-client privilege and attorney work product doctrine. ASIC further objects to this request on grounds that it seeks Documents and Communications protected by a Joint Defense Agreement and, thus, are likewise protected by the joint defense privilege**

8

and common interest rule. ASIC further objects to the request to the extent this request calls for the production of documents already produced in discovery, specifically, ASIC's document production as part of its initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1)(A)(ii), bates numbered ASIC_000001 – ASIC_007629 which were served on November 15, 2024, and thus, the request is unreasonably cumulative. Without waiving said objections, ASIC will produce all responsive, discoverable, relevant, and non-privileged Documents and Communications in its possession in accordance with the Federal Rules of Civil Procedure not previously produced in this litigation. Further responding, ASIC states that it ceased releasing any funds to Lighthouse on account of Lighthouse's breaches of the various operative agreements in an effort to mitigate damages.

**REQUEST NO. 10.**    All Communications between Atlantic, Westchester Fire Insurance Company, and Zurich American Insurance Company regarding or relating to the East Decker reclamation project, including but not limited to Communications regarding or relating to the progress of the reclamation and the funding of the reclamation.

**RESPONSE: ASIC objects to this request in that it seeks Communications protected by the attorney-client privilege, attorney work product, and the Joint Defense Agreement which makes said Communications likewise protected by the joint defense privilege and common interest rule. ASIC further objects to the request to the extent this request calls for the production of documents already produced in discovery, specifically, ASIC's document production as part of its initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1)(A)(ii), bates numbered ASIC_000001 – ASIC_007629 which were served on November 15, 2024, and thus, the request is unreasonably cumulative. Without waiving said objections, ASIC will produce all responsive, discoverable, relevant, and non-privileged Documents and**

9

**Communications in its possession in accordance with the Federal Rules of Civil Procedure not previously produced in this litigation.**

Respectfully submitted,

Dated: December 23, 2024    **GELLERT SEITZ BUSENKELL & BROWN, LLC**

*/s/ Ronald S. Gellert*
Ronald S. Gellert (DE 4259)
1201 North Orange Street, Suite 300
Wilmington, DE 19801
Telephone: (302) 425-5806
Facsimile: (302) 425-5814
Email: rgellert@gsbblaw.com

*Counsel to Atlantic Specialty Insurance Company*

10

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| LIGHTHOUSE RESOURCES INC., | Case No. 20-13056 (JTD) |
| Debtor. | |
| LIGHTHOUSE RESOURCES INC., | |
| Plaintiff, | Adv. Proc. No. 24-50144 (JTD) |
| v. | |
| ATLANTIC SPECIALTY INSURANCE COMPANY, | |
| Defendant. | |

## RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSION

Defendant, ATLANTIC SPECIALTY INSURANCE COMPANY ("ASIC"), by and through its undersigned counsel, hereby objects and responses to Plaintiff, Lighthouse Resources, Inc.'s ("Lighthouse") First set of Requests for Admission, pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure, as made applicable and modified by Rules 7026 and 7036 of the Federal Rules of Bankruptcy Procedure, and all applicable Local Rules of the United States District Court for the District of Delaware and the United States Bankruptcy Court for the District of Delaware, and states as follows:

## RESERVATION

By responding to these Requests, ASIC does not waive, but instead, expressly reserves, any and all objections to the admission into evidence, at trial, or otherwise, of any responses to the subsequent responses to the requests for admission. ASIC further reserves the right to modify these objections and responses.

1

**REQUEST NO. 1.**    Admit that Atlantic did not fund its Pro Rata Share of the 2024 Budget for the East Decker Reclamation.

