**EXHIBIT 2**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>LIGHTHOUSE RESOURCES INC.,[1]<br><br>     Debtor. | Chapter 11<br><br>Case No. 20-13056 (JTD) |
| LIGHTHOUSE RESOURCES INC.,<br><br>     Plaintiff,<br>  v.<br><br>ATLANTIC SPECIALTY INSURANCE COMPANY,<br><br>     Defendant. | Adv. Proc. No. 24-50144 (JTD) |

**PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANT/COUNTER-
PLAINTIFF/THIRD-PARTY PLAINTIFF ATLANTIC SPECIALTY INSURANCE
COMPANY'S FIRST SET OF INTERROGATORIES TO PLAINTIFF/COUNTER-
DEFENDANT LIGHTHOUSE RESOURCES INC.**

Plaintiff Lighthouse Resources Inc. ("Lighthouse") hereby responds to the following

interrogatories (the "Interrogatories" or an "Interrogatory"). Lighthouse hereby incorporates by

reference the definitions and instructions set forth in the Federal Rules of Civil Procedure and the

applicable Local Rules of the United States District Court for the District of Delaware and the

United States Bankruptcy Court for the District of Delaware. Pursuant to Federal Rules of Civil

Procedure 26 and 33, made applicable to this adversary proceeding by Federal Rules of Bankruptcy

Procedure 7026 and 7033 as follows:

---

[1] The Debtor in this chapter 11 case, along with the last four digits of the Debtor's federal tax identification number, is Lighthouse Resources Inc. (4713), The location of the Debtor's service address in this chapter 11 case is 10980 South Jordan Gateway, South Jordan, Utah 84095.

## GENERAL OBJECTIONS

In addition to the objections set forth separately in the responses below (the "Specific Objections"), the following General Objections apply to and are hereby incorporated in each response and shall have the same force and effect as if set forth in full in response to each individually numbered Interrogatory, whether or not specifically referred to therein. Each response is qualified by the General Objections and is limited to matters not covered thereby.

1.      Lighthouse objects to the Interrogatories to the extent that they are inconsistent with, or purport to impose on Lighthouse obligations beyond the Federal Rules of Civil Procedure, as made applicable to this proceeding by Federal Rules of Bankruptcy Procedure, relevant case law, or any order of this Court.

2.      Lighthouse objects to the Interrogatories to the extent they seek information that is not relevant to this action.

3.      Lighthouse objects to the Interrogatories to the extent that they are not reasonably limited in scope, rendering the Interrogatories overly broad, unduly burdensome, irrelevant, and not proportional to the needs of the case.

4.      Lighthouse objects to the Interrogatories to the extent that they seek identification of "all" documents or information under circumstances in which a production of a subset of documents or information is sufficient to show the pertinent information. Lighthouse cannot ensure that it has located everything responsive to a particular Interrogatory.

2

4.      Lighthouse objects to the Interrogatories to the extent that they seek confidential, sensitive, personal, or proprietary information without the protection of a mutually agreeable protective order or other applicable confidentiality agreement.  Lighthouse will not produce any information until entrance of a mutually agreeable protective order or other applicable confidentiality agreement.

5.      Lighthouse objects to the Interrogatories to the extent that they, or the terms used therein, are vague and fail to identify with the necessary specificity the information or document(s) sought.

6.      Lighthouse objects to the Interrogatories to the extent that they call for the production of information that is part of the public record or are otherwise readily available to Atlantic from other sources, on the grounds that such information equally available to Atlantic and the burden and expense of obtaining such information is not greater for Atlantic than it is for Lighthouse.

7.      Lighthouse objects to the Interrogatories to the extent that they purport to seek documents and information that were prepared in anticipation of litigation or come within the scope of the attorney-client privilege, work-product doctrine, any protective order or confidentiality agreement (other than one entered on consent of the parties in this Action), or any other applicable confidentiality restrictions, privileges or protections.  Lighthouse hereby claims such privileges and protections to the extent implicated by each Interrogatory and any information that comes within the scope of such privileges or protections will not be produced.  Any disclosure of any privileged or protected documents or information in response to the Interrogatories is inadvertent and not intended to, and shall not, waive those privileges or protections.  Lighthouse reserves the right to demand the return or destruction of any privileged or protected documents or

information inadvertently produced or disclosed by Lighthouse in this proceeding, together with all copies thereof.

8.     Lighthouse objects to the Interrogatories to the extent that they call for the production of information that is outside of Lighthouse's possession, custody or control. Lighthouse will produce only those materials that are within its possession, custody or control.

9.     Lighthouse objects to each Interrogatory that would cause Lighthouse unreasonable annoyance, embarrassment, oppression, burden, or expense, or require Lighthouse to make an unreasonable investigation.

10.     By responding to these Interrogatories, Lighthouse does not waive or intend to waive: (i) any objections as to authenticity, competency, relevancy, materiality or admissibility as evidence, for any purpose, of the responses to the Interrogatories or any information or documents produced in response to these Interrogatories; (ii) the right to object on any ground to the use of Lighthouse's responses to the Interrogatories or any information or documents produced in response to these Interrogatories at any hearing, trial or other proceeding in this proceeding; (iii) the right to object on any ground at any time to a demand for further responses to these Interrogatories or other document or discovery requests in this action; or (iv) the right to object based on the Court's disposition of Lighthouse's motion to dismiss Atlantic's counterclaims, filed on December 4, 2024.

## OBJECTIONS TO INSTRUCTIONS AND DEFINITIONS

11.     Lighthouse objects to each of Atlantic's "Instructions" and "Definitions" on the grounds that they purport to give meaning and/or legal significance to a document, event, fact, or purported fact whose meaning and/or significance is subject to dispute between the parties, and to the extent that they attribute any special or unusual meaning to any term or phrase.  Lighthouse's

4

responses shall not constitute an admission or concession as to the accuracy of any definitions, terms, or phrases used by Atlantic, or legal positions taken by Atlantic, in the Requests.

12. Lighthouse objects to each of Atlantic's "Instructions" and "Definitions" on the grounds that they are inconsistent with or purport to impose on Lighthouse obligations beyond those imposed by the Federal Rules of Civil Procedure, as made applicable to this proceeding by Federal Rules of Bankruptcy Procedure, relevant case law, or any order of this Court.

13. Lighthouse objects to Instruction no. 2 to the extent that it requires Lighthouse to respond on behalf of unidentified third parties and/or produce documents and information outside of Lighthouse's possession and/or control. Lighthouse will not speculate on the knowledge of unidentified third parties, provide a response on behalf of unidentified third parties, or produce documents and information on behalf of unidentified third parties.

14. Lighthouse objects to Instruction no. 3 on the grounds that they are inconsistent with or purport to impose on Lighthouse obligations beyond those imposed by the Federal Rules of Civil Procedure, as made applicable to this proceeding by Federal Rules of Bankruptcy Procedure, relevant case law, or any order of this Court. Lighthouse further objects to Instruction no. 3 to the extent that they require the premature production of a privilege log. Lighthouse will produce a privilege log at an appropriate time pursuant to the parties' case schedule and/or any order of this Court.

15. Lighthouse objects to Instruction no. 4 on the grounds that it is overbroad, unduly burdensome, and not proportional to the needs of this action. Lighthouse will only respond from **January 1, 2021 – October 9, 2024**.

16. Lighthouse objects to Definition nos. 4, 5, and 6 on the grounds that they are inconsistent with or purport to impose on Lighthouse obligations beyond those imposed by the

Federal Rules of Civil Procedure, as made applicable to this proceeding by the Federal Rules of Bankruptcy Procedure, relevant case law, or any order of this Court.

17.      Lighthouse objects to Definition nos. 4, 7, 8, 9, and 10, to the extent that they require Lighthouse to respond on behalf of unidentified third parties and/or produce documents and information outside of Lighthouse's possession and/or control.  Lighthouse will not speculate on the knowledge of unidentified third parties, provide a response on behalf of unidentified third parties, or produce documents and information on behalf of unidentified third parties.

18.      Lighthouse reserves the right at any time to revise, correct, add to, clarify or supplement its responses and objections to each Request.

### RESPONSES AND OBJECTIONS TO INTERROGATORIES

**INTERROGATORY NO. 1:**  Identify and state the full name, address, and telephone number of each and every individual and/or entity furnishing information relative to or in any way assisting with the preparation of Lighthouse's answers to Atlantic's First Set of Interrogatories and responses to Atlantic's First Set of Requests for Production.

**RESPONSE TO INTERROGATORY NO. 1:**  In addition to the General Objections set forth above, Lighthouse objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, and disproportionate to the needs of this action in that it seeks identification of "the full name, address, and telephone number of each and every individual and/or entity furnishing information relative to or in any way assisting with the preparation of" when a smaller subset would be proportional.

Subject to and without waiving the foregoing specific and General Objections and based on investigations to date, Lighthouse identifies Tay Tonozzi and Darin Adlard.  Messrs. Tonozzi and Adlard may only be contacted through counsel.

6

**INTERROGATORY NO. 2:** Identify all individuals who are likely to have discoverable information relating to this matter including, but not limited to, individuals having information regarding the allegations set forth in the Complaint and Counterclaim.

**RESPONSE TO INTERROGATORY NO. 2:**  In addition to the General Objections set forth above, Lighthouse objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, and disproportionate to the needs of this action in that it seeks identification of "all individuals" when a smaller subset would be proportional.  Lighthouse further objects to this Interrogatory to the extent it seeks privileged information, including but not limited to, information protected from disclosure by the attorney-client privilege, the common interest privilege, and/or the work-product doctrine.

Subject to and without waiving the foregoing specific and General Objections and based on investigations to date, Lighthouse identifies Tay Tonozzi and Darin Adlard, principals, and employees of Atlantic, Daniel Hall, and Michael Ricci.

**INTERROGATORY NO. 3:** Identify, with specificity, each and every material fact and Document supporting Lighthouse's assertion that "[t]he Budget for 2024 was unanimously approved by the Board on December 5, 2023" as set forth in paragraph 36 of the Complaint and all individuals with knowledge thereof.

**RESPONSE TO INTERROGATORY NO. 3:**  In addition to the General Objections set forth above, Lighthouse objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, and disproportionate to the needs of this action in that it seeks identification of "each and every material fact" when a smaller subset would be proportional.  Lighthouse further objects to this Interrogatory as seeking a legal conclusion as to what constitutes a "material fact".  Lighthouse further objects to this Interrogatory to the extent it seeks privileged information, including but not limited to, information protected from disclosure by the attorney-client privilege, the common interest privilege, and/or the work-product doctrine.  Lighthouse further objects to this Interrogatory as premature because discovery in this action is ongoing.

7

Subject to and without waiving the foregoing specific and General Objections and based on investigations to date, Lighthouse states that the Board, including the surety representative Michael Ricci unanimously voted on and approved the Budget for 2024 on December 5, 2023.  Lighthouse further refers Atlantic to its document productions to be made in this action pursuant to the parties' case schedule.

