**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| LIGHTHOUSE RESOURCES INC., | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | Case No. 20-13056 (CTG) |
| | ) | |
| | ) | |
| | ) | |
| LIGHTHOUSE RESOURCES INC., | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv. Proc. No. 24-50144 (CTG) |
| | ) | |
| ATLANTIC SPECIALTY INSURANCE | ) | |
| COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

**REPLY BRIEF IN SUPPORT OF ATLANTIC SPECIALTY INSURANCE COMPANY'S MOTION PURSUANT TO RULE 56(D) TO DEFER CONSIDERATION OF LIGHTHOUSE'S MOTION FOR SUMMARY JUDGMENT AS TO LIABILITY AND OBJECTION TO LIGHTHOUSE'S REQUEST FOR ORAL ARGUMENT ON ITS <u>MOTION FOR SUMMARY JUDGMENT</u>**

Dated: March 4, 2026

Ronald S. Gellert (DE 4259)
**GELLERT SEITZ BUSENKELL & BROWN, LLC**
1201 North Orange Street, Suite 300
Wilmington, DE 19801
Telephone: (302) 425-5806
Facsimile: (302) 425-5814

John E. Sebastian (admitted *pro hac vice*)
Brian C. Padove (admitted *pro hac vice*)
**WATT, TIEDER, HOFFAR & FITZGERALD, L.L.P.**
10 South Wacker Drive, Suite 1100
Chicago, Illinois 60606
Telephone: 312.219.6922
Telephone: 312.219.6920

21044834.1 103953.00009

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................ 1

BACKGROUND ................................................................................................................... 2

LEGAL STANDARD............................................................................................................. 3

ARGUMENT ....................................................................................................................... 4

    A.    Lighthouse's Waiver Argument Is Not Consistent With the Law ..................................... 4

    B.    Lighthouse's Argument That Atlantic Could Have Obtained The Discovery it Now Seeks is a Red Herring That Ignores the Practical Realities of This Litigation ................................... 6

    C.    Atlantic Has Not Contradicted Itself On Appeal ............................................................... 7

    D.    The Discovery Is Necessary for Atlantic to Oppose Lighthouse's Motion ........................ 9

        1.    Lighthouse's Backtracking on its Reliance on Michael Ricci's Role is Telling ............ 9

        2.    Lighthouse's Motion Raises A Factual Issue Regarding the Interplay Between the GIA and Operative Agreements ..................................................................................................... 11

        3.    Lighthouse Does Not Adequately Refute the Necessity of Discovery on the Materiality Prong ................................................................................................................................. 12

    E.    Atlantic Objects to Oral Argument Being Set on Lighthouse's Motion Because the 56(d) Motion Must be Heard First............................................................................................... 13

CONCLUSION.................................................................................................................... 14

21044834.1 103953.00009

## TABLE OF AUTHORITIES

**CASES**

*Bennett v. Se. Pennsylvania Transportation Auth.*, No. 24-1376, 2025 WL 1248815, at *2 (3d Cir. Apr. 30, 2025) ........................................................................................................ 6

*Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986) ........................................................ 3

*Doe v. Abington Friends Sch.*, 480 F.3d 252, 257 (3d Cir. 2007) ............................... 4, 13

*Dowling v. City of Philadelphia*, 855 F.2d 136, 139-40 (3d Cir. 1988) .......................... 4

*Ganley v. Jojola*, 402 F.Supp.3d 1021 (D.N.M. 2019) .................................................... 5

*Lang v. Morant*, 867 A.2d 182 (Del. 2005) ................................................................... 10

*Malouf v. Turner*, 814 F.Supp.2d 454, 459-60 (D.N.J. 2011) ........................................ 4

*Norfolk Southern Ry. Co. v. Basell USA Inc.*, 512 F.3d 86 (3d Cir. 2008) ................... 12

*Pa., Dept. of Pub. Welfare v. Sebelius*, 674 F.3d 139, 157 (3d Cir. 2012) ..................... 4

*Sames v. Gable*, 732 F.2d 49, 51 (3d Cir. 1984) ............................................................ 4

*Spierer v. Rossman*, No. 1:13-CV-00991-TWP, 2014 WL 4908023, at *9 (S.D. Ind. Sept. 30, 2014), aff'd, 798 F.3d 502 (7th Cir. 2015) ................................................. 5

