**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| **LIGHTHOUSE RESOURCES INC.,** | ) | **Case No. 20-13056 (CTG)** |
|  | ) |  |
| Debtor. | ) |  |
|  | ) |  |
|  | ) |  |
| **LIGHTHOUSE RESOURCES INC.,** | ) |  |
|  | ) | **Adv. Proc. No. 24-50144 (CTG)** |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) |  |
|  | ) |  |
| **ATLANTIC SPECIALTY INSURANCE COMPANY,** | ) |  |
|  | ) |  |
| Defendant. | ) |  |
|  | ) |  |
|  | ) |  |
|  | ) |  |
| **ATLANTIC SPECIALTY INSURANCE COMPANY,** | ) |  |
|  | ) |  |
| Counter-Plaintiff, | ) |  |
|  | ) |  |
| v. | ) |  |
|  | ) |  |
| **LIGHTHOUSE RESOURCES INC.,** | ) |  |
|  | ) |  |
| Counter-Defendant. | ) |  |

**ATLANTIC SPECIALTY INSURANCE COMPANY'S
MOTION FOR LEAVE TO DEPOSIT FUNDS AND SCHEDULE PRETRIAL
SETTLEMENT CONFERENCE**

Defendant/Counter-Plaintiff, Atlantic Specialty Insurance Company ("Atlantic"), through

undersigned counsel, hereby moves this Court, pursuant to Fed. R. Bankr. P. 7067, Fed. R. Civ. P.

67, 28 U.S.C. §§ 2041 and 2042, Del. Bankr. L.R. 3011-1, and Del. Bankr. L.R. 7016-1 and 7016-

2, for entry of an order (a) authorizing Atlantic to deposit into the Registry of the Court the principal funds presently held by Atlantic and at issue in this Adversary Proceeding; (b) providing that such deposit is without waiver of Atlantic's rights, defenses, offsets, recoupment, and appellate rights, and without any concession as to Lighthouse's additional claimed damages, interest, attorneys' fees, costs, or other relief; (c) requesting that, following such deposit, the Court schedule, at its convenience and without altering the existing litigation schedule unless the Court so orders, a pretrial settlement conference to identify, address, and assist in resolving the remaining damages and remedial issues to be litigated; and (d) granting related relief set forth herein.

**PRELIMINARY STATEMENT**

1.      This Adversary Proceeding has already generated substantial motion practice and attendant expense. At present, however, the parties' dispute is no longer centered on whether Atlantic is willing to place the $6,234,983 in disputed collateral beyond its control. Atlantic is prepared to deposit those funds into the Registry of the Court so that the funds are preserved, held in accordance with the Court's registry procedures, and available for disposition pursuant to further order of the Court.

2.      That deposit would materially narrow the controversy. Once the principal funds are paid into the Court's Registry, the remaining disputes are the parties' contested damages and remedial issues—among them, whether Lighthouse Resources Inc. ("Lighthouse") may recover any damages beyond the deposited funds; whether Lighthouse may recover any alleged interest on those funds; whether Lighthouse may recover any alleged "damages to the Trust"; whether attorneys' fees or costs are recoverable; and what offsets, credits, or recoupment rights apply. Those are legal and factual issues that can and should be framed in an orderly way by the Court before the parties incur still more expense litigating around the edges of the deposited principal.

3.      Atlantic therefore seeks two straightforward forms of relief. First, Atlantic requests leave to deposit the disputed principal funds into the Registry of the Court. Second, Atlantic requests that, once the funds are deposited, the Court conduct a prompt pretrial settlement conference for the purpose of attempting to resolve, if possible, remaining disputed damages in relation to this matter. If the Court grants this Motion, Atlantic will deposit the funds into the Registry of the Court within ten (10) business days after entry of the Court's order, or within such other time as the Court directs.

4.      Atlantic does not seek by this Motion to continue, adjourn, stay, or otherwise alter the current litigation schedule, including the oral argument presently scheduled for April 8, 2026, unless the Court independently determines otherwise. Rather, Atlantic seeks only to place the principal funds into the Registry of the Court and to request that the Court, at a time convenient to the Court and without disrupting the current schedule, consider convening a settlement conference regarding the remaining disputed damages and remedial issues.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (O). Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory and rule-based predicates for the relief requested herein are Fed. R. Bankr. P. 7067, Fed. R. Civ. P. 67, 28 U.S.C. §§ 2041 and 2042, Del. Bankr. L.R. 3011-1, and Del. Bankr. L.R. 7016-1 and 7016-2.

