**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| **In re:** | ) | **Chapter 11** |
| | ) | |
| **LIGHTHOUSE RESOURCES INC.,** | ) | **Case No. 20-13056 (CTG)** |
| | ) | |
| **Debtor.** | ) | |
| | ) | |
| | ) | |
| **LIGHTHOUSE RESOURCES INC.,** | ) | |
| | ) | **Adv. Proc. No. 24-50144 (CTG)** |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **ATLANTIC SPECIALTY INSURANCE COMPANY,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |
| | ) | **RE: ADV. D.I. 169** |
| | ) | |
| **ATLANTIC SPECIALTY INSURANCE COMPANY,** | ) | |
| | ) | |
| **Counter-Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **LIGHTHOUSE RESOURCES INC.,** | ) | |
| | ) | |
| **Counter-Defendant.** | ) | |

**MOTION FOR SHORTENED NOTICE AND EXPEDITED CONSIDERATION OF
ATLANTIC SPECIALTY INSURANCE COMPANY'S
MOTION FOR LEAVE TO DEPOSIT FUNDS AND SCHEDULE PRETRIAL
SETTLEMENT CONFERENCE**

Defendant/Counter-Plaintiff, Atlantic Specialty Insurance Company ("Atlantic"), by and

through undersigned counsel, hereby respectfully submits this motion, pursuant to Rule 9006(c)

of the Federal Rules of Bankruptcy Procedure, Local Rule 9006-l(e) of the Local Rules of

Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") and 11 U.S.C. §§ 102, 105 and 362(f), for an order shortening the notice period with respect to the Motion For Leave to Deposit Funds and Schedule Pretrial Settlement Conference [Adv. D.I 169] (the "Motion").[1] In support hereof, Atlantic respectfully states as follows:

### Jurisdiction and Venue

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157. Venue of this case and this Motion to Shorten in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory predicates for the relief sought herein are sections 102(1) and 105(a) of the Bankruptcy Code, as supplemented by Rule 9006 of the Federal Rules of Bankruptcy Procedure and Local Rule 9006-1(e).

### Relevant Background

3.      The relevant factual background is set forth more fully in the Motion that is incorporated herein by reference. To summarize, the Motion seeks entry of an order (a) authorizing Atlantic to deposit into the Registry of the Court the principal funds presently held by Atlantic and at issue in this Adversary Proceeding; (b) providing that such deposit is without waiver of Atlantic's rights, defenses, offsets, recoupment, and appellate rights, and without any concession as to Lighthouse's additional claimed damages, interest, attorneys' fees, costs, or other relief; (c) requesting that, following such deposit, the Court schedule, at its convenience and without altering the existing litigation schedule unless the Court so orders, a pretrial settlement conference to

---

[1] Capitalized terms used herein but otherwise not defined shall retain the meaning ascribed to them in the Motion.

identify, address, and assist in resolving the remaining damages and remedial issues to be litigated; and (d) granting related relief.

### Relief Requested

4.      Atlantic respectfully requests that the Court enter an order, substantially in the form attached hereto, shortening the required notice period and scheduling an expedited hearing on the Motion as soon as the Court has availability, preferably on or before April 8, 2026.

### Basis for Relief

5.      Section 102(1) of the Bankruptcy Code makes clear that the phrase "after notice and a hearing" requires only such notice and opportunity to be heard as may be appropriate under the circumstances. 11 U.S.C. § 102(1). Section 105(a) of the Bankruptcy Code provides that the Court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code. 11 U.S.C. § 105(a).

6.      Local Rule 9006-1(c) provides that "all motion papers shall be filed and served in accordance with Local Rule 2002-1(b) at least fourteen (14) days prior to the hearing date." Del. Bankr. L.R. 9006-1(c)(i). Local Rule 9006-1(e) provides that "[n]o motion will be scheduled on less notice than required by these Local Rules or the Fed. R. Bankr. P. except by order of the Court, on written motion [. . .] specifying the exigencies justifying shortened notice." Del. Bankr. L.R. 9006-1(e).  Local Rule 7007-1(a)(ii) provides that for motions filed in an adversary proceeding, an answering brief "must be filed and served no later than 14 days after service of the opening brief". Del. Bankr. L.R. 7007-1(a)(ii).

7.      Granting the Motion to Shorten and addressing the Motion, promotes judicial efficiency and potentially avoids significant additional litigation.

8.      Accordingly, Atlantic submits that shortening the notice period and scheduling an expedited hearing on the Motion is essential, as it will remove a significant obstacle to the appropriate resolution of issues surrounding the Operative Agreement, as well as saving time and money for all parties involved and conserve judicial resources.

### LOCAL RULE 9006-1(e) CERTIFICATION

9.      In accordance with Local Rule 9006-1(e), counsel for Atlantic notified counsel for Lighthouse (Debtor/Plaintiff/Counter-Defendant) of Atlantic's intent to file the Motion to Shorten. Counsel for Lighthouse does not consent to shortened notice to the extent that it interferes with the hearing already scheduled for April 8, 2026.

### NOTICE

10.      Atlantic will provide notice of this Motion to counsel the Debtor/Plaintiff/Counter-Defendant.  Atlantic submits that, in light of the nature of the relief requested, no other or further notice need be given.

11.       Given the nature of the relief, it is respectfully submitted that such notice is due and sufficient.

**WHEREFORE**, Atlantic respectfully requests that this Court shorten the notice period with respect to the Motion, and grant such other and further relief as is just and proper.

Dated: April 3, 2026

/s/ Ronald S. Gellert
Ronald S. Gellert (DE 4259)
**GELLERT SEITZ BUSENKELL & BROWN, LLC**
1201 North Orange Street, Suite 300
Wilmington, DE 19801
Telephone: (302) 425-5806
Facsimile: (302) 425-5814
Email: rgellert@gsbblaw.com

John E. Sebastian (admitted *pro hac vice*)
Brian C. Padove (admitted *pro hac vice*)

4

**WATT, TIEDER, HOFFAR & FITZGERALD, L.L.P.**
10 South Wacker Drive, Suite 1100
Chicago, Illinois 60606
Telephone: 312.219.6922
Telephone: 312.219.6920
Email: jsebastian@watttieder.com
Email: bpadove@watttieder.com

*Counsel to Atlantic Specialty Insurance Company*

5