**RESPONSE**:  **ASIC objects to this request to the extent it assumes ASIC had an obligation to fund a Pro Rata Share of the 2024 Budget for the East Decker Reclamation which Atlantic disputes. Further responding, ASIC denies that it had any obligation to fund a Pro Rata Share of the 2024 Budget for the East Decker Reclamation. Further responding, ASIC admits that it has not funded the Pro Rata Share, as defined in the Reclamation Sinking Fund Agreement, apportioned to ASIC in relation to the 2024 Budget for the East Decker Reclamation on account of, among other things, Lighthouse's breaches of the Trust Agreement and Sinking Fund Agreement.**

**REQUEST NO. 2.**    Admit that Zurich funded its Pro Rata Share of the 2024 Budget for the East Decker reclamation.

**RESPONSE**:  **ASIC objects to this request to the extent it assumes Zurich had an obligation to fund its Pro Rata Share, as defined in the Reclamation Sinking Fund Agreement, of the 2024 Budget for the East Decker Reclamation which Atlantic disputes. Further responding and subject to the foregoing objection, ASIC admits Zurich funded the Pro Rata Share, as defined in the Reclamation Sinking Fund Agreement, of the 2024 Budget for the East Decker reclamation.  Upon information and belief, Zurich is not funding its share of the 2025 Budget.**

**REQUEST NO. 3.**    Admit that Atlantic funded its Pro Rate Share of the 2022 Reclamation Trust Entity Budget for the East Decker Reclamation

**RESPONSE**:  **ASIC objects to this request to the extent it assumes ASIC had an obligation to fund a Pro Rata Share, as defined in the Reclamation Sinking Fund Agreement, of the 2022 Reclamation Trust Entity Budget for the East Decker Reclamation which ASIC**

2

disputes. Further responding, ASIC denies that it had any obligation to fund a Pro Rata Share, as defined in the Reclamation Sinking Fund Agreement, of the 2022 Reclamation Trust Entity Budget for the East Decker Reclamation on account of, among other things, Lighthouse's breaches of the Trust Agreement and Sinking Fund Agreement. Subject to and without waiving the foregoing, ASIC admits that it funded the Pro Rata Share, as defined in the Reclamation Sinking Fund Agreement, apportioned to ASIC under the 2022 Reclamation Trust Entity Budget for the East Decker Reclamation.

**REQUEST NO. 4.**    Admit that Atlantic funded its Pro Rata Share of the 2023 Reclamation Trust Entity Budget for the East Decker Reclamation.

**RESPONSE**:  **ASIC objects to this request to the extent it assumes ASIC had an obligation to fund a Pro Rata Share, as defined in the Reclamation Sinking Fund Agreement, of the 2023 Reclamation Trust Entity Budget for the East Decker Reclamation which ASIC disputes. Further responding, ASIC denies that it had any obligation to fund a Pro Rata Share, as defined in the Reclamation Sinking Fund Agreement, of the 2023 Reclamation Trust Entity Budget for the East Decker Reclamation on account of, among other things, Lighthouse's breaches of the Trust Agreement and Sinking Fund Agreement. Subject to and without waiving the foregoing, ASIC admits that it funded the Pro Rata Share, as defined in the Reclamation Sinking Fund Agreement, apportioned to ASIC under the 2023 Reclamation Trust Entity Budget for the East Decker Reclamation.**

**REQUEST NO. 5.**    Admit that all sureties, including Atlantic, are represented on the Board by a representative who votes on behalf of all sureties.

**RESPONSE**:  **Denied. By way of further response and explanation, ASIC states only that the Sureties, including ASIC, Zurich American Insurance Company and Westchester Fire**

3

Insurance Company (collectively, the "Sureties"), appoint one member to the Board and that the Board is the governing body that governs the Lighthouse Reclamation Trust pursuant to the Reclamation Trust Entity and Distribution Agreement and denies that ASIC is "represented" by the member appointed by the Sureties or that said member "votes on behalf of all sureties."  ASIC did not provide that it had an authorized representative that could bind and approve anything for ASIC as only an employee and/or agent of ASIC with authority from ASIC can act on behalf of ASIC.

**REQUEST NO. 6**.    Admit that the Board, including Atlantic's representative, approved the 2024 Budget.

**RESPONSE**:  **ASIC objects to the extent this request assumes ASIC has a "representative" on the Board which is a conclusory allegation to which ASIC disputes based on the express language of the Reclamation Trust Entity and Distribution Agreement. Accordingly, ASIC denies it had a "representative" on the Board that approved the 2024 Budget. Further responding, ASIC admits only that the Board approved the 2024 Budget.  ASIC did not provide that it had an authorized representative that could bind and approve anything for ASIC as only an employee or agent of ASIC with authority from ASIC can act on behalf of ASIC.**

**REQUEST NO. 7.**    Admit that in 2022 Atlantic has information sufficient to contact the surety representative on the Board.