**INTERROGATORY NO. 4:** Identify, with specificity, each and every material fact, including any Document(s), supporting Lighthouse's assertions that any "delays [have been] caused by Atlantic's funding failures" that such alleged "failures threaten Lighthouse's required permitting, including receipt of notices of deficiency" and that "[r]eceipt of such notices are virtually guaranteed if Atlantic continues to delay Lighthouse's reclamation progress" as set forth in paragraph 21 of the Complaint and all individuals with knowledge thereof.

**RESPONSE TO INTERROGATORY NO. 4:**  In addition to the General Objections set forth above, Lighthouse objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, and disproportionate to the needs of this action in that it seeks identification of "each and every material fact" when a smaller subset would be proportional.  Lighthouse further objects to this Interrogatory as seeking a legal conclusion as to what constitutes a "material fact".  Lighthouse further objects to this Interrogatory to the extent it seeks privileged information, including but not limited to, information protected from disclosure by the attorney-client privilege, the common interest privilege, and/or the work-product doctrine.  Lighthouse further objects to this Interrogatory as premature because discovery in this action is ongoing.

Subject to and without waiving the foregoing specific and General Objections and based on investigations to date, Lighthouse states that reclamation progress at East Decker has been delayed as a result of Atlantic's failure to fund its pro rata share of the Budget as was approved by its representative of the Board.  The delays caused by Atlantic's failure to fund threaten regulatory action from applicable governmental agencies which have included verbal warnings as well as a written

8

notice dated August 30, 2024.  Lighthouse further refers Atlantic to its document productions to be made in this action pursuant to the parties' case schedule.

**INTERROGATORY NO. 5:**  Identify, with specificity, each and every legal, contractual, and factual support including, but not limited to, all facts or Documents referring to or relating to Lighthouse's assertion that "Atlantic was responsible for releasing $2,458,614 for East Decker reclamation activities in 2024 — Atlantic's Pro Rata Share — by the end of 2023" as set forth in paragraph 38 of the Complaint and all individuals with knowledge thereof.

**RESPONSE TO INTERROGATORY NO. 5:**  In addition to the General Objections set forth above, Lighthouse objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, and disproportionate to the needs of this action in that it seeks identification of "each and every legal, contractual, and factual support including, but not limited to, all facts or Documents" when a smaller subset would be proportional.  Lighthouse further objects to this Interrogatory as seeking legal and contractual conclusions.  Lighthouse further objects to this Interrogatory to the extent it seeks privileged information, including but not limited to, information protected from disclosure by the attorney-client privilege, the common interest privilege, and/or the work-product doctrine.  Lighthouse further objects to this Interrogatory as premature because discovery in this action is ongoing.

Subject to and without waiving the foregoing specific and General Objections and based on investigations to date, Lighthouse refers Atlantic to the 2024 Budget and further refers Atlantic to its document productions to be made in this action pursuant to the parties' case schedule.

**INTERROGATORY NO. 6:**  Identify, with specificity, each and every legal, contractual, and factual support including, but not limited to, all facts or Documents referring to or relating to Lighthouse's assertion that "the propriety of the Budget has not been challenged," as set forth in paragraph 39 of the Complaint and all individuals with knowledge thereof.

**RESPONSE TO INTERROGATORY NO. 6:**  In addition to the General Objections set forth above, Lighthouse objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, and disproportionate to the needs of this action in that it seeks identification of "each

and every legal, contractual, and factual support including, but not limited to, all facts or Documents" when a smaller subset would be proportional.  Lighthouse further objects to this Interrogatory as seeking legal and contractual conclusions.  Lighthouse further objects to this Interrogatory to the extent it seeks privileged information, including but not limited to, information protected from disclosure by the attorney-client privilege, the common interest privilege, and/or the work-product doctrine.  Lighthouse further objects to this Interrogatory as premature because discovery in this action is ongoing.

Subject to and without waiving the foregoing specific and General Objections and based on investigations to date, Lighthouse states that the 2024 Budget was voted on and unanimously approved by the Board, including a vote in approval by the surety representative Michael Ricci. Lighthouse further refers Atlantic to its document productions to be made in this action pursuant to the parties' case schedule.

**INTERROGATORY NO. 7:**  Identify, with specificity, each and every legal, contractual, and factual support including, but not limited to, all facts or Documents referring to or relating to Lighthouse's assertion that Atlantic has "threaten[ed] the reclamation" or has caused there to be a lack of progress on reclamation of the East Decker site as set forth in paragraph 42 of the Complaint and all individuals with knowledge thereof.

**RESPONSE TO INTERROGATORY NO. 7:**  In addition to the General Objections set forth above, Lighthouse objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, and disproportionate to the needs of this action in that it seeks identification of "each and every legal, contractual, and factual support including, but not limited to, all facts or Documents" when a smaller subset would be proportional.  Lighthouse further objects to this Interrogatory as seeking legal and contractual conclusions.  Lighthouse further objects to this Interrogatory to the extent it seeks privileged information, including but not limited to, information protected from disclosure by the attorney-client privilege, the common interest privilege, and/or the

10

work-product doctrine. Lighthouse further objects to this Interrogatory as premature because discovery in this action is ongoing.

Subject to and without waiving the foregoing specific and General Objections and based on investigations to date, Lighthouse refers Atlantic refers to Interrogatory No. 4 and further refers Atlantic to its document productions to be made in this action pursuant to the parties' case schedule.

**INTERROGATORY NO. 8:** Identify, with specificity, each and every legal, contractual, and factual support including, but not limited to, all facts or Documents referring to or relating to Lighthouse's assertion that "Atlantic has not complied with its funding obligations for East Decker and accordingly, has breached the Sinking Fund Agreement," as set forth in paragraph 43 of the Complaint and all individuals with knowledge thereof.

**RESPONSE TO INTERROGATORY NO. 8:** In addition to the General Objections set forth above, Lighthouse objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, and disproportionate to the needs of this action in that it seeks identification of "each and every legal, contractual, and factual support including, but not limited to, all facts or Documents" when a smaller subset would be proportional. Lighthouse further objects to this Interrogatory as seeking legal and contractual conclusions. Lighthouse further objects to this Interrogatory to the extent it seeks privileged information, including but not limited to, information protected from disclosure by the attorney-client privilege, the common interest privilege, and/or the work-product doctrine. Lighthouse further objects to this Interrogatory as premature because discovery in this action is ongoing.

Subject to and without waiving the foregoing specific and General Objections and based on investigations to date, Lighthouse states that the 2024 Budget was voted on and unanimously approved by the Board, including a vote in approval by the surety representative Michael Ricci, but to date, Atlantic has failed to pay its pro rata share of that budget in violation of the Sinking Fund Agreement. In all applicable prior years, Atlantic funded its pro rata share of the approved budget.

11

Lighthouse further refers Atlantic to its document productions to be made in this action pursuant to the parties' case schedule.

**INTERROGATORY NO. 9:**  Identify, with specificity, each and every legal, contractual, and factual support including, but not limited to, all facts or Documents referring to or relating to Lighthouse's request to the Court in the Instant Action for a "declaration that Atlantic's Termination Notice was invalid" as set forth in paragraph 53 of the Complaint and all individuals with knowledge thereof.

**RESPONSE TO INTERROGATORY NO. 9:**  In addition to the General Objections set forth above, Lighthouse objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, and disproportionate to the needs of this action in that it seeks identification of "each and every legal, contractual, and factual support including, but not limited to, all facts or Documents" when a smaller subset would be proportional.  Lighthouse further objects to this Interrogatory as seeking legal and contractual conclusions.  Lighthouse further objects to this Interrogatory to the extent it seeks privileged information, including but not limited to, information protected from disclosure by the attorney-client privilege, the common interest privilege, and/or the work-product doctrine.  Lighthouse further objects to this Interrogatory as premature because discovery in this action is ongoing.

Subject to and without waiving the foregoing specific and General Objections and based on investigations to date, Lighthouse states that Atlantic is in material breach of the Sinking Fund Agreement and therefore cannot avail itself of any remedies under the Tolling Agreement. Lighthouse further refers Atlantic to its document productions to be made in this action pursuant to the parties' case schedule.

**INTERROGATORY NO. 10:**  Identify all Documents utilized in or consulted in and all individuals involved in, consulted for, or with knowledge of the preparation and drafting of the Plan, describe in detail, Lighthouse's involvement in preparing and drafting the Plan, and for each individual identified, state the individual's name, employer, and title.

12

**RESPONSE TO INTERROGATORY NO. 10:**  In addition to the General Objections set forth above, Lighthouse objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, and disproportionate to the needs of this action in that it seeks identification of "all Documents" when a smaller subset would be proportional.  Lighthouse further objects to this Interrogatory because the terms "utilized in" and "consulted in" are vague and ambiguous. Lighthouse further objects to this Interrogatory as seeking irrelevant information. Lighthouse further objects to this Interrogatory to the extent it seeks privileged information, including but not limited to, information protected from disclosure by the attorney-client privilege, the common interest privilege, and/or the work-product doctrine.  Lighthouse further objects to this Interrogatory as premature because discovery in this action is ongoing.

Lighthouse is willing to meet and confer regarding this Interrogatory.

**INTERROGATORY NO. 11:**  Identify all Documents utilized in or consulted in and all individuals involved in, consulted for, or with knowledge of the preparation and drafting of the Initial Budget, describe in detail, Lighthouse's involvement in preparing and drafting the Initial Budget, and for each individual identified, state the individual's name, employer, and title.

**RESPONSE TO INTERROGATORY NO. 11:**  In addition to the General Objections set forth above, Lighthouse objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, and disproportionate to the needs of this action in that it seeks identification of "all Documents" when a smaller subset would be proportional.  Lighthouse further objects to this Interrogatory because the terms "utilized in" and "consulted in" are vague and ambiguous. Lighthouse further objects to this Interrogatory as seeking irrelevant information. Lighthouse further objects to this Interrogatory to the extent it seeks privileged information, including but not limited to, information protected from disclosure by the attorney-client privilege, the common interest privilege, and/or the work-product doctrine.  Lighthouse further objects to this Interrogatory as premature because discovery in this action is ongoing.

13

Lighthouse is willing to meet and confer regarding this Interrogatory.

**INTERROGATORY NO. 12:** Describe, in detail, the calculations forming the basis of the Initial Budget including, but not limited to, the identification of Documents supporting the calculations and individuals with knowledge thereof.

**RESPONSE TO INTERROGATORY NO. 12:** In addition to the General Objections set forth above, Lighthouse objects to this Interrogatory because the term "forming the basis of" is vague and ambiguous. Lighthouse further objects to this Interrogatory as seeking irrelevant information. Lighthouse further objects to this Interrogatory to the extent it seeks privileged information, including but not limited to, information protected from disclosure by the attorney-client privilege, the common interest privilege, and/or the work-product doctrine. Lighthouse further objects to this Interrogatory as premature because discovery in this action is ongoing.

Lighthouse is willing to meet and confer regarding this Interrogatory.