*St. Surin v. Virgin Islands Daily News, Inc.*, 21 F.3d 1309, 1314 (3d Cir. 1994) ......... 13

**RULES**

Bankruptcy Rule 7056 ....................................................................................................... 1

Rule 56 of the Federal Rules of Civil Procedure ..................................................... 1, 3, 5, 6

Rule 7007-3 of the Local Rules of the United States Bankruptcy Court for the District of Delaware ....................................................................................................................... 12

3

Defendant, Atlantic Specialty Insurance Company ("Atlantic"), by and through its undersigned counsel, hereby submits this Reply Brief in Support of its Motion Pursuant to Rule 56(d) to Defer Consideration of Lighthouse's Motion for Summary Judgment as to Liability ("Rule 56(d) Motion") (Adv. D.I. 148) requesting permission for Atlantic to conduct discovery essential to its opposition to Lighthouse Resources Inc.'s ("Lighthouse") Motion for Summary Judgment as to Liability ("Motion") (Adv. D.I. 135), and in support thereof states as follows:

**PRELIMINARY STATEMENT**

Atlantic filed its Rule 56(d) Motion for additional discovery in order to develop facts that are material to the resolution of this case in light of Lighthouse's filing of its Motion. In its Rule 56(d) Motion, Atlantic argues that specific, targeted discovery on potentially dispositive issues is required before it has to respond to Lighthouse's Motion. In response to Atlantic's Rule 56(d) Motion, Lighthouse filed Plaintiff's Reply In Support of its Motion for Summary Judgement and Response to the Opening Brief in Support of Atlantic Specialty Insurance Company's Motion Pursuant To Rule 56(d) To Defer Consideration Of Lighthouse's Motion For Summary Judgement As To Liability ("Lighthouse's Response") (Adv. D.I. 155). Lighthouse's Response does not substantively address any of Atlantic's arguments relating to the unavailability of certain facts and instead complains that Atlantic is the "root cause" of the lack of factual development in this case. Lighthouse's Response also seeks to minimize the material facts at issue, instead framing facts it has relied on repeatedly as mere "background facts." These arguments ignore that, prior to the parties' extensive motion practice, Lighthouse repeatedly demanded additional documents from Atlantic on these exact issues, particularly the issue of agency.

Lighthouse's waiver argument is particularly flawed because it evinces a total failure (or refusal) to recognize the well settled legal principle that a properly filed Rule 56(d) motion should usually be "granted as a matter of course" and that it is improper to hold a hearing on summary

1

judgment while a 56(d) motion remains pending. Lighthouse's argument that Atlantic has waived responding to Lighthouse's Motion for Summary Judgment should be rejected, as a 56(d) motion is, in effect, a motion to extend pending additional discovery.

Finally, Lighthouse argues that Atlantic has not specified the discovery it needs, but this is inaccurate. Atlantic attached to its Rule 56(d) Motion the Declaration of Brian C. Padove (the "Declaration"), which identifies the specific discovery necessary to oppose Lighthouse's Motion. Since Atlantic cannot present facts essential to justify its opposition to Lighthouse's Motion without targeted discovery on material issues in this case, the Court should defer consideration of Lighthouse's Motion and permit discovery to proceed.

## BACKGROUND

The Court is familiar with the broader procedural history of this matter. Thus, Atlantic summarizes and cites only those facts relevant to the Rule 56(d) Motion and directly related to the short period during which the parties actually engaged in discovery[1]. On November 6, 2024, Lighthouse served written discovery requests [Adv. D.I. 17] and on November 22, 2024, Atlantic did the same [Adv. D.I. 22]. On November 15, 2024, the parties each served Rule 26(a)(1) initial disclosures [Adv. D.I. 20-21], and then subsequently met and conferred regarding discovery protocols. Lighthouse served a second set of written discovery requests on November 22, 2024, *prior* to answering Atlantic's counterclaim. [Adv. D.I. 23]. Lighthouse's affirmative discovery requests probed into, among others, (i) the sureties' representative on the Lighthouse Board, (ii) Atlantic's involvement in the approval of the Plan, and (iii) Atlantic's initial counterclaims and

---

[1] Capitalized terms shall have the meanings set forth in Atlantic's Motion for Leave to Amend Counterclaim [Adv. D.I. 123-124].

initially asserted affirmative defenses and Atlantic sought discovery on the same topics. *See* Adv. D.I. 155 at p. 3.