## RELIEF REQUESTED

6.      By this Motion, Atlantic requests entry of an order providing, in substance, as follows:

a.  authorizing Atlantic to deposit into the Registry of the Court the sum of $6,234,983 representing the principal funds presently held by Atlantic that are the subject of Lighthouse's claim in this Adversary Proceeding;

b.  directing that such funds be deposited and maintained in accordance with Fed. R. Civ. P. 67, as made applicable by Fed. R. Bankr. P. 7067, 28 U.S.C. §§ 2041 and 2042, and the Court's registry procedures;

c.  directing Atlantic to deposit such funds into the Registry of the Court within ten (10) business days after entry of the Court's order, or within such other time as the Court directs;

d.  providing that Atlantic's deposit of such funds is not an admission of liability, is not a waiver of Atlantic's defenses or appellate rights, and does not concede Lighthouse's entitlement to any additional amounts, including alleged interest, "trust" damages, attorneys' fees, costs, or other claimed relief;

e.  directing that no withdrawal or disbursement of the deposited funds occur except by further order of the Court or stipulation approved by the Court;

f.  scheduling at the Court's convenience and without modifying the current litigation schedule unless the Court so orders, a pretrial settlement conference following the deposit of funds for the purpose of identifying, addressing, and, if possible, resolving the remaining disputed damages and remedial issues in this matter; and

g.  Granting such other and further relief as the Court deems just and proper.

## <u>BACKGROUND</u>

7.  Lighthouse commenced this Adversary Proceeding asserting claims against Atlantic arising from the parties' disputes in the underlying bankruptcy case and related agreements.

8.  Since the filing of the Adversary Proceeding, the parties have expended substantial time and resources litigating threshold and merits issues, including dispositive motion practice and related proceedings.

9.  Atlantic has reevaluated the litigation landscape and, in an effort to promote a practical and prompt resolution, is prepared to deposit the disputed principal funds into the

Registry of the Court so that any further proceedings can focus on the remaining disputed damages and remedial issues.

10.     Atlantic is prepared now to deposit into the Registry of the Court the principal funds it presently holds, so that those funds are preserved and no longer remain in Atlantic's possession pending further order of the Court.

11.     Even after such deposit, however, substantial disputes would remain concerning the amount and legal availability of any additional recovery, including, without limitation: (a) whether Lighthouse may recover any amounts beyond the deposited principal; (b) whether Lighthouse may recover pre-judgment or post-judgment interest, including any claimed interest on the deposited funds; (c) whether alleged damages to the trust are recoverable at all and, if so, in what amount; (d) whether Lighthouse may recover attorneys' fees, costs, or other litigation-related charges; and (e) what offsets, credits, recoupment, or other reductions apply. Those issues should be addressed through a focused pretrial settlement conference.

## **ARGUMENT**

12.     Atlantic's request to deposit the disputed principal funds into the Registry of the Court is expressly authorized by the Federal Rules and this Court's Local Rules. Bankruptcy Rule 7067 provides that Federal Rule of Civil Procedure 67 applies in adversary proceedings. Fed. R. Bankr. P. 7067. Rule 67, in turn, provides that where part of the relief sought is a money judgment or the disposition of a sum of money, a party - on notice to every other party and by leave of court - may deposit with the court all or part of the money, whether or not that party claims any of it. Fed. R. Civ. P. 67(a). Delaware Local Rule 3011-1 likewise provides that funds may be deposited into the Registry of the Court upon motion specifying the amount to be deposited and the reason for the deposit. Del. Bankr. L.R. 3011-1(a).

13.     This is an appropriate case for such relief. The $6,234,983.00 Atlantic presently holds is the very fund at the center of Lighthouse's claim. Atlantic is prepared to place that principal into the Registry of the Court so the funds are preserved, removed from Atlantic's control, and held subject to further order of the Court. Doing so materially narrows the controversy and eliminates any suggestion that Atlantic is improperly retaining possession of the principal while the Adversary Proceeding continues.

13.     Just as importantly, the requested deposit does not constitute a concession that Lighthouse is entitled to any recovery beyond the deposited principal, or even that Lighthouse is entitled to recover the principal except pursuant to further order of the Court. Rule 67 exists precisely to allow money that is the subject of litigation to be placed into the custody of the Court without requiring the depositing party to abandon its remaining rights, defenses, or legal positions. Atlantic therefore seeks leave to deposit the principal while expressly preserving all defenses and arguments concerning Lighthouse's additional theories of recovery, including any alleged entitlement to pre-judgment or post-judgment interest, "damages to the Trust," attorneys' fees, costs, offsets, credits, recoupment, and any other claimed increment beyond the deposited amount. This Motion does not seek adjudication of Lighthouse's entitlement to the deposited funds or to any additional recovery; it seeks only to secure the principal in the Court's Registry and to facilitate focused proceedings on the issues that remain.