**RESPONSE**:  **ASIC objects to this request on grounds that the phrase "information sufficient to contact" is vague, ambiguous, and lacking in specificity that ASIC cannot in good faith respond to the request as it would call for ASIC to speculate as to the phrase's meaning. ASIC further objects to the extent the request assumes there is a "surety**

**representative" on the Board and states that such allegation is conclusory and is disputed based on the express language of the Reclamation Trust Entity and Distribution Agreement which provides that the Sureties are allowed to appoint one member to the Board and that the Board is the governing body that governs the Lighthouse Reclamation Trust pursuant to the Reclamation Trust Entity and Distribution Agreement. Further responding, ASIC admits only that it had contact information for "Member 2" as identified in the Plan Supplement "Identity of the Members of the Reclamation Trust Entity Board" (ECF No. 629-2), including any subsequent modifications, in 2022.**

**REQUEST NO. 8.**    Admit that in 2023 Atlantic has information sufficient to contact the surety representative on the Board.

**RESPONSE**: **ASIC objects to this request on grounds that the phrase "information sufficient to contact" is vague, ambiguous, and lacking in specificity that ASIC cannot in good faith respond to the request as it would call for ASIC to speculate as to the phrase's meaning. ASIC further objects to the extent the request assumes there is a "surety representative" on the Board and states that such allegation is conclusory and is disputed based on the express language of the Reclamation Trust Entity and Distribution Agreement which provides that the Sureties are allowed to appoint one member to the Board and that the Board is the governing body that governs the Lighthouse Reclamation Trust pursuant to the Reclamation Trust Entity and Distribution Agreement. Further responding, ASIC admits only that it had contact information for "Member 2" as identified in the Plan Supplement "Identity of the Members of the Reclamation Trust Entity Board" (ECF No. 629-2), including all subsequent modifications, in 2023.**

**REQUEST NO. 9.**    Admit that in 2024 Atlantic has information sufficient to contact the surety

5

representative on the Board.

**RESPONSE**: **ASIC objects to this request on grounds that the phrase "information sufficient to contact" is vague, ambiguous, and lacking in specificity that ASIC cannot in good faith respond to the request as it would call for ASIC to speculate as to the phrase's meaning. ASIC further objects to the extent the request assumes there is a "surety representative" on the Board and states that such allegation is conclusory and is disputed based on the express language of the Reclamation Trust Entity and Distribution Agreement which provides that the Sureties are allowed to appoint one member to the Board and that the Board is the governing body that governs the Lighthouse Reclamation Trust pursuant to the Reclamation Trust Entity and Distribution Agreement. Further responding, ASIC admits only that it had contact information for "Member 2" as identified in the Plan Supplement "Identity of the Members of the Reclamation Trust Entity Board" (ECF No. 629-2), including all subsequent modifications, in 2024.**

**REQUEST NO. 10.**   Admit that the Board, including Atlantic's representative, approved the 2023 Reclamation Trust Entity Budget.

**RESPONSE**:  **ASIC objects to this request on the ground that the definition of the term "2023 Reclamation Trust Entity Budget" is conclusory. Specifically, Plaintiff's Requests for Admission define the term "2023 Reclamation Trust Entity Budget" as referring "to the annual budget for the Lighthouse Reclamation Trust Entity for the funding year 2023 <u>as approved by the Board</u>." *See* Requests for Admission Definition No. 21 (emphasis added). ASIC further objects to the extent this request assumes Atlantic has a "representative" on the Board which is a conclusory allegation to which ASIC disputes based on the express language of the Reclamation Trust Entity and Distribution Agreement. By way of further**

6

**response and based on the foregoing objection, ASIC denies it had a "representative" on the Board that approved the 2023 Reclamation Trust Entity Budget. Subject to and without waiving the foregoing, ASIC admits only that the Board approved the 2023 Reclamation Trust Entity Budget.  ASIC did not provide that it had an authorized representative that could bind and approve anything for ASIC as only an employee or agent of ASIC with authority from ASIC can act on behalf of ASIC.**

**REQUEST NO. 11.**  Admit that the Board, including Atlantic's representative, approved the 2022 Reclamation Trust Entity Budget.