**INTERROGATORY NO. 13:** Identify and describe, in detail, each instance of "deviation" from the Plan as referenced in the Plan Variance. For each such deviation identified, provide Documents relating to or referring to such deviation, describe, with particularity, the facts related to the deviation including the amounts of such deviation, the date(s) the deviation occurred, the date Lighthouse became aware of or had knowledge of the deviation, the date(s) and format (email, facsimile, etc.) of notification(s) to Atlantic, if any, of such deviation, identify the individuals providing such notification(s), and identify the individuals with Atlantic to whom such notification(s) were transmitted.

**RESPONSE TO INTERROGATORY NO. 13:** In addition to the General Objections set forth above, Lighthouse objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, and disproportionate to the needs of this action in that it seeks identification of "all Documents" when a smaller subset would be proportional. Lighthouse further objects to this Interrogatory because the term "deviation" is vague and ambiguous. Lighthouse further objects to this Interrogatory as seeking irrelevant information. Lighthouse further objects to this Interrogatory to the extent it seeks privileged information, including but not limited to, information protected from disclosure by the attorney-client privilege, the common interest privilege, and/or the work-product

14

doctrine. Lighthouse further objects to this Interrogatory as premature because discovery in this action is ongoing.

Lighthouse is willing to meet and confer regarding this Interrogatory.

**INTERROGATORY NO. 14:** Describe, in detail, the process used and steps taken for reviewing the progress of the reclamation efforts at East Decker and the overseeing of the completion of the Decker reclamation plan including, but not limited to, identification of the process and investigation Lighthouse conducts to determine how to utilize funds received under the Sinking Fund Agreement, Documents relating thereto, and identification of the individuals involved in and/or with knowledge of such process and investigation.

**RESPONSE TO INTERROGATORY NO. 14:** In addition to the General Objections set forth above, Lighthouse objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, and disproportionate to the needs of this action. Lighthouse further objects to this Interrogatory because "the process used and steps taken for reviewing the progress of the reclamation efforts at East Decker and the overseeing of the completion of the Decker reclamation plan" is vague and ambiguous. Lighthouse further objects to this Interrogatory as seeking irrelevant information. Lighthouse further objects to this Interrogatory to the extent it seeks privileged information, including but not limited to, information protected from disclosure by the attorney-client privilege, the common interest privilege, and/or the work-product doctrine. Lighthouse further objects to this Interrogatory as premature because discovery in this action is ongoing.

Lighthouse is willing to meet and confer regarding this Interrogatory.

**INTERROGATORY NO. 15:** Identify and describe, in detail, each instance in which Lighthouse has received disbursements of collateral in relation to the Reclamation Sinking Fund as contemplated in the Sinking Fund Agreement including, but not limited to, the dates of such disbursements, amount of disbursements, and the entity making such disbursement and/or release of collateral including the identification of Documents relating thereto and individuals involved in and/or with knowledge thereof.

**RESPONSE TO INTERROGATORY NO. 15:** In addition to the General Objections set forth above, Lighthouse objects to this Interrogatory on the grounds that it is overly broad, unduly

15

burdensome, and disproportionate to the needs of this action in that it seeks identification of "each instance" when a smaller subset would be proportional.  Lighthouse further objects to this Interrogatory as seeking irrelevant information.  Lighthouse further objects to this Interrogatory to the extent it seeks privileged information, including but not limited to, information protected from disclosure by the attorney-client privilege, the common interest privilege, and/or the work-product doctrine.  Lighthouse further objects to this Interrogatory as premature because discovery in this action is ongoing.

Lighthouse is willing to meet and confer regarding this Interrogatory.

**INTERROGATORY NO. 16:**  Identify and describe, in detail, any policies and procedures Lighthouse has and/or utilizes in creating its annual budgets for its reclamation efforts in relation to East Decker to ensure such efforts are progressing the reclamation of East Decker in compliance with the Plan. Include in Lighthouse's response the identification of documents relating thereto and individuals involved in and/or with knowledge thereof.

**RESPONSE TO INTERROGATORY NO. 16:**  In addition to the General Objections set forth above, Lighthouse objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, and disproportionate to the needs of this action in that it seeks identification of "any policies and procedures" when a smaller subset would be proportional.  Lighthouse further objects to this Interrogatory because "any policies and procedures" is vague and ambiguous.  Lighthouse further objects to this Interrogatory as seeking irrelevant information.  Lighthouse further objects to this Interrogatory to the extent it seeks privileged information, including but not limited to, information protected from disclosure by the attorney-client privilege, the common interest privilege, and/or the work-product doctrine.  Lighthouse further objects to this Interrogatory as premature because discovery in this action is ongoing.  Lighthouse further objects to this Interrogatory as assuming certain reclamation progress is required by the terms of the Plan.

Lighthouse is willing to meet and confer regarding this Interrogatory.

16

**INTERROGATORY NO. 17:**  State the amount and category of damages Lighthouse seeks in the Instant Action and identify each and every Document that supports your alleged entitlement to such damages. With regard to each Document identified pursuant to this interrogatory, state the nature, date, subject matter and author of the document as well as the identity of all persons to whom the document was directed, addressed, or received and identify all individuals with knowledge thereof.

**RESPONSE TO INTERROGATORY NO. 17:**  In addition to the General Objections set forth above, Lighthouse objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, and disproportionate to the needs of this action in that it seeks identification of "the amount and category of damages" and "each and every Document" when a smaller subset would be proportional.  Lighthouse further objects to this Interrogatory as seeking legal conclusions. Lighthouse further objects to this Interrogatory to the extent it seeks privileged information, including but not limited to, information protected from disclosure by the attorney-client privilege, the common interest privilege, and/or the work-product doctrine.  Lighthouse further objects to this Interrogatory as premature because discovery in this action is ongoing.

Subject to and without waiving the foregoing specific and General Objections and based on investigations to date, Lighthouse seeks $2,458,614, pre-and post-judgment interest, its attorneys' fees and costs, and all other applicable damages to be proven at trial.  Lighthouse further refers Atlantic to its document productions to be made in this action pursuant to the parties' case schedule.

**INTERROGATORY NO. 18:**  To the extent any of Lighthouse's responses to Atlantic's First Set of Requests for Admission are not unqualified admissions, explain for each response, each and every legal, contractual, and factual basis, including the identification of any supporting Documents, for why Lighthouse has not admitted that Request.

**RESPONSE TO INTERROGATORY NO. 18:**  In addition to the General Objections set forth above, Lighthouse objects to this Interrogatory as seeking legal and contractual conclusions. Lighthouse further objects to this Interrogatory to the extent it seeks privileged information, including but not limited to, information protected from disclosure by the attorney-client privilege,

the common interest privilege, and/or the work-product doctrine.  Lighthouse further objects to this Interrogatory as premature because discovery in this action is ongoing.

Subject to and without waiving the foregoing specific and General Objections and based on investigations to date, Lighthouse refers Atlantic to its document productions to be made in this action pursuant to the parties' case schedule.

**INTERROGATORY NO. 19:**   Identify all Documents relied upon in answering these Interrogatories.

**RESPONSE TO INTERROGATORY NO. 19:**  In addition to the General Objections set forth above, Lighthouse objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, and disproportionate to the needs of this action in that it seeks identification of "all Documents" when a smaller subset would be proportional.  Lighthouse further objects to this Interrogatory to the extent it seeks privileged information, including but not limited to, information protected from disclosure by the attorney-client privilege, the common interest privilege, and/or the work-product doctrine.

Subject to and without waiving the foregoing specific and General Objections and based on investigations to date, Lighthouse refers Atlantic to its document productions to be made in this action pursuant to the parties' case schedule.

**INTERROGATORY NO. 20:**  Identify all witnesses, including expert witnesses, that Lighthouse intends to call at any deposition, trial, hearing or other proceeding in this action.

**RESPONSE TO INTERROGATORY NO. 20:**  In addition to the General Objections set forth above, Lighthouse objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, and disproportionate to the needs of this action in that it seeks identification of "all witnesses" when a smaller subset would be proportional.  Lighthouse further objects to this Interrogatory to the extent it seeks privileged information, including but not limited to, information

18

protected from disclosure by the attorney-client privilege, the common interest privilege, and/or the work-product doctrine.  Lighthouse further objects to this Interrogatory as premature because discovery in this action is ongoing.

Subject to and without waiving the foregoing specific and General Objections and based on investigations to date, Lighthouse refers Atlantic to its document productions to be made in this action pursuant to the parties' case schedule.

Dated: December 19, 2024          */s/ James R. Risener III*
      Wilmington, Delaware          L. Katherine Good (No. 5101)
                                    Jesse L. Noa (No. 5973)
                                    James R. Risener III (No. 7334)
                                    Hannah L. Paxton (No. 7096)
                                    **POTTER ANDERSON & CORROON LLP**
                                    1313 N. Market Street, 6th Floor
                                    Wilmington, DE  19801
                                    Telephone: (302) 984-6000
                                    Facsimile:  (302) 658-1192
                                    Email: kgood@potteranderson.com
                                            jnoa@potteranderson.com
                                            jrisener@potteranderson.com
                                            hpaxton@potteranderson.com

*Counsel for Lighthouse Resources Inc.*

19

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>LIGHTHOUSE RESOURCES INC.,[1]<br><br>    Debtor. | Chapter 11<br><br>Case No. 20-13056 (JTD) |
| LIGHTHOUSE RESOURCES INC.,<br><br>    Plaintiff,<br>  v.<br><br>ATLANTIC SPECIALTY INSURANCE COMPANY,<br><br>    Defendant. | Adv. Proc. No. 24-50144 (JTD) |

## VERIFICATION

STATE OF _Utah_

COUNTY OF _Salk Lake_

I, Tay Tonozzi, President and CEO at Lighthouse Resources Inc., hereby state under oath that I have read *Plaintiff's Responses and Objections to Defendant/Counter-Plaintiff/Third-Party Plaintiff Atlantic Specialty Insurance Company's First Set of Interrogatories to Plaintiff/Counter-Defendant Lighthouse Resources Inc.* in the above-captioned case; and, to the best of my knowledge, information and belief, the statements made therein are true and correct.

---

[1] The Debtor in this chapter 11 case, along with the last four digits of the Debtor's federal tax identification number, is Lighthouse Resources Inc. (4713), The location of the Debtor's service address in this chapter 11 case is 10980 South Jordan Gateway, South Jordan, Utah 84095.