On December 4, 2024, 12 days after serving its second set of written discovery, Lighthouse filed its Motion to Dismiss Atlantic's Counterclaims, briefing on which was completed on January 10, 2025. [Adv. D.I. 24-26]; [Adv. D.I. 36]. During this time, the parties furnished to each other their initial discovery responses, which included extensive document production.

Once briefing was complete on Lighthouse's Motion to Dismiss Atlantic's Counterclaims, and on January 21, 2025, Black Butte filed its Motion to Dismiss Atlantic's Third-Party Complaint. [Adv. D.I. 41-43]. On or about January 22, 2025, the parties served their initial production of documents on each other. *See* **Exhibit A**. A true and correct copy of emails between the parties regarding their respective document productions is attached hereto as **Exhibit A**. Lighthouse stated in its emails to Atlantic that it found Atlantic's discovery "facially deficient." **Ex. A** at p. 9-10. Briefing on Black Butte's Motion to Dismiss Atlantic's Third-Party Complaint was completed on February 14, 2025. [Adv. D.I. 63].

The Court is familiar with the rest. Since February 2025, this case has been mired in constant motion practice and there has been very little opportunity for the parties to conduct discovery in any genuine depth. Notably, Lighthouse ceased attempting to enforce the numerous objections it had to Atlantic's document production. On February 4, 2026, Lighthouse filed its Motion for Summary Judgment as to Liability against Atlantic. [Adv. D.I. 134-136] and on February 18, 2026, the deadline for Atlantic to respond to Lighthouse's Motion for Summary Judgment, Atlantic filed its Rule 56(d) Motion. There are currently no scheduling orders in effect.

## LEGAL STANDARD

Rule 56(d) provides that, when a nonmoving party submits a declaration showing that "it cannot present facts essential to justify its opposition, the court may: (1) defer considering the

motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d). The Supreme Court has recognized the need for such a provision to protect a nonmoving party from being "'railroaded' by [] premature motion[s] for summary judgment." *Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986).

A party invoking Rule 56(d) typically must describe (a) what particular information is sought; (b) how, if uncovered, it would preclude summary judgment; and (c) why it has not previously been obtained. *Pa., Dept. of Pub. Welfare v. Sebelius*, 674 F.3d 139, 157 (3d Cir. 2012) (citing *Dowling v. City of Philadelphia*, 855 F.2d 136, 139-40 (3d Cir. 1988)). Where, as here, however, a moving party files a summary judgment motion before substantive discovery has taken place, courts have recognized that it is "improper" for a district court to rule on summary judgment without first ruling on a pending 56(d) motion. *See Doe v. Abington Friends Sch.*, 480 F.3d 252, 257 (3d Cir. 2007).

With this in mind, if a party opposing summary judgment files an affidavit or declaration that specifically addresses the above noted requirements, the Third Circuit has held that "a continuance of a motion for summary judgment for purposes of discovery should be granted almost as a matter of course" especially when particular information is in the sole possession of the moving party. *Malouf v. Turner*, 814 F.Supp.2d 454, 459-60 (D.N.J. 2011) (quoting *Sames v. Gable*, 732 F.2d 49, 51 (3d Cir. 1984)).

## ARGUMENT

### A. LIGHTHOUSE'S WAIVER ARGUMENT IS NOT CONSISTENT WITH THE LAW

Lighthouse argues in its Response that Atlantic has forever waived filing any response to Lighthouse's Motion because Atlantic's Rule 56(d) Motion does not "substantively address the merits of Lighthouse's" motion for summary judgment. *See* Adv. D.I. 155 at p. 5. Lighthouse is correct and Atlantic agrees that no substantive response was filed, but agreement on that point does

4

not yield the result Lighthouse seeks. Atlantic has not substantively responded to Lighthouse's Motion because it cannot do so absent additional discovery. Lighthouse asks this Court to penalize Atlantic for filing a Rule 56(d) motion in full compliance with the Federal Rules of Civil Procedure.