14.     Once the principal funds are placed into the Registry of the Court, the remaining disputes become significantly more focused. The parties' controversy will no longer concern Atlantic's continued possession of the principal funds, but instead the amount and legal availability of any additional damages and remedial relief Lighthouse claims. Those are the issues that should

6

be addressed next, and they are well-suited for a prompt Court-supervised conference designed to frame and, if possible, resolve the remaining damages issues.

15.     The Court has ample authority to conduct such a conference. Atlantic does not seek through this Motion to stay or postpone any currently scheduled briefing, hearing, or oral argument, but instead requests that any such conference be held at the Court's convenience and in a manner that does not disrupt the existing schedule unless the Court determines that a modification is warranted. Local Rule 7016-1 provides the Court broad case-management authority in adversary proceedings, including with respect to the schedule applicable to the case, the handling of discovery, and the possibility of settlement. Del. Bankr. L.R. 7016-1(b). Local Rule 7016-2 further provides for a pretrial conference upon request of a party. In light of the narrowing effect of the requested deposit, Atlantic respectfully submits that a prompt pretrial settlement conference is the most efficient way to move this matter forward. Such a conference would permit the Court and the parties to identify the precise categories of damages and other relief that remain in dispute, determine whether any limited additional discovery is necessary, and explore whether those issues can be resolved without additional motion practice and expense.

16.     The requested procedure is fair to all parties. Lighthouse would obtain the benefit of having the principal funds deposited into the Registry of the Court and preserved pending further order. Atlantic, in turn, would preserve all of its rights with respect to Lighthouse's remaining damages theories and remedial demands. And the Court would be positioned to address and assist in resolving the actual issues left in dispute, rather than requiring the parties to continue litigating as though the entire controversy still turns on Atlantic's retention of the principal fund itself. Further, Lighthouse will suffer no prejudice from this procedure because the principal funds would

be secured in the Registry of the Court pending further order, while the parties and the Court address the remaining disputed damages and remedial issues.

17. For all of these reasons, Atlantic respectfully submits that the Court should grant leave to deposit the disputed principal funds into the Registry of the Court and, if the Court deems appropriate, schedule a pretrial settlement conference directed to the remaining disputed damages issues in this Adversary Proceeding, without disturbing the current litigation schedule unless the Court orders otherwise.

**CONCLUSION**

WHEREFORE, Atlantic Specialty Insurance Company respectfully requests that the Court enter an order: (a) authorizing Atlantic to deposit into the Registry of the Court the sum of $6,234,983, representing the principal funds presently held by Atlantic that are at issue in this Adversary Proceeding; (b) directing that such funds be maintained in accordance with Fed. R. Bankr. P. 7067, Fed. R. Civ. P. 67, 28 U.S.C. §§ 2041 and 2042, and the Court's applicable registry procedures; (c) directing Atlantic to deposit such funds into the Registry of the Court within ten (10) business days after entry of the Court's order, or within such other time as the Court directs; (d) providing that Atlantic's deposit of such funds does not constitute an admission of liability, damages, or entitlement to disbursement, and does not waive any defenses, offsets, recoupment rights, or appellate rights; (e) directing that no withdrawal or disbursement of the deposited funds occur except pursuant to further order of the Court, after notice as required, or pursuant to a stipulation approved by the Court; (f) scheduling, at the Court's convenience and without modifying the current litigation schedule unless the Court so orders, a pretrial settlement conference to identify, address, and, if possible, resolve the remaining disputed damages and

remedial issues; and (g) granting Atlantic such other and further relief as the Court deems just and proper.

Dated:  Friday, April 3, 2026

/s/ Ronald S. Gellert
Ronald S. Gellert (DE 4259)
**GELLERT SEITZ BUSENKELL & BROWN, LLC**
1201 North Orange Street, Suite 300
Wilmington, DE 19801
Telephone: (302) 425-5806
Facsimile: (302) 425-5814

John E. Sebastian (admitted *pro hac vice*)
Brian C. Padove (admitted *pro hac vice*)
**WATT, TIEDER, HOFFAR & FITZGERALD, L.L.P.**
10 South Wacker Drive, Suite 1100
Chicago, Illinois 60606
Telephone: 312.219.6922
Telephone: 312.219.6920