**RESPONSE**:  **ASIC objects to this request on the ground that the definition of the term "2022 Reclamation Trust Entity Budget" is conclusory. Specifically, Plaintiff's Requests for Admission define the term "2022 Reclamation Trust Entity Budget" as referring "to the annual budget for the Lighthouse Reclamation Trust Entity for the funding year 2022 <u>as approved by the Board</u>."** *See* **Requests for Admission Definition No. 20 (emphasis added). ASIC further objects to the extent this request assumes Atlantic has a "representative" on the Board which is a conclusory allegation to which ASIC disputes based on the express language of the Reclamation Trust Entity and Distribution Agreement. By way of further response, ASIC denies it had a "representative" on the Board that approved the 2022 Reclamation Trust Entity Budget. Subject to and without waiving the foregoing, ASIC admits only that the Board approved the 2022 Reclamation Trust Entity Budget.  ASIC did not provide that it had an authorized representative that could bind and approve anything for ASIC as only an employee or agent of ASIC with authority from ASIC can act on behalf of ASIC.**

**REQUEST NO. 12.**  Admit that Danny Hall was the surety representative on the Board from

April 2021 – July 2022.

**RESPONSE**: **ASIC objects to the extent the request assumes there is a "surety representative" on the Board and states that such allegation is conclusory and is disputed based on the express language of the Reclamation Trust Entity and Distribution Agreement which provides that the Sureties are allowed to appoint one member to the Board and that the Board is the governing body that governs the Lighthouse Reclamation Trust pursuant to the Reclamation Trust Entity and Distribution Agreement. Further responding, ASIC denies that a member appointed in accordance with the Reclamation Trust Entity and Distribution Agreement by the Sureties "represents" the Sureties and ASIC denies Danny Hall was a "surety representative" on the Board from April 2021 – July 2022. Further responding, ASIC admits only that Danny Hall was on the Board from April 2021 – July 2022 and was the member of the Board appointed by the Sureties in accordance with the Reclamation Trust Entity and Distribution Agreement. ASIC did not provide that it had an authorized representative that could bind and approve anything for ASIC as only an employee or agent of ASIC with authority from ASIC can act on behalf of ASIC.**

**REQUEST NO. 13.**   Admit that Mike Ricci is the current surety representative on the Board since August 2022.

**RESPONSE**: **ASIC objects to the extent the request assumes there is a "surety representative" on the Board and states that such allegation is conclusory and is disputed based on the express language of the Reclamation Trust Entity and Distribution Agreement which provides that the Sureties are allowed to appoint one member to the Board and that the Board is the governing body that governs the Lighthouse Reclamation Trust pursuant to the Reclamation Trust Entity and Distribution Agreement. Further responding, ASIC denies**

8

**that a member appointed in accordance with the Reclamation Trust Entity and Distribution Agreement by the Sureties "represents" the Sureties and ASIC denies Mike Ricci is a "surety representative" on the Board since August 2022. Further responding, ASIC admits only that Mike Ricci is currently on the Board and has been since August 2022 and is the member of the Board appointed by the Sureties in accordance with the Reclamation Trust Entity and Distribution Agreement.  ASIC did not provide that it had an authorized representative that could bind and approve anything for ASIC as only an employee or agent of ASIC with authority from ASIC can act on behalf of ASIC.**

Respectfully submitted,

Dated: December 6, 2024        **GELLERT SEITZ BUSENKELL & BROWN, LLC**

___/s/*Ronald S. Gellert*_____
Ronald S. Gellert (DE 4259)
1201 North Orange Street, Suite 300
Wilmington, DE 19801
Telephone: (302) 425-5806
Facsimile: (302) 425-5814
Email: rgellert@gsbblaw.com

9