Tay Tonozzi

SWORN TO and subscribed before me
this _18_ day of December, 2024

_Kathie Chahanovich_
Notary Public

My Commission Expires:_____2/22/2028_____

KATHIE CHAHANOVICH
Notary Public  State of Utah
My Commission Expires on:
February 22, 2028
Comm. Number: 735700

2

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>LIGHTHOUSE RESOURCES INC.,[1]<br><br>     Debtor. | Chapter 11<br><br>Case No. 20-13056 (JTD) |
| LIGHTHOUSE RESOURCES INC.,<br><br>     Plaintiff,<br>  v.<br><br>ATLANTIC SPECIALTY INSURANCE COMPANY,<br><br>     Defendant. | Adv. Proc. No. 24-50144 (JTD) |

**PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANT/COUNTER-
PLAINTIFF/THIRD-PARTY PLAINTIFF ATLANTIC SPECIALTY INSURANCE
COMPANY'S FIRST SET OF REQUESTS FOR ADMISSION TO
<u>PLAINTIFF/COUNTER-DEFENDANT LIGHTHOUSE RESOURCES INC.</u>**

Plaintiff Lighthouse Resources Inc. ("Lighthouse") hereby responds to the following

requests for admission (the "Requests" or a "Request"). Lighthouse hereby incorporates by

reference the definitions and instructions set forth in the Federal Rules of Civil Procedure and the

applicable Local Rules of the United States District Court for the District of Delaware and the

United States Bankruptcy Court for the District of Delaware. Pursuant to Federal Rules of Civil

Procedure 26 and 36, made applicable to this adversary proceeding by Federal Rules of Bankruptcy

Procedure 7026 and 7036 as follows:

---

[1] The Debtor in this chapter 11 case, along with the last four digits of the Debtor's federal tax identification number, is Lighthouse Resources Inc. (4713), The location of the Debtor's service address in this chapter 11 case is 10980 South Jordan Gateway, South Jordan, Utah 84095.

## GENERAL OBJECTIONS

In addition to the objections set forth separately in the responses below (the "Specific Objections"), the following General Objections apply to and are hereby incorporated in each response and shall have the same force and effect as if set forth in full in response to each individually numbered Request, whether or not specifically referred to therein. Each response is qualified by the General Objections and is limited to matters not covered thereby.

1.    Lighthouse objects to the Requests to the extent that they are inconsistent with, or purport to impose on Lighthouse obligations beyond the Federal Rules of Civil Procedure, as made applicable to this proceeding by Federal Rules of Bankruptcy Procedure, relevant case law, or any order of this Court.

2.    Lighthouse objects to the Requests to the extent they seek responses that are not relevant to this action.

3.    Lighthouse objects to the Requests to the extent that they seek responses protected from discovery by an applicable privilege, including but not limited to the attorney-client privilege, the work product doctrine, and/or the common interest privilege.

4.    Lighthouse objects to the Requests to the extent that they, or the terms used therein, are vague and fail to identify with the necessary specificity the information sought.

5.    Lighthouse objects to the Requests to the extent that they seek confidential, sensitive, personal, or proprietary information without the protection of a mutually agreeable protective order or other applicable confidentiality agreement.

6.    Lighthouse objects to the Requests to the extent that they improperly seek legal conclusions through Lighthouse's responses.

2

7.       By responding to these Requests, Lighthouse does not waive or intend to waive: (i) any objections as to authenticity, competency, relevancy, materiality or admissibility as evidence, for any purpose, of the responses to the Requests; (ii) the right to object on any ground to the use of Lighthouse's responses to the Requests at any hearing, trial or other proceeding in this proceeding; (iii) the right to object on any ground at any time to a demand for further responses to these Requests or other document or discovery requests in this action; or (iv) the right to object based on the Court's disposition of Lighthouse's motion to dismiss Atlantic's counterclaims, filed on December 4, 2024.

### OBJECTIONS TO DEFINITIONS

8.       Lighthouse objects to each of Atlantic's "Definitions" on the grounds that they purport to give meaning and/or legal significance to a document, event, fact, or purported fact whose meaning and/or significance is subject to dispute between the parties, and to the extent that they attribute any special or unusual meaning to any term or phrase.  Lighthouse's responses shall not constitute an admission or concession as to the accuracy of any definitions, terms, or phrases used by Atlantic, or legal positions taken by Atlantic, in the Requests.

9.       Lighthouse objects to each of Atlantic's "Definitions" on the grounds that they are inconsistent with or purport to impose on Lighthouse obligations beyond those imposed by the Federal Rules of Civil Procedure, as made applicable to this proceeding by the Federal Rules of Bankruptcy Procedure, relevant case law, or any order of this Court.

### RESPONSES AND OBJECTIONS TO ADMISSIONS

**Request for Admission No. 1:**  Atlantic issued reclamation bond nos. 800034462 and 800010582 (the "Bonds") identifying Decker Coal Company, LLC, as Principal.

**Response to Request for Admission No. 1:**  Admitted.

3

**Request for Admission No. 2:**  Lighthouse, by signature of its President, Everett King, executed the General Indemnity Agreement attached hereto as Exhibit 2.

**Response to Request for Admission No. 2:**  Admitted.

**Request for Admission No. 3:** Lighthouse executed the Trust Agreement.

**Response to Request for Admission No. 3:**  Denied as stated. Lighthouse admits only that it executed the Trust Agreement as a representative for multiple entities.

**Request for Admission No. 4:**  Pursuant to the Trust Agreement, the funds in the Reclamation Sinking Fund are subject to the supervision of Atlantic and other sureties identified therein.

**Response to Request for Admission No. 4:**  Lighthouse objects to this Request as improperly seeking a legal conclusion and ultimate issue in the case via request for admission and therefore denies the Request.

**Request for Admission No. 5:**  On August 31, 2021, Lighthouse filed, as part of a Plan supplement, a ten-year forecast for the reclamation period, the Initial Budget.

**Response to Request for Admission No. 5:**  Denied as stated. Lighthouse admits only that on August 31, 2021, the "Proposed Reclamation Trust Entity Budget" was filed with this Court.

**Request for Admission No. 6:**  The Initial Budget forecasted Atlantic will have paid out all of its collateral by year four and be fully released from the Bonds on East Decker by 2025.

**Response to Request for Admission No. 6:**  Denied.

**Request for Admission No. 7**:  The Initial Budget estimated the costs to reclaim both the East and West Decker Mines would total $114,591,000 (the "Initial Budget Amount").

**Response to Request for Admission No. 7:**  Admitted that an estimate of potential future costs in the amount of $114,591,000 was made.

**Request for Admission No. 8:**  Black Butte has failed to provide its contractually required funding in support of Lighthouse's Reclamation efforts at East Decker.

**Response to Request for Admission No. 8:**  Lighthouse objects to this Request as improperly seeking a legal conclusion and ultimate issue in the case via request for admission and therefore

denies the Request.  Lighthouse further objects to this Request as improperly seeking an admission

from Lighthouse on behalf of Black Butte, a third party, and therefore denies the Request.

**Request for Admission No. 9:**  Atlantic has released a total of $10 million in collateral to the Reclamation Sinking Fund for the implementation of the East Decker reclamation plans.

**Response to Request for Admission No. 9:**  Denied.

**Request for Admission No. 10:**  The reclamation progress of East Decker has not complied with the Plan.

**Response to Request for Admission No. 10:**  Lighthouse objects to this Request as improperly

seeking a legal conclusion and ultimate issue in the case via request for admission and therefore

denies the Request.

**Request for Admission No. 11:**  The Plan did not include necessary costs to achieve the approved reclamation plans set forth in the Plan.

**Response to Request for Admission No. 11:**  Lighthouse objects to this Request as improperly

seeking a legal conclusion and ultimate issue in the case via request for admission and therefore

denies the Request.

**Request for Admission No. 12:**  The Plan did not account for, at least, $9,359,000.00 in necessary costs to achieve the approved reclamation plans set forth in the Plan.

**Response to Request for Admission No. 12:**  Lighthouse objects to this Request as improperly

seeking a legal conclusion and ultimate issue in the case via request for admission and therefore

denies the Request.

**Request for Admission No. 13:**  As of August 23, 2021, Lighthouse had knowledge that there were additional costs associated with its reclamation plans set forth in the Plan that were not accounted for in the original Plan.

**Response to Request for Admission No. 13:**  Lighthouse objects to this Request as improperly

seeking a legal conclusion and ultimate issue in the case via request for admission and therefore

denies the Request.

**Request for Admission No. 14:**  As of August 23, 2021, Lighthouse did not provide notice to Atlantic as to all additional costs associated with its reclamation plans set forth in the Plan that were not accounted for in the original Plan

**Response to Request for Admission No. 14:**  Lighthouse objects to this Request as improperly

seeking a legal conclusion and ultimate issue in the case via request for admission and therefore

denies the Request.

**Request for Admission No. 15:**  As of October 19, 2021, Lighthouse had knowledge that there were additional costs associated with its reclamation plans set forth in the Plan that were not accounted for in the original Plan.

**Response to Request for Admission No. 15:**  Lighthouse objects to this Request as improperly

seeking a legal conclusion and ultimate issue in the case via request for admission and therefore

denies the Request.

**Request for Admission No. 16:**  As of October 19, 2021, Lighthouse did not provide notice to Atlantic as to all additional costs associated with its reclamation plans set forth in the Plan that were not accounted for in the original Plan.

**Response to Request for Admission No. 16:**  Lighthouse objects to this Request as improperly

seeking a legal conclusion and ultimate issue in the case via request for admission and therefore

denies the Request.

**Request for Admission No. 17:**  As of January 11, 2022, Lighthouse had knowledge that there were additional costs associated with its reclamation plans set forth in the Plan that were not accounted for in the original Plan.

**Response to Request for Admission No. 17:**  Lighthouse objects to this Request as improperly

seeking a legal conclusion and ultimate issue in the case via request for admission and therefore

denies the Request.

**Request for Admission No. 18:**  As of January 11, 2022, Lighthouse did not provide notice to Atlantic as to all additional costs associated with its reclamation plans set forth in the Plan that were not accounted for in the original Plan.

6

**Response to Request for Admission No. 18:**  Lighthouse objects to this Request as improperly

seeking a legal conclusion and ultimate issue in the case via request for admission and therefore

denies the Request.

**Request for Admission No. 19:**  As of January 25, 2023, Lighthouse had knowledge that there were additional costs associated with its reclamation plans set forth in the Plan that were not accounted for in the original Plan.

**Response to Request for Admission No. 19:**  Lighthouse objects to this Request as improperly

seeking a legal conclusion and ultimate issue in the case via request for admission and therefore

denies the Request.

**Request for Admission No. 20:**  As of January 25, 2023, Lighthouse did not provide notice to Atlantic as to all additional costs associated with its reclamation plans set forth in the Plan that were not accounted for in the original Plan.

**Response to Request for Admission No. 20:**  Lighthouse objects to this Request as improperly

seeking a legal conclusion and ultimate issue in the case via request for admission and therefore

denies the Request.

**Request for Admission No. 21:**  As of August 23, 2021, Lighthouse had knowledge that its reclamation efforts were not progressing as set forth in the Plan and Initial Budget.

**Response to Request for Admission No. 21:**  Lighthouse objects to this Request as improperly

seeking a legal conclusion and ultimate issue in the case via request for admission and therefore

denies the Request.

**Request for Admission No. 22:**  As of August 23, 2021, Lighthouse did not provide notice to Atlantic stating that Lighthouse's reclamation efforts were not progressing as set forth in the Plan and Initial Budget.