The Third Circuit has explained that it is "improper" to rule on summary judgment without first ruling on a properly supported Rule 56(d) request where discovery is incomplete in a manner material to the motion. *Doe v. Abington Friends Sch.*, 480 F.3d 252, 257 (3d Cir. 2007) (citing *St. Surin*, 21 F.3d 1309, 1315 (3d Cir. 1994)). Moreover, as persuasive authority and consistent with the above-noted Third Circuit framework, the United States District Court for the District of New Mexico, in *Ganley v. Jojola*, 402 F.Supp.3d 1021 (D.N.M. 2019), provided the following relevant remark: "[a] party who seeks relief under subdivision (d) may seek an order *deferring the time to respond to the summary-judgment motion.*" *Ganley v. Jojola*, 402 F. Supp. 3d 1021, 1054 (D.N.M. 2019) (*citing* Fed. R. Civ. P. 56(d) advisory committee's note to the 2010 amendments) [emphasis added]. More to the point, it would be illogical for a party to request additional discovery because it cannot respond without it, and then to respond anyway. In fact, a party's failure to file a 56(d) motion *before* responding may in fact waive that party's ability to file a 56(d) motion. *See e.g., Spierer v. Rossman*, No. 1:13-CV-00991-TWP, 2014 WL 4908023, at *9 (S.D. Ind. Sept. 30, 2014), aff'd, 798 F.3d 502 (7th Cir. 2015) ("…the obligation is on the nonmoving party to request additional time for discovery in order to adequately respond to a motion for summary judgment filed early in a case if such discovery is required.")

Lighthouse's argument would yield absurd results by defeating the entire purpose of 56(d), which explicitly states that it can be for the purpose of seeking an order deferring the time to respond. This situation is exactly what 56(d) was created to address. Atlantic has waived nothing.

5

However, to the extent the Court finds that Atlantic has not satisfied the Rule 56(d) elements, Atlantic should be entitled to an opportunity to respond to Lighthouse's Motion (notwithstanding Atlantic's belief that it is entitled discovery as set forth in its Rule 56(d) Motion). Any ruling to the contrary would, in essence, nullify Rule 56(d).

### B. LIGHTHOUSE'S ARGUMENT THAT ATLANTIC COULD HAVE OBTAINED THE DISCOVERY IT NOW SEEKS IS A RED HERRING THAT IGNORES THE PRACTICAL REALITIES OF THIS LITIGATION

Lighthouse next argues, somewhat confusingly, that Atlantic failed to conduct discovery over the course of the past year and therefore Atlantic cannot avail itself of Rule 56(d). There is no legal basis for these arguments, and Atlantic submits that seeking discovery during the pendency and briefing of two separate motions to dismiss, a motion for a preliminary injunction, a motion to clarify, and a motion for leave to amend, all of which related to the specific pleadings and causes of action at issue between the parties, would not have been an efficient use of resources and would likely have been opposed by Lighthouse. In fact, as noted in Atlantic's Motion to Modify Scheduling Order filed on January 27, 2025, Lighthouse's counsel indicated it would not allow deponents it presents to be deposed more than once. *See* Motion to Modify Scheduling Order [Adv. D.I. 48] at p. 4, n. 1.  Thus, forcing Atlantic to move forward with, among other things, depositions without knowledge of the exact nature of the pending claims at issue in the lawsuit would have been (and continues to be) severely prejudicial to Atlantic.

The record shows this case has lacked an operative framework for deposition discovery. Written discovery began in November 2024, motions to dismiss were filed in December 2024 and January 2025, the case schedule was vacated/extended during motion practice; and no current scheduling order sets deposition or fact discovery deadlines. Moreover, as the Court is aware, Atlantic has a pending Motion for Leave to Appeal pending. [Adv. D.I. 140]. No party has taken

6

depositions, but Lighthouse has, nonetheless, filed its motion for summary judgment before depositions could occur under a governing schedule, therefore prejudicing Atlantic.

Lighthouse chiefly relies on *Bennett v. Se. Pennsylvania Transportation Auth.*, No. 24-1376, 2025 WL 1248815, at *2 (3d Cir. Apr. 30, 2025) for the proposition that a party requesting relief under Rule 56(d) is unlikely to succeed if the party seeking relief has "failed to take advantage of discovery". That proposition is true enough, but the case citation is inapposite. In *Bennett*, a civil rights case, the Plaintiff failed to take *any* discovery and never moved to compel the production of those documents, *and* her affidavit provided no explanation as to why she did not seek that discovery previously. The situation here is different. Atlantic participated in discovery until the case's schedule and discovery cadence were functionally disrupted by extensive motion practice and the absence of an operative scheduling order or pleadings. Then, upon the filing of Lighthouse's Motion, Atlantic determined that there were not enough facts in the record for it to adequately oppose Lighthouse's Motion, and then Atlantic filed its Rule 56(d) Motion accompanied by a declaration outlining the exact reasons discovery proceeded as it did, and the exact discovery needed to oppose Lighthouse's Motion. *See* [Adv D.I. 148-1].