**Response to Request for Admission No. 22:**  Lighthouse objects to this Request as improperly

seeking a legal conclusion and ultimate issue in the case via request for admission and therefore

denies the Request.

7

**Request for Admission No. 23:**  As of October 19, 2021, Lighthouse had knowledge that its reclamation efforts were not progressing as set forth in the Plan and Initial Budget.

**Response to Request for Admission No. 23:**  Lighthouse objects to this Request as improperly seeking a legal conclusion and ultimate issue in the case via request for admission and therefore denies the Request.

**Request for Admission No. 24:**  As of October 19, 2021, Lighthouse did not provide notice to Atlantic stating that Lighthouse's reclamation efforts were not progressing as set forth in the Plan and Initial Budget.

**Response to Request for Admission No. 24:**  Lighthouse objects to this Request as improperly seeking a legal conclusion and ultimate issue in the case via request for admission and therefore denies the Request.

**Request for Admission No. 25:**  As of January 11, 2022, Lighthouse had knowledge that its reclamation efforts were not progressing as set forth in the Plan and Initial Budget.

**Response to Request for Admission No. 25:**  Lighthouse objects to this Request as improperly seeking a legal conclusion and ultimate issue in the case via request for admission and therefore denies the Request.

**Request for Admission No. 26:**  As of January 11, 2022, Lighthouse did not provide notice to Atlantic stating that Lighthouse's reclamation efforts were not progressing as set forth in the Plan and Initial Budget.

**Response to Request for Admission No. 26:**  Lighthouse objects to this Request as improperly seeking a legal conclusion and ultimate issue in the case via request for admission and therefore denies the Request.

**Request for Admission No. 27:**  As of January 25, 2023, Lighthouse had knowledge that its reclamation efforts were not progressing as set forth in the Plan and Initial Budget.

**Response to Request for Admission No. 27:**  Lighthouse objects to this Request as improperly seeking a legal conclusion and ultimate issue in the case via request for admission and therefore denies the Request.

**Request for Admission No. 28:**  As of January 25, 2023, Lighthouse did not provide notice to Atlantic stating that Lighthouse's reclamation efforts were not progressing as set forth in the Plan and Initial Budget.

**Response to Request for Admission No. 28:**  Lighthouse objects to this Request as improperly seeking a legal conclusion and ultimate issue in the case via request for admission and therefore denies the Request.

**Request for Admission No. 29:**  Lighthouse requested collateral releases from Atlantic to fund the East Decker reclamation efforts while knowing that the reclamation plans set forth in the Plan faced a budgeting shortfall of at least $9.3 million from inception.

**Response to Request for Admission No. 29:**  Lighthouse admits only that it has, pursuant to the yearly Reclamation Trust budget, requested collateral releases from Atlantic to be deposited into the Sinking Fund.  Lighthouse denies the remainder of the Request.

**Request for Admission No. 30:**  According to the Plan and Initial Budget, Lighthouse should have achieved or reclaimed 67% of the East Decker Mine by 2024.

**Response to Request for Admission No. 30:**  Denied.

**Request for Admission No. 31:**  Lighthouse has failed to reclaim 67% of the East Decker Mine.

**Response to Request for Admission No. 31:**  Lighthouse objects to this Request as vague  because the source and calculation of "67%" is undefined.

**Request for Admission No. 32:**  As of November 2024, Lighthouse is at least seven years behind on its progress of the East Decker Mine compared to the reclamation plans set forth in the Plan.

**Response to Request for Admission No. 32:**  Denied.

**Request for Admission No. 33:**  Progress on Lighthouse's reclamation plans for the East Decker Mine has been slowed as a result of at least $9,300,000.00 in costs that were not included in the Plan.

**Response to Request for Admission No. 33:**  Denied.

**Request for Admission No. 34:**  The, at least, $9,300,000.00 in costs set forth in the Plan Variance should have been included in the Plan.

**Response to Request for Admission No. 34:**  Denied.

9

**Request for Admission No. 35:**  The Plan was not feasible and could not have been completed within the Initial Budget from its inception.

**Response to Request for Admission No. 35:**  Denied.

**Request for Admission No. 36:**  The cost to complete the reclamation plans set forth in the Plan exceed the amounts set forth in the Initial Budget.

**Response to Request for Admission No. 36:**  Admitted.

**Request for Admission No. 37:**  The Plan Variance was not provided to Atlantic until the year 2024.

**Response to Request for Admission No. 37:**  Admitted.

**Request for Admission No. 38:**  The Tolling Agreement states "[t]his Agreement may be terminated by any Party only upon 60 days written notice to all other Parties."

**Response to Request for Admission No. 38:**  Admitted.

**Request for Admission No. 39:**  The Notice of Termination is titled "60-DAY NOTICE OF TERMINATION OF TOLLING AGREEMENT."

**Response to Request for Admission No. 39:**  Admitted.

**Request for Admission No. 40:**  The Notice of Termination was received by Black Butte in accordance with the notice provision, paragraph 8, of the Tolling Agreement.

**Response to Request for Admission No. 40:**  Lighthouse objects to this Request as improperly seeking a legal conclusion via request for admission and therefore denies the Request.  Lighthouse further objects to this Request as improperly seeking an admission from Lighthouse on behalf of Black Butte, a third party, and therefore denies the Request.

**Request for Admission No. 41:**  The Notice of Termination encloses a copy of the Tolling Agreement as Exhibit 1.

**Response to Request for Admission No. 41:**  Admitted.

**Request for Admission No. 42:**  The Notice of Termination states "Paragraph 8 of the Tolling Agreement permits termination by any Party upon 60 days written notice to all other Parties. *See* Ex. 1 at Paragraph 8. Accordingly, ASIC provides this 60-day written notice to all other Parties, which shall be effective upon delivery of this email correspondence. *See* Ex. 1 at Paragraph 8."

**Response to Request for Admission No. 42:**  Admitted.

**Request for Admission No. 43**:  Atlantic has released collateral in the amount of $10,000,000 to Lighthouse.

**Response to Request for Admission No. 43:**  Denied.

**Request for Admission No. 44:**  Subsequent to April 7, 2021, Lighthouse provided Atlantic with a revised reclamation plan that would require an additional $32,500,000.00 for completion of the reclamation efforts initial set forth in the Plan presuming Lighthouse meets all production targets moving forward.

**Response to Request for Admission No. 44:**  Denied.

### RESPONSES TO REQUESTS TO ADMIT THE GENUINENESS OF DOCUMENTS

**Request for Admission No. 45:** The General Indemnity Agreement dated June 12, 2014 by and between, among others, Atlantic, Decker Coal Company, and Black Butte (attached hereto as **Exhibit 1**).

**Response to Request for Admission No. 45:**  Admitted.

**Request for Admission No. 46:** The General Indemnity Agreement dated November 10, 2016 by and between, among others, Atlantic and Lighthouse (attached hereto as **Exhibit 2**).

**Response to Request for Admission No. 46:**  Admitted.

**Request for Admission No. 47:**  The Trust Agreement dated April 7, 2021 by and between, among others, Lighthouse and Atlantic (attached hereto as **Exhibit 3**).

**Response to Request for Admission No. 47:**  Admitted.

**Request for Admission No. 48:**  The Plan titled Second Amended Joint Plan of Debtors Under Chapter 11 of the Bankruptcy Code dated March 10, 2021 (attached hereto as **Exhibit 4**).

**Response to Request for Admission No. 48:**  Admitted.

**Request for Admission No. 49:** The Sinking Fund Agreement dated April 7, 2021 by and between, among others, Atlantic and Lighthouse Reclamation Trust (attached hereto as **Exhibit 5**).

**Response to Request for Admission No. 49:**  Admitted.

**Request for Admission No. 50:** The Plan Variance (attached hereto as **Exhibit 6**).

**Response to Request for Admission No. 50:**  Admitted.

11

**Request for Admission No. 51:**  The Tolling Agreement dated April 7, 2021 by and between, among others, Atlantic and Black Butte (attached hereto as **Exhibit 7).**

**Response to Request for Admission No. 51:**  Admitted.

**Request for Admission No. 52:**  The Bonding Agreement dated April 7, 2021 by and between, among others, Atlantic and Lighthouse (attached hereto as **Exhibit 8).**

**Response to Request for Admission No. 52:**  Admitted.

**Request for Admission No. 53:**   The Initial Budget (attached hereto as **Exhibit 9**).

**Response to Request for Admission No. 53:**  Admitted.

**Request for Admission No. 54:**  The Notice of Termination (attached hereto as **Exhibit 10**).

**Response to Request for Admission No. 54:**  Admitted.

**Request for Admission No. 55:**  Bond No. 800034462 issued by Atlantic, as surety, identifying Decker Coal Company, LLC as principal (attached hereto as **Exhibit 11**).

**Response to Request for Admission No. 55:**  Admitted.

**Request for Admission No. 56:** Bond No. 800010582 issued by Atlantic, as surety, identifying Decker Coal Company, LLC as principal (attached hereto as **Exhibit 12**).

**Response to Request for Admission No. 56:**  Admitted.

Dated: December 19, 2024          */s/ James R. Risener III*
        Wilmington, Delaware         L. Katherine Good (No. 5101)
                                      Jesse L. Noa (No. 5973)
                                      James R. Risener III (No. 7334)
                                      Hannah L. Paxton (No. 7096)
                                      **POTTER ANDERSON & CORROON LLP**
                                      1313 N. Market Street, 6th Floor
                                      Wilmington, DE  19801
                                      Telephone: (302) 984-6000
                                      Facsimile:  (302) 658-1192
                                      Email: kgood@potteranderson.com
                                            jnoa@potteranderson.com
                                            jrisener@potteranderson.com
                                            hpaxton@potteranderson.com

                                      *Counsel for Lighthouse Resources Inc.*

12

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>LIGHTHOUSE RESOURCES INC.,[1]<br><br>      Debtor. | Chapter 11<br><br>Case No. 20-13056 (JTD) |
| LIGHTHOUSE RESOURCES INC.,<br><br>      Plaintiff,<br>   v.<br><br>ATLANTIC SPECIALTY INSURANCE COMPANY,<br><br>      Defendant. | Adv. Proc. No. 24-50144 (JTD) |

**LIGHTHOUSE RESOURCES INC.'S RESPONSES AND OBJECTIONS TO
DEFENDANT/COUNTER-PLAINTIFF/THIRD-PARTY PLAINTIFF ATLANTIC
SPECIALTY INSURANCE COMPANY'S FIRST SET OF REQUESTS FOR
PRODUCTION TO PLAINTIFF/COUNTER-DEFENDANT
<u>LIGHTHOUSE RESOURCES INC.</u>**

Plaintiff Lighthouse Resources Inc. ("Lighthouse") hereby responds to the following

requests (the "Requests" or a "Request"). Lighthouse hereby incorporates by reference the

definitions and instructions set forth in the Federal Rules of Civil Procedure and the applicable

Local Rules of the United States District Court for the District of Delaware and the United States

Bankruptcy Court for the District of Delaware. Pursuant to Federal Rules of Civil Procedure 26

and 34, made applicable to this adversary proceeding by Federal Rules of Bankruptcy Procedure

7026 and 7034 as follows:

---

[1] The Debtor in this chapter 11 case, along with the last four digits of the Debtor's federal tax identification number, is Lighthouse Resources Inc. (4713), The location of the Debtor's service address in this chapter 11 case is 10980 South Jordan Gateway, South Jordan, Utah 84095.