Lighthouse, despite its vociferous objections to the adequacy of Atlantic's production, also did not pursue further discovery once motion practice began in earnest. *See* **Ex. A** at 1-4, 9-10. Apparently, Lighthouse not taking discovery over the past year is virtuous and Atlantic not taking discovery over the past year is a death knell to its interests.

C. **ATLANTIC HAS NOT CONTRADICTED ITSELF ON APPEAL**

Lighthouse's Response alleges that Atlantic has contradicted itself in its Motion for Leave to Appeal because in that motion, Atlantic states that it currently has no claims *against* Lighthouse and that fact has "serious consequences" for the litigation. Of course, there are serious and real consequences if Atlantic prevails on appeal: it will again have affirmative claims against

Lighthouse. Lighthouse specifically attacks Atlantic's statement that the appeal can be resolved without depositions:

> This dispute is premised entirely on the interpretation of the various Operative Agreements that govern the Reclamation Sinking Fund, and the District Court would only need review those contracts and the briefs filed to date to resolve the appeal. No deposition, trial transcripts, or any other evidentiary material *would need to be reviewed* to resolve the single question presented. *See* [Adv. D.I. 155] at p. 7.

This citation does not support Lighthouse's position. The statement reproduced above clearly reads as meaning that no discovery *needs to be reviewed* in order to resolve the question presented on appeal. In other words, the appeal rests on the purely legal question of whether Atlantic stated a claim upon which relief can be granted. Atlantic's Motion for Leave to Appeal says nothing about the actual taking of discovery in this ongoing adversary proceeding, only that the reviewing court will not need to dig deeply into the factual record.[2]

Conversely, depositions are necessary to enable Atlantic to respond to Lighthouse's Motion because Lighthouse's liability theory depends on factual predicates (authority/agency, course of performance/intent, and materiality) that have not been developed through testimony. The appeal concerns the legal sufficiency of the proposed amended counterclaims under the Rule 12(b)(6)/futility standard – it does not address whether factual development is necessary to oppose Lighthouse's Motion for Summary Judgment on Liability.

Further, no factual development is needed on appeal, which consists of a review of a legal standard and the record submitted by the parties. The basis of Atlantic's appeal has no material relevance to its Rule 56(d) Motion.

---

[2] A factual record which, at this time, barely exists.

As a final matter, Lighthouse continues to make the leap that the denial of Atlantic's request for leave to amend its counterclaim is tantamount to a summary judgment ruling in favor of Lighthouse. Lighthouse still has to prove its case, and its arguments rely on undeveloped material facts, or material facts as to which there is a genuine dispute.

**D.   THE DISCOVERY IS NECESSARY FOR ATLANTIC TO OPPOSE LIGHTHOUSE'S MOTION**

### 1.   Lighthouse's Backtracking on its Reliance on Michael Ricci's Role is Telling

Lighthouse's Response seeks to minimize its previous reliance on the role of Michael Ricci as a board member by reframing its argument as, essentially, "budget passed, Atlantic gives money". This reframing on Lighthouse's part is necessary, because a key material fact that has arisen in this litigation is whether the board member appointed by the sureties can bind Atlantic through said member's vote. Atlantic denies that Michael Ricci represents it, Michael Ricci has stated that he does not represent Atlantic, and Michael Ricci has voted against Atlantic's wishes. *See* **Exhibit B**. A true and correct copy of an email from Michael Ricci is attached hereto as **Exhibit B**.

Lighthouse may seek to direct attention away from Mr. Ricci, but his status has been an issue in this litigation for over a year. *See* **Exhibit A** at p. 3-4. ("Additionally, in light of Atlantic's position that Danny Hall and Michael Ricci are not representatives of the sureties, no documents in which they are included should be withheld. Should documents be withheld with those individuals included in the communications, we will immediately go to the Court for relief and will seek our fees as a sanction."). If this point were irrelevant or unimportant to Lighthouse's claims, its counsel certainly would not have sent such a strong message to Atlantic.