**GENERAL OBJECTIONS**

In addition to the objections set forth separately in the responses below (the "Specific Objections"), the following General Objections apply to and are hereby incorporated in each response and shall have the same force and effect as if set forth in full in response to each individually numbered Request, whether or not specifically referred to therein. Each response is qualified by the General Objections and is limited to matters not covered thereby.

1. Lighthouse objects to the Requests to the extent that they are inconsistent with, or purport to impose on Lighthouse obligations beyond the Federal Rules of Civil Procedure, as made applicable to this proceeding by the Federal Rules of Bankruptcy Procedure, relevant case law, or any order of this Court.

2. Lighthouse objects to the Requests to the extent they seek documents that are not relevant to this action.

3. Lighthouse objects to the Requests to the extent that they are not reasonably limited in scope, rendering the Requests overly broad, unduly burdensome, irrelevant, and not proportional to the needs of the case.

4. Lighthouse objects to the Requests to the extent that they seek the production of "all" documents under circumstances in which a production of a subset of documents is sufficient to show the pertinent information. Lighthouse cannot ensure that it has located every document responsive to a particular Request.

2

4.      Lighthouse objects to the Requests to the extent that they seek confidential, sensitive, personal, or proprietary information without the protection of a mutually agreeable protective order or other applicable confidentiality agreement.  Lighthouse will not produce any documents until entrance of a mutually agreeable protective order or other applicable confidentiality agreement.

5.      Lighthouse objects to the Requests to the extent that they, or the terms used therein, are vague and fail to identify with the necessary specificity the information or document(s) sought.

6.      Lighthouse objects to the Requests to the extent that they call for the production of documents that are part of the public record or are otherwise readily available to Atlantic from other sources, on the grounds that such documents are equally available to Atlantic and the burden and expense of obtaining such documents is not greater for Atlantic than it is for Lighthouse.

7.      Lighthouse objects to the Requests to the extent that they purport to seek documents and information that were prepared in anticipation of litigation or come within the scope of the attorney-client privilege, work-product doctrine, any protective order or confidentiality agreement (other than one entered on consent of the parties in this Action), or any other applicable confidentiality restrictions, privileges or protections.  Lighthouse hereby claims such privileges and protections to the extent implicated by each Request and any information that comes within the scope of such privileges or protections will not be produced.  Any disclosure of any privileged or protected documents or information in response to the Requests is inadvertent and not intended to, and shall not, waive those privileges or protections.  Lighthouse reserves the right to demand the return or destruction of any privileged or protected documents or information inadvertently produced or disclosed by Lighthouse in this proceeding, together with all copies thereof.

8.      Lighthouse objects to the Requests to the extent that they call for the production of documents that are outside of Lighthouse's possession, custody or control. Lighthouse will produce only those materials that are within its possession, custody or control.

9.      Lighthouse objects to each Request that would cause Lighthouse unreasonable annoyance, embarrassment, oppression, burden, or expense, or require Lighthouse to make an unreasonable investigation.

10.      A response from Lighthouse that it will produce documents in response to a specific Request should not be interpreted as (i) an affirmation that such documents exist or that they are in Lighthouse's possession, custody or control; or (ii) agreement to produce any such documents at the present time.

11.      By responding to these Requests, Lighthouse does not waive or intend to waive: (i) any objections as to authenticity, competency, relevancy, materiality or admissibility as evidence, for any purpose, of the responses to the Requests or any information or documents produced in response to these Requests; (ii) the right to object on any ground to the use of Lighthouse's responses to the Requests or any information or documents produced in response to these Requests at any hearing, trial or other proceeding in this proceeding; (iii) the right to object on any ground at any time to a demand for further responses to these Requests or other document or discovery requests in this action; or (iv) the right to object based on the Court's disposition of Lighthouse's motion to dismiss Atlantic's counterclaims, filed on December 4, 2024.

## OBJECTIONS TO INSTRUCTIONS AND DEFINITIONS

12.      Lighthouse objects to each of Atlantic's "Instructions" and "Definitions" on the grounds that they purport to give meaning and/or legal significance to a document, event, fact, or purported fact whose meaning and/or significance is subject to dispute between the parties, and to

4

the extent that they attribute any special or unusual meaning to any term or phrase.  Lighthouse's responses shall not constitute an admission or concession as to the accuracy of any definitions, terms, or phrases used by Atlantic, or legal positions taken by Atlantic, in the Requests.

13.    Lighthouse objects to each of Atlantic's "Instructions" and "Definitions" on the grounds that they are inconsistent with or purport to impose on Lighthouse obligations beyond those imposed by the Federal Rules of Civil Procedure, as made applicable to this proceeding by Federal Rules of Bankruptcy Procedure, relevant case law, or any order of this Court.

14.    Lighthouse objects to Instruction nos. 2, 5, and 6 to the extent that they require Lighthouse to respond on behalf of unidentified third parties and/or produce documents and information outside of Lighthouse's possession and/or control.  Lighthouse will not speculate on the knowledge of unidentified third parties, provide a response on behalf of unidentified third parties, or produce documents and information on behalf of unidentified third parties.

15.    Lighthouse objects to Instruction no. 4 as overly burdensome and disproportionate.

16.    Lighthouse objects to Instruction nos. 3 and 7 on the grounds that they are inconsistent with or purport to impose on Lighthouse obligations beyond those imposed by the Federal Rules of Civil Procedure, as made applicable to this proceeding by Federal Rules of Bankruptcy Procedure, relevant case law, or any order of this Court.  Lighthouse further objects to Instruction nos. 3 and 7 to the extent that they require the premature production of a privilege log. Lighthouse will produce a privilege log at an appropriate time pursuant to the parties' case schedule and/or any order of this Court.

17.    Lighthouse objects to Instruction no. 12 on the grounds that it is overbroad, unduly burdensome, and not proportional to the needs of this action. Lighthouse will only produce responsive documents and information from **January 1, 2021 – October 9, 2024**.

18. Lighthouse objects to Definition nos. 4, 5, and 6 on the grounds that they are inconsistent with or purport to impose on Lighthouse obligations beyond those imposed by the Federal Rules of Civil Procedure, as made applicable to this proceeding by Federal Rules of Bankruptcy Procedure, relevant case law, or any order of this Court and overly burdensome and disproportionate.

19. Lighthouse objects to Definition nos. 4, 7, 8, 9, and 10, to the extent that they require Lighthouse to respond on behalf of unidentified third parties and/or produce documents and information outside of Lighthouse's possession and/or control. Lighthouse will not speculate on the knowledge of unidentified third parties, provide a response on behalf of unidentified third parties, or produce documents and information on behalf of unidentified third parties.

20. Lighthouse reserves the right at any time to revise, correct, add to, clarify or supplement its responses and objections to each Request.

## REQUESTS FOR PRODUCTION

**Request for Production No. 1:** Any and all Documents and Communications relating to, referring to, relied upon in, supporting or evidencing Lighthouse's answers to Atlantic's First Set of Interrogatories and Lighthouse's responses to Atlantic's First Set of Requests for Admission served contemporaneously herewith.

**Response to Request for Production No. 1:** In addition to the General Objections set forth above, Lighthouse objects to this Request on the grounds that it is overly broad, unduly burdensome, and disproportionate to the needs of this action in that it seeks production of "[a]ny and all Documents and Communications" when a smaller subset would be proportional. Lighthouse further objects to this Request on the grounds that "relating to, referring to, relied upon in, supporting or evidencing Lighthouse's answers to Atlantic's First Set of Interrogatories and Lighthouse's responses to Atlantic's First Set of Requests for Admission" is vague and ambiguous. Lighthouse further objects to this Request to the extent it seeks privileged information, including but not limited to, information

6

protected from disclosure by the attorney-client privilege, the common interest privilege, and/or the work-product doctrine.  Lighthouse further objects to this Request to the extent it seeks documents which are already in Atlantic's possession, custody, or control.

Subject to and without waiving the foregoing specific and General Objections and based on investigations to date, Lighthouse will produce responsive, non-privileged documents, to the extent they exist, within its possession, custody, and control that are located after a reasonable search conducted in good faith.

**Request for Production No. 2:**  Any and all Documents and Communications relating to, referring to, supporting or evidencing any of the matters set forth in the Complaint and Counterclaim.

**Response to Request for Production No. 2:**  In addition to the General Objections set forth above, Lighthouse objects to this Request on the grounds that it is overly broad, unduly burdensome, and disproportionate to the needs of this action in that it seeks production of "[a]ny and all Documents and Communications" when a smaller subset would be proportional. Lighthouse further objects to this Request on the grounds that "relating to, referring to, supporting or evidencing any of the matters set forth in the Complaint and Counterclaim" is vague and ambiguous. Lighthouse further objects to this Request to the extent it seeks privileged information, including but not limited to, information protected from disclosure by the attorney-client privilege, the common interest privilege, and/or the work-product doctrine.  Lighthouse further objects to this Request to the extent it seeks documents which are already in Atlantic's possession, custody, or control.

Subject to and without waiving the foregoing specific and General Objections and based on investigations to date, Lighthouse will produce responsive, non-privileged documents, to the extent they exist, within its possession, custody, and control that are located after a reasonable search conducted in good faith.

7

**Request for Production No. 3**:   Any and all Documents and Communications between Lighthouse and any third party relating to East Decker, the Sinking Fund Agreement, and Atlantic.

**Response to Request for Production No. 3:**  In addition to the General Objections set forth above, Lighthouse objects to this Request on the grounds that it is overly broad, unduly burdensome, and disproportionate to the needs of this action in that it seeks production of "[a]ny and all Documents and Communications" when such documents include those unrelated to any claims, counterclaims or defenses in this action and a smaller subset would be proportional. Lighthouse further objects to this Request on the grounds that "relating to East Decker, the Sinking Fund Agreement, and Atlantic" is vague and ambiguous. Lighthouse further objects to this Request to the extent it seeks privileged information, including but not limited to, information protected from disclosure by the attorney-client privilege, the common interest privilege, and/or the work-product doctrine. Lighthouse further objects to this Request to the extent it seeks documents which are already in Atlantic's possession, custody, or control. Lighthouse further objects to this Request as irrelevant to the extent it seeks "Documents and Communications between Lighthouse and any third party", regardless of whether the Documents and Communications relate to the issues in this action.

Lighthouse is willing to meet and confer regarding this Request.

**Request for Production No. 4:**  Any and all Communications relating to or referring to the East Decker site between any representative of Lighthouse or any representative of the East Decker site (as referenced in paragraph 42 of the Complaint) and any agent, attorney, or representative of the State of Montana or any agency of the State of Montana including, but not limited to, the Montana Department of Environmental Quality.