Furthermore, despite Lighthouse's attempts in its response to drop the argument that Michael Ricci represented Atlantic, Lighthouse cannot take back what it said in its Motion. Lighthouse's Motion cites to more than ten (10) exhibits as alleged support for its argument that

9

Michael Ricci's status as Atlantic's representative is beyond dispute, "belied by documents produced in this action", and therefore his vote can bind Atlantic. *See* [Adv. D.I. 135] at p. 16, n.5. Atlantic's response to that argument is that additional discovery is needed in order to develop the facts necessary to respond to Lighthouse's Motion because, among other reasons, the previous board member, Danny Hall, stated in an email he was resigning "as Suret[y] representative" while current board member Michael Ricci has stated his vote "is as a board member, not a representative of the sureties; and that it is contrary to at least one of the sureties." *See* **Exhibit B** at p. 1. Those two statements are in tension.

The Board vote may have been unanimous, but Lighthouse's effort to attribute that vote to Atlantic depends on whether the surety-appointed member had authority to bind Atlantic for purposes of the obligations Lighthouse seeks to enforce. Simply put, Michael Ricci's status as an agent of Atlantic is a material factual issue that requires further discovery, not a mere background fact. *See Lang v. Morant*, 867 A.2d 182 (Del. 2005) (stating that whether someone was the agent of another is a factual question for the jury).

Since Michael Ricci's status is a factual issue and there are two documents that contradict each other on that point, the deposition of Michael Ricci - and other board members - is necessary to understand his understanding of his role and authority as a board member and what he understood his role to be, not to mention the depositions of the other board members. To date, Mr. Ricci's deposition has not taken place and Atlantic's Rule 56(d) Motion is supported by a declaration stating that Atlantic requires discovery regarding (a) the scope of Ricci's authority; (b) the existence (or absence of) any agency relationship; (c) communications concerning Board votes; (d) to whom fiduciary duties were owed; and (e) whether Lighthouse understood him to have (or lack) any binding authority. *See* [Adv. D.I. 148-1] ¶¶ 7-8.

### 2. Lighthouse's Motion Raises A Factual Issue Regarding the Interplay Between the GIA and Operative Agreements

Lighthouse's Motion brings up the issue of Atlantic's termination of the Tolling Agreement by arguing that the General Indemnity Agreement ("GIA") renders Atlantic's termination of the Tolling Agreement entirely ineffective, in part because the GIA predated the Tolling Agreement. *See* [Adv. D.I. 135] at p. 9, 18. Atlantic disputes that contention [Adv. D.I. 148-1] at ¶ 12, and filed its Motion to obtain discovery, in particular depositions, from the individuals who were involved in negotiating and administering the operative agreements specifically related to: (a) the parties' understanding of contractual discretion; (b) the intended interaction by and between the Operative Agreements; (c) course of performance; and (d) the circumstances under which termination rights remained available. **Ex. A** at ¶¶ 13-14.

Lighthouse's Response to the detailed requests outlined above is simple but unavailing: the agreements are unambiguous and Atlantic has breached. *See* [Adv. D.I. 155] at p. 10-11. That response does not address the Rule 56(d) question of whether discovery is needed on contractual intent/course of performance and the scope of discretion implicated in the agreements. Again, Lighthouse's argument is unsupported by any facts in the record and seeks to bootstrap this Court's previous rulings as tantamount to a judgment on behalf of Lighthouse. Atlantic's Motion adequately addresses why discovery is needed on the issue of the ambiguity of and interplay between the GIA and the Operative Agreements, particularly the issue of whether the GIA predating the Operative Agreements renders all of its terms ineffective. That material fact is particularly relevant as it relates to Atlantic's Affirmative Defenses, which have not been substantively addressed by Lighthouse.

### 3. Lighthouse Does Not Adequately Refute the Necessity of Discovery on the Materiality Prong

Lighthouse again ignores that its Motion for Summary Judgment relies on the notion that it did not have to do *anything* in order to receive its pro rata share. This position makes further discovery necessary. Even assuming the validity of Lighthouse's breach theory for purposes of this Motion, the record is undeveloped on the fact-intensive questions that bear on materiality and on the consequences of any alleged nonperformance (including the parties' expectations, course of performance, and allocation of risk). Lighthouse's position appears to be that it does not have to do anything to collect millions of dollars and that it does not have to ever reclaim the East Decker mine. In other words, Lighthouse seeks summary judgment on liability while simultaneously taking the position that the agreements require payment upon budget approval regardless of reclamation progress, performance, or other surrounding facts. Atlantic's defenses – including prior breach/excuse and the consequences flowing from any alleged nonperformance – turn on fact-intensive questions of materiality, including the parties' expectations, course of performance, and allocation of risk. Those facts have not been developed through testimony. Under applicable law, materiality is generally a question of fact not suited for resolution on an undeveloped record. *See Norfolk Southern Ry. Co. v. Basell USA Inc.*, 512 F.3d 86 (3d Cir. 2008).