**Response to Request for Production No. 4:**  In addition to the General Objections set forth above, Lighthouse objects to this Request on the grounds that it is overly broad, unduly burdensome, and disproportionate to the needs of this action in that it seeks production of "[a]ny and all Communications" when such documents include those unrelated to any claims, counterclaims or defenses in this action and a smaller subset would be proportional. Lighthouse further objects to this

8

Request to the extent it seeks documents which are already in Atlantic's possession, custody, or control. Lighthouse further objects to this Request as irrelevant to the extent it seeks "[a]ny and all Communications relating to or referring to the East Decker" regardless of whether the Communications relate to the issues in this action.

Subject to and without waiving the foregoing specific and General Objections and based on investigations to date, Lighthouse will produce responsive, non-privileged documents, to the extent they exist, within its possession, custody, and control that are located after a reasonable search conducted in good faith.

**Request for Production No. 5:**  Any and all Documents and Communications, expert reports, and work papers relied upon by Lighthouse's expert(s).

**Response to Request for Production No. 5:**  In addition to the General Objections set forth above, Lighthouse objects to this Request on the grounds that it is overly broad, unduly burdensome, and disproportionate to the needs of this action in that it seeks production of "[a]ny and all Documents and Communications" when a smaller subset would be proportional. Lighthouse further objects to this Request to the extent it seeks privileged information, including but not limited to, information protected from disclosure by the attorney-client privilege, the common interest privilege, and/or the work-product doctrine.  Lighthouse further objects to this Request as premature because discovery in this action is ongoing.  Lighthouse further objects to this Request as seeking documents which are not discoverable, including "work papers relied upon by Lighthouse's expert(s)." *See In re Teleglobe Commc'ns Corp.*, 2008 WL 3198875 (Bankr. D. Del. Aug. 7, 2008).  Lighthouse further objects to this request as expert discovery is not contemplated by the parties' expedited case schedule.

Lighthouse is willing to meet and confer regarding this Request.

9

**Request for Production No. 6:**  Any and all papers, correspondence, email, mobile text message, or other correspondence, Communications or Documents transmitted by, between, or among Lighthouse reflecting or relating, in any way, to Atlantic and East Decker.

**Response to Request for Production No. 6:**  In addition to the General Objections set forth above, Lighthouse objects to this Request on the grounds that it is overly broad, unduly burdensome, and disproportionate to the needs of this action in that it seeks production of "[a]ny and all papers, correspondence, email, mobile text message, or other correspondence, Communications or Documents" when such documents include those unrelated to any claims, counterclaims or defenses in this action and a smaller subset would be proportional. Lighthouse further objects to this Request on the grounds that "transmitted by, between, or among Lighthouse reflecting or relating, in any way, to Atlantic and East Decker" is vague and ambiguous. Lighthouse further objects to this Request to the extent it seeks privileged information, including but not limited to, information protected from disclosure by the attorney-client privilege, the common interest privilege, and/or the work-product doctrine.  Lighthouse further objects to this Request to the extent it seeks documents which are already in Atlantic's possession, custody, or control. Lighthouse further objects to this Request as irrelevant to the extent it seeks "Documents and Communications between Lighthouse and any third party", regardless of whether the Documents and Communications relate to the issues in this action.

Lighthouse is willing to meet and confer regarding this Request.

**Request for Production No. 7:**  Any and all Documents and Communications relating or referring, in any way, to the creation and drafting of the Plan.

**Response to Request for Production No. 7:**  In addition to the General Objections set forth above, Lighthouse objects to this Request on the grounds that it is overly broad, unduly burdensome, and disproportionate to the needs of this action in that it seeks production of "[a]ny and all Documents and Communications" when such documents include those unrelated to any claims, counterclaims or defenses in this action and a smaller subset would be proportional. Lighthouse further objects to

10

this Request on the grounds that "transmitted by, between, or among Lighthouse reflecting or relating, in any way, to Atlantic and East Decker" is vague and ambiguous. Lighthouse further objects to this Request to the extent it seeks privileged information, including but not limited to, information protected from disclosure by the attorney-client privilege, the common interest privilege, and/or the work-product doctrine.  Lighthouse further objects to this Request to the extent it seeks documents which are already in Atlantic's possession, custody, or control. Lighthouse further objects to this Request as irrelevant to the extent it seeks "Documents and Communications relating or referring, in any way, to the creation and drafting of the Plan", regardless of whether the Documents and Communications are relevant to the issues in this action.

Lighthouse is willing to meet and confer regarding this Request.

**Request for Production No. 8:**  Any and all Documents and Communications relating or referring, in any way, to the creation and drafting of the Initial Budget and any subsequent budgets in relation to the reclamation efforts at East Decker.

**Response to Request for Production No. 8:**  In addition to the General Objections set forth above, Lighthouse objects to this Request on the grounds that it is overly broad, unduly burdensome, and disproportionate to the needs of this action in that it seeks production of "[a]ny and all Documents and Communications" when such documents include those unrelated to any claims, counterclaims or defenses in this action and a smaller subset would be proportional. Lighthouse further objects to this Request to the extent it seeks privileged information, including but not limited to, information protected from disclosure by the attorney-client privilege, the common interest privilege, and/or the work-product doctrine.  Lighthouse further objects to this Request to the extent it seeks documents which are already in Atlantic's possession, custody, or control. Lighthouse further objects to this Request as irrelevant to the extent it seeks Documents and Communications that "in any way" relate

11

or refer "to the creation and drafting of the Plan", regardless of whether the Documents and Communications are relevant to the issues in this action.

Subject to and without waiving the foregoing specific and General Objections and based on investigations to date, Lighthouse will produce responsive, non-privileged documents, to the extent they exist, within its possession, custody, and control that are located after a reasonable search conducted in good faith.

**Request for Production No. 9:** Any and all Documents and Communications relating or referring, in any way, to the Plan Variance.

**Response to Request for Production No. 9:** In addition to the General Objections set forth above, Lighthouse objects to this Request on the grounds that it is overly broad, unduly burdensome, and disproportionate to the needs of this action in that it seeks production of "[a]ny and all Documents and Communications" when such documents include those unrelated to any claims, counterclaims or defenses in this action and a smaller subset would be proportional. Lighthouse further objects to this Request to the extent it seeks privileged information, including but not limited to, information protected from disclosure by the attorney-client privilege, the common interest privilege, and/or the work-product doctrine.  Lighthouse further objects to this Request to the extent it seeks documents which are already in Atlantic's possession, custody, or control. Lighthouse further objects to this Request as irrelevant to the extent it seeks Documents and Communications that "in any way" relate or refer "to the Plan Variance," regardless of whether the Documents and Communications are relevant to the issues in this action.

Subject to and without waiving the foregoing specific and General Objections and based on investigations to date, Lighthouse will produce responsive, non-privileged documents, to the extent they exist, within its possession, custody, and control that are located after a reasonable search conducted in good faith.

**Request for Production No. 10:**  Any and all Documents and Communications relating or referring, in any way, to Lighthouse's supervision and implementation of the Plan.

**Response to Request for Production No. 10:**  In addition to the General Objections set forth above, Lighthouse objects to this Request on the grounds that it is overly broad, unduly burdensome, and disproportionate to the needs of this action in that it seeks production of "[a]ny and all Documents and Communications" when such documents include those unrelated to any claims, counterclaims or defenses in this action and a smaller subset would be proportional. Lighthouse further objects to this Request on the grounds that "Lighthouse's supervision and implementation of the Plan" is vague and ambiguous. Lighthouse further objects to this Request to the extent it seeks privileged information, including but not limited to, information protected from disclosure by the attorney-client privilege, the common interest privilege, and/or the work-product doctrine.  Lighthouse further objects to this Request to the extent it seeks documents which are already in Atlantic's possession, custody, or control. Lighthouse further objects to this Request as irrelevant to the extent it seeks Documents and Communications that "in any way" relate "to Lighthouse's supervision and implementation of the Plan", regardless of whether the Documents and Communications are relevant to the issues in this action. Lighthouse further objects to this Request to the extent it improperly infers an obligation not otherwise provided for in the Plan.

Lighthouse is willing to meet and confer regarding this Request.

**Request for Production No. 11:**  Any and all Documents and Communications relating or referring, in any way, to Lighthouse's supervision and overseeing of the completion of the Decker reclamation plan as contemplated by the Plan and Trust Agreement.

**Response to Request for Production No. 11:**  In addition to the General Objections set forth above, Lighthouse objects to this Request on the grounds that it is overly broad, unduly burdensome, and disproportionate to the needs of this action in that it seeks production of "[a]ny and all Documents and Communications" when such documents include those unrelated to any claims, counterclaims

or defenses in this action and a smaller subset would be proportional. Lighthouse further objects to this Request on the grounds that "Lighthouse's supervision and overseeing of the completion of the Decker reclamation plan" is vague and ambiguous. Lighthouse further objects to this Request to the extent it seeks privileged information, including but not limited to, information protected from disclosure by the attorney-client privilege, the common interest privilege, and/or the work-product doctrine. Lighthouse further objects to this Request to the extent it seeks documents which are already in Atlantic's possession, custody, or control. Lighthouse further objects to this Request as irrelevant to the extent it seeks Documents and Communications that "in any way" relate "Lighthouse's supervision and overseeing of the completion of the Decker reclamation plan", regardless of whether the Documents and Communications are relevant to the issues in this action. Lighthouse further objects to this Request to the extent it improperly infers an obligation not otherwise provided for in the Plan or Trust Agreement.

Lighthouse is willing to meet and confer regarding this Request.

**Request for Production No. 12:** Any and all Documents and Communications relating or referring, in any way, to Lighthouse's supervision and overseeing of the funds referenced in or relating to the Sinking Fund Agreement.

**Response to Request for Production No. 12:** In addition to the General Objections set forth above, Lighthouse objects to this Request on the grounds that it is overly broad, unduly burdensome, and disproportionate to the needs of this action in that it seeks production of "[a]ny and all Documents and Communications" when such documents include those unrelated to any claims, counterclaims or defenses in this action and a smaller subset would be proportional. Lighthouse further objects to this Request on the grounds that "Lighthouse's supervision and overseeing of the funds referenced in or relating to the Sinking Fund Agreement" is vague and ambiguous. Lighthouse further objects to this Request to the extent it seeks privileged information, including but not limited to, information

14

protected from disclosure by the attorney-client privilege, the common interest privilege, and/or the work-product doctrine.  Lighthouse further objects to this Request to the extent it seeks documents which are already in Atlantic's possession, custody, or control. Lighthouse further objects to this Request as irrelevant to the extent it seeks Documents and Communications that "in any way" relate "Lighthouse's supervision and overseeing of the funds referenced in or relating to the Sinking Fund Agreement", regardless of whether the Documents and Communications are relevant to the issues in this action. Lighthouse further objects to this Request to the extent it improperly infers an obligation not otherwise provided for in the Sinking Fund Agreement.  Lighthouse further objects to this Request as duplicative of prior Requests.