Furthermore, there has been limited factual development in the form of complete written discovery and depositions related to Atlantic's affirmative defenses. Those affirmative defenses include that Lighthouse's prior breach excused any alleged breach by Atlantic. That ultimately is a factual question (subject to further discovery as requested in Atlantic's Rule 56(d) Motion) and thus, Atlantic's Rule 56(d) Motion should be granted.

**E. ATLANTIC OBJECTS TO ORAL ARGUMENT BEING SET ON LIGHTHOUSE'S MOTION BECAUSE THE 56(D) MOTION MUST BE HEARD FIRST**

Under the Local Rules of the United States Bankruptcy Court for the District of Delaware, oral argument on motions in adversary proceedings is not automatic and requires a written application, which the Court may grant or deny in its discretion. *See* Rule 7007-3 of the Local Rules of the United States Bankruptcy Court for the District of Delaware. On March 2, 2026, Lighthouse submitted a request for oral argument regarding Plaintiff's Motion for Summary Judgment as to Liability (the "Request"). [Adv. D. I. 157]. Atlantic objects to the scheduling of such argument until after the Court resolves Atlantic's pending Rule 56(d) motion. As referenced above, the Third Circuit has made clear it is improper to rule on summary judgment without first resolving a properly supported Rule 56(d) request where discovery is incomplete in a manner material to the summary judgment motion. *Doe v. Abington Friends Sch.*, 480 F.3d 252, 257 (3d Cir. 2007) (citing *St. Surin v. Virgin Islands Daily News, Inc.*, 21 F.3d 1309, 1314 (3d Cir. 1994)). Atlantic does not oppose oral argument in principle; it objects only to an argument on summary judgment being set before the Court resolves the pending Rule 56(d) request, determines what discovery, if any, is appropriate, and Atlantic having the opportunity to, thereafter, respond to Lighthouse's Motion.

Accordingly, Atlantic therefore requests that the Court either (i) deny Lighthouse's request for oral argument at this time without prejudice, or (ii) schedule argument first (and only) on Atlantic's Rule 56(d) motion, with any argument on the summary judgment motion to occur, if at all, after completion of any discovery the Court permits under Rule 56(d).[3]

---

[3] Atlantic will make a formal request in accordance with Local Rule 7007-3 following the filing of this instant Reply brief in relation to Atlantic's Rule 56(d) Motion.

13

## CONCLUSION

For the foregoing reasons, Atlantic respectfully requests that the Court:

(1)     defer consideration of Lighthouse's Motion for Summary Judgment as to Liability;

(2)     permit Atlantic the opportunity to complete discovery on, among other things, the issues identified in its Rule 56(d) Motion;

(3)     establish an appropriate schedule for completion of such discovery and renewed briefing in conjunction with decisions on the currently pending motions before this Court;

(4)     to the extent the Court does not grant Atlantic's Rule 56(d) Motion to defer, grant Atlantic an additional thirty (30) days to file its response in opposition to Lighthouse's Motion for Summary Judgment as to Liability; and

(5)     grant Atlantic all other relief this Court deems just and appropriate.

Dated: March 4, 2026

/s/ Ronald S. Gellert
Ronald S. Gellert (DE 4259)
GELLERT SEITZ BUSENKELL &
BROWN, LLC
1201 North Orange Street, Suite 300
Wilmington, DE 19801
Telephone: (302) 425-5806
Facsimile: (302) 425-5814

John E. Sebastian (admitted pro hac vice)
Brian C. Padove (admitted pro hac vice)
WATT, TIEDER, HOFFAR &
FITZGERALD, L.L.P.
10 South Wacker Drive, Suite 1100
Chicago, Illinois 60606
Telephone: 312.219.6922
Telephone: 312.219.6920

14