Lighthouse is willing to meet and confer regarding this Request.

**Request for Production No. 13:**  Any and all Documents and Communications relating or referring, in any way, to Lighthouse's request for collateral releases from the Sureties as contemplated in the Sinking Fund Agreement.

**Response to Request for Production No. 13:**  In addition to the General Objections set forth above, Lighthouse objects to this Request on the grounds that it is overly broad, unduly burdensome, and disproportionate to the needs of this action in that it seeks production of "[a]ny and all Documents and Communications" when such documents include those unrelated to any claims, counterclaims or defenses in this action and a smaller subset would be proportional. Lighthouse further objects to this Request to the extent it seeks privileged information, including but not limited to, information protected from disclosure by the attorney-client privilege, the common interest privilege, and/or the work-product doctrine.  Lighthouse further objects to this Request to the extent it seeks documents which are already in Atlantic's possession, custody, or control. Lighthouse further objects to this Request as irrelevant to the extent it seeks Documents and Communications that "in any way" relate or refer to "Lighthouse's request for collateral releases from the Sureties", regardless of whether

15

the Documents and Communications are relevant to the issues in this action. Lighthouse further objects to this Request to the extent it improperly infers an obligation not otherwise provided for in the Sinking Fund Agreement. Lighthouse further objects to this Request as duplicative of prior Requests.

Lighthouse is willing to meet and confer regarding this Request.

**Request for Production No. 14:** Any and all Documents and Communications relating or referring, in any way, to the progress of Lighthouse's reclamation efforts pertaining to East Decker including, but not limited to, the following:

> a. Lighthouse's entire project file;
> b. Policies;
> c. Procedures;
> d. Directives and Standards;
> e. Facilities Instructions, Standards, and Techniques;
> f. Design Standards, design documents, plans, and specifications;
> g. Manuals;
> h. Guidelines;
> i. Authorizations to Proceed;
> j. Bonds and Insurance;
> k. Memorandums;
> 1. Any and all contracts, written agreements related to Lighthouse's reclamation efforts at East Decker;
> m. Progress reports, inspection reports, surveys, minutes, notes, memoranda, and/or other meeting minutes;
> n. Any and all job schedules;
> o. Any and all written statements by anyone in connection with the East Decker reclamation efforts;
> p. Any and all payment applications and/or invoices pertaining to reclamation efforts at East Decker;
> q. Any and all field reports and daily reports; and
> r. Any and all site photographs and vides.

**Response to Request for Production No. 14:** In addition to the General Objections set forth above, Lighthouse objects to this Request on the grounds that it is overly broad, unduly burdensome, and disproportionate to the needs of this action in that it seeks production of "[a]ny and all Documents and Communications" when such documents include those unrelated to any claims, counterclaims or defenses in this action and a smaller subset would be proportional. Lighthouse further objects to

16

this Request on the grounds that "the progress of Lighthouse's reclamation efforts pertaining to East Decker" is vague and ambiguous. Lighthouse further objects to this Request to the extent it seeks privileged information, including but not limited to, information protected from disclosure by the attorney-client privilege, the common interest privilege, and/or the work-product doctrine. Lighthouse further objects to this Request to the extent it seeks documents which are already in Atlantic's possession, custody, or control. Lighthouse further objects to this Request as irrelevant to the extent it seeks Documents and Communications that "in any way" relate or refer to "the progress of Lighthouse's reclamation efforts pertaining to East Decker", regardless of whether the Documents and Communications relate to the issues in this action. Lighthouse further objects to this Request as duplicative of prior Requests.

Lighthouse is willing to meet and confer regarding this Request.

**Request for Production No. 15:**  Any and all Documents and Communications relating or referring, in any way, to Lighthouse's expenses and/or payments made in relation to its East Decker reclamation efforts.

**Response to Request for Production No. 15:**  In addition to the General Objections set forth above, Lighthouse objects to this Request on the grounds that it is overly broad, unduly burdensome, and disproportionate to the needs of this action in that it seeks production of "[a]ny and all Documents and Communications" when such documents include those unrelated to any claims, counterclaims or defenses in this action and a smaller subset would be proportional. Lighthouse further objects to this Request on the grounds that "Lighthouse's expenses and/or payments" is vague and ambiguous. Lighthouse further objects to this Request to the extent it seeks privileged information, including but not limited to, information protected from disclosure by the attorney-client privilege, the common interest privilege, and/or the work-product doctrine.  Lighthouse further objects to this Request to the extent it seeks documents which are already in Atlantic's possession, custody, or control.

17

Lighthouse further objects to this Request as irrelevant to the extent it seeks Documents and Communications that "in any way" relate or refer to "Lighthouse's expenses and/or payments", regardless of whether the Documents and Communications are relevant to the issues in this action. Lighthouse further objects to this Request as duplicative of prior Requests.

Lighthouse is willing to meet and confer regarding this Request.

**Request for Production No. 16:**  All bank statements, financial statements, and financial records of Lighthouse relating or referring, in any way, to East Decker.

**Response to Request for Production No. 16:**  In addition to the General Objections set forth above, Lighthouse objects to this Request on the grounds that it is overly broad, unduly burdensome, and disproportionate to the needs of this action in that it seeks production of "[a]ll bank statements, financial statements, and financial records" when a smaller subset would be proportional. Lighthouse further objects to this Request on the grounds that "financial statements, and financial records" is vague and ambiguous. Lighthouse further objects to this Request to the extent it seeks documents which are already in Atlantic's possession, custody, or control. Lighthouse further objects to this Request as irrelevant to the extent it seeks "[a]ll bank statements, financial statements, and financial records that "in any way" relate or refer to East Decker, regardless of whether these documents are relevant to the issues in this action. Lighthouse further objects to this Request as duplicative of prior Requests.

Lighthouse is willing to meet and confer regarding this Request.

**Request for Production No. 17:**  Any and all Documents and Communications evidencing, reflecting, or otherwise relating, in any way, to Lighthouse's assertion that Atlantic has breached the Sinking Fund Agreement.

**Response to Request for Production No. 17:**  In addition to the General Objections set forth above, Lighthouse objects to this Request on the grounds that it is overly broad, unduly burdensome, and disproportionate to the needs of this action in that it seeks production of "[a]ny and all Documents

and Communications" when a smaller subset would be proportional. Lighthouse further objects to this Request to the extent it seeks privileged information, including but not limited to, information protected from disclosure by the attorney-client privilege, the common interest privilege, and/or the work-product doctrine. Lighthouse further objects to this Request to the extent it seeks documents which are already in Atlantic's possession, custody, or control. Lighthouse further objects to this Request as duplicative of prior Requests.

Subject to and without waiving the foregoing specific and General Objections and based on investigations to date, Lighthouse will produce responsive, non-privileged documents, to the extent they exist, within its possession, custody, and control that are located after a reasonable search conducted in good faith.

**Request for Production No. 18:** Any and all Documents and Communications evidencing, reflecting, or otherwise relating, in any way, to Lighthouse's assertion that "Atlantic's Termination Notice" was invalid as referenced in paragraph 53 of the Complaint.

**Response to Request for Production No. 18:** In addition to the General Objections set forth above, Lighthouse objects to this Request on the grounds that it is overly broad, unduly burdensome, and disproportionate to the needs of this action in that it seeks production of "[a]ny and all Documents and Communications" when a smaller subset would be proportional. Lighthouse further objects to this Request to the extent it seeks privileged information, including but not limited to, information protected from disclosure by the attorney-client privilege, the common interest privilege, and/or the work-product doctrine. Lighthouse further objects to this Request to the extent it seeks documents which are already in Atlantic's possession, custody, or control. Lighthouse further objects to this Request as duplicative of prior Requests.

Subject to and without waiving the foregoing specific and General Objections and based on investigations to date, Lighthouse will produce responsive, non-privileged documents, to the extent

19

they exist, within its possession, custody, and control that are located after a reasonable search conducted in good faith.

**Request for Production No. 19:** Any and all Documents and Communications evidencing, reflecting or otherwise relating, in any way, to damages Lighthouse seeks in the Instant Action.

**Response to Request for Production No. 19:** In addition to the General Objections set forth above, Lighthouse objects to this Request on the grounds that it is overly broad, unduly burdensome, and disproportionate to the needs of this action in that it seeks production of "[a]ny and all Documents and Communications" when a smaller subset would be proportional. Lighthouse further objects to this Request to the extent it seeks privileged information, including but not limited to, information protected from disclosure by the attorney-client privilege, the common interest privilege, and/or the work-product doctrine. Lighthouse further objects to this Request to the extent it seeks documents which are already in Atlantic's possession, custody, or control. Lighthouse further objects to this Request as duplicative of prior Requests. Lighthouse further objects to this Request as premature because discovery in this action is ongoing.

Subject to and without waiving the foregoing specific and General Objections and based on investigations to date, Lighthouse will produce responsive, non-privileged documents, to the extent they exist, within its possession, custody, and control that are located after a reasonable search conducted in good faith.

**Request for Production No. 20:** Any and all affidavits, declarations, testimony or other witness statements relating, in any way, to the matters set forth in the Complaint and Counterclaim.

**Response to Request for Production No. 20:** In addition to the General Objections set forth above, Lighthouse objects to this Request to the extent it seeks privileged information, including but not limited to, information protected from disclosure by the attorney-client privilege, the common interest privilege, and/or the work-product doctrine. Lighthouse further objects to this Request as

20

duplicative of prior Requests. Lighthouse further objects to this Request as premature because discovery in this action is ongoing.

Lighthouse will produce responsive, non-privileged documents, to the extent they exist, within its possession, custody, and control that are located after a reasonable search conducted in good faith, at an appropriate time pursuant to the parties' case schedule and/or any order of this Court.

**Request for Production No. 21:**  Any and all exhibits or other Documents and Communications that Lighthouse intends to introduce or rely upon at any deposition, trial, hearing, or other proceeding in this action.

**Response to Request for Production No. 21:**  In addition to the General Objections set forth above, Lighthouse objects to this Request as duplicative of prior Requests. Lighthouse further objects to this Request as premature because discovery in this action is ongoing and otherwise seeks production of documents outside the requirements of the applicable rules or case schedule.

Lighthouse will produce responsive, non-privileged documents, to the extent they exist, within its possession, custody, and control that are located after a reasonable search conducted in good faith, at an appropriate time pursuant to the parties' case schedule and/or any order of this Court.

Dated: December 19, 2024
     Wilmington, Delaware

*/s/ James R. Risener III*

L. Katherine Good (No. 5101)
Jesse L. Noa (No. 5973)
James R. Risener III (No. 7334)
Hannah L. Paxton (No. 7096)
**POTTER ANDERSON & CORROON LLP**
1313 N. Market Street, 6th Floor
Wilmington, DE  19801
Telephone: (302) 984-6000
Facsimile:  (302) 658-1192
Email: kgood@potteranderson.com
     jnoa@potteranderson.com
     jrisener@potteranderson.com
     hpaxton@potteranderson.com

*Counsel for Lighthouse Resources Inc.*