**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| LIGHTHOUSE RESOURCES INC.,[1] | Case No. 20-13056 (CTG) |
| Debtor. | |
| LIGHTHOUSE RESOURCES INC., | |
| Plaintiff, <br> v. | Adv. Proc. No. 24-50144 (CTG) |
| ATLANTIC SPECIALTY INSURANCE COMPANY, | |
| Defendant. | **Re: Adv. D.I. 170** |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S
MOTION FOR SHORTENED NOTICE AND EXPEDITED
CONSIDERATION OF ATLANTIC SPECIALTY INSURANCE
COMPANY'S MOTION FOR LEAVE TO DEPOSIT FUNDS
AND SCHEDULE PRETRIALSETTLEMENT CONFERENCE**

Plaintiff Lighthouse Resources Inc. ("Lighthouse"), by and through its undersigned counsel, hereby respectfully opposes (this "Opposition") the *Motion for Shortened Notice and Expedited Consideration of Atlantic Specialty Insurance Company's Motion for Leave to Deposit Funds and Schedule Pretrial Settlement Conference* [Adv. D.I. 170] (the "Motion to Shorten") filed by Defendant Atlantic Specialty Insurance Company ("Atlantic"). In support hereof, Lighthouse respectfully states as follows:

---

[1] The Debtor in this chapter 11 case, along with the last four digits of the Debtor's federal tax identification number, is Lighthouse Resources Inc. (4713), The location of the Debtor's service address in this chapter 11 case is 10980 South Jordan Gateway, South Jordan, Utah 84095.

## JURISDICTION AND VENUE

1.      The United States Bankruptcy Court for the District of Delaware (this "Court") has jurisdiction over the Chapter 11 Case and these matters under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012.  This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A).

2.      Pursuant to Local Rule 9013-1(f), Lighthouse consents to the entry of a final judgment or order with respect to this Motion to Shorten if it is determined that this Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

3.      Venue of this Chapter 11 Case in this district is proper under 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

4.      On December 3, 2020, Lighthouse and certain of its affiliates filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in this Court.  On December 11, 2020, the Debtors filed the *Joint Plan of Debtors Under Chapter 11 of the Bankruptcy Code* (the "Plan"). D.I. 63.  On March 10, 2021, the Court entered its *Findings of Fact, Conclusions of Law, and Order Confirming the Second Amended Joint Plan of Debtors Under Chapter 11 of the Bankruptcy Code* [D.I. 435] confirming the Plan.  The Plan became effective on April 7, 2021.  *See* D.I. 492.

5.      On October 8, 2024, the Court granted Lighthouse's motion to reopen the bankruptcy case and the following day, Lighthouse filed its Complaint against Atlantic seeking redress for Atlantic's material breaches of the parties' agreements.  *See* D.I. 662, Adv. D.I. 1.

6.      Since the reopening of the bankruptcy case and the filing of Lighthouse's Complaint, this action has been comprehensively litigated, with Atlantic answering the Complaint and asserting defenses, and filing both counterclaims against Lighthouse and a third-party complaint against non-party Black Butte Coal Company.  *See* Adv. D.I. 18, 19.  The parties also engaged in mediation on March 4, 2025, but were unable to reach a resolution.  The Court has now dismissed Atlantic's counterclaims and third-party complaint in full [Adv. D.I. 97] and denied Atlantic's request for leave to amend its already-dismissed counterclaims [Adv. D.I. 132]. Consistent with this Court's rulings, Lighthouse has now moved for summary judgment on Atlantic's liability for every count asserted in Lighthouse's Complaint [Adv. D.I. 134] (the "Summary Judgment Motion").  Atlantic failed to substantively oppose the Summary Judgment Motion, instead submitting a "response" seeking deferral based on its reported need for discovery [Adv. D.I. 148], and Lighthouse then filed a reply in support of the Summary Judgment Motion [Adv. D.I. 155].

7.      Atlantic has also moved for leave to appeal the denial of its motion to amend its counterclaims and for a stay pending such appeal.  [Adv. D.I. 139, 140, 143].  Lighthouse has opposed both the appeal and Atlantic's request for a stay pending appeal.  [Adv. D.I. 155; Dist. Ct. D.I. 3].

8.      Atlantic has now filed *Atlantic Specialty Insurance Company's Motion for Leave to Deposit Funds and Schedule Pretrial Settlement Conference* [Adv. D.I. 169] (the "Deposit Motion").  The Deposit Motion inexplicably requests relief that is unnecessary to this case and certainly does not require shortened notice.  By the Deposit Motion, Atlantic seeks, among other things, to (i) deposit the funds at issue in this matter ($6,234,983 in collateral which Atlantic is

contractually obligated to release to Lighthouse)[2] into the Registry of the Court, without conceding any measure of liability with respect to the deposited funds or the damages and other costs Lighthouse is seeking or may seek during this proceeding; and (ii) schedule a "pretrial settlement conference . . . for the purpose of identifying, addressing, and, if possible, resolving the remaining disputed damages and remedial issues in this matter."  Deposit Motion ¶ 6.

9.      Contemporaneously with the Deposit Motion, Atlantic filed the Motion to Shorten, seeking a hearing on the Deposit Motion on or before April 8, 2026.

## RESPONSE

10.     Lighthouse, as it has been throughout this process, is certainly amenable to a consensual resolution.  However, for the avoidance of doubt, Lighthouse is strongly opposed to any delay in the current litigation schedule and believes that oral argument on Lighthouse's Summary Judgment Motion should proceed as scheduled on April 8, 2026.

11.     Moreover, Atlantic has not articulated any exigencies justifying shortened notice, as required by Local Rule 9006-1(e).  Atlantic states only in conclusory fashion that granting the Motion to Shorten somehow "promotes judicial efficiency and potentially avoids significant additional litigation" and that shortening notice "will remove a significant obstacle" to resolution of the issues.  Motion to Shorten ¶¶ 7, 8.  Not so.  As set forth below, the relief sought via the Deposit Motion (i) does not promote judicial efficiency, as it does not resolve any issues of liability, per Atlantic's own request that any order explicitly avoid doing so, and (ii) does not avoid significant additional litigation as all the same issues as to liability and damages remain whether the collateral funds are held by Atlantic or in the registry of the Court  As the Deposit Motion itself requests and acknowledges, the oral argument as to Lighthouse's Summary Judgment Motion

---

[2] The figure used herein is taken from the Deposit Motion.  Lighthouse reserves all rights concerning the amount of collateral in dispute.

remains set to proceed on April 8, 2026 (which Atlantic says it does not oppose), and any discussions regarding scheduling for the remaining issues can easily take place after oral argument has concluded. Further, it would not be productive to hold a conference on scheduling when the parties have not met and conferred (nor has Atlantic requested such a meet and confer) regarding proposed scheduling.

12.    In short, the Deposit Motion does not change the status of this litigation.[3] Indeed, given Atlantic's reservation of rights, the Summary Judgment Motion trial must proceed as scheduled in order to decide the issue of liability, as well as the effectiveness of Atlantic's termination of the tolling Agreement (as defined in the Summary Judgment Motion) and the viability of Atlantic's purported defenses.

13.    Atlantic not only fails to demonstrate any exigencies necessitating expedited notice; it also provides no explanation of why it waited until a Court holiday (in the midst of both Passover and Good Friday) just five days prior to the scheduled oral argument on the Summary Judgment Motion to request the relief in the Deposit Motion. Any exigency in this matter is of Atlantic's own making and is clearly gamesmanship attempting to further delay proceedings.[4]

---

[3] A deposit in the Court registry simply "relieves the depositor of responsibility for a fund in dispute." *Progressive Cas. Ins. Co. v. Drive Trademark Holdings LP*, 680 F. Supp. 2d 639, 641 (D. Del. 2010) ("Rule 67 should not be used as a means to alter the contractual relationships and legal duties of the parties; rather, it should be used as a procedural device to provide a place of safekeeping for disputed funds"); ); *see also LTV Corp. v. Gulf States Steel, Inc. of Alabama*, 969 F.2d 1050, 1063 (D.C. Cir. 1992). *See also Jarzyna v. Home Props., L.P.*, 201 F. Supp. 3d 650 (E.D. Pa. 2016) (denying Rule 67 motion because the motion did not comport with the purpose of Rule 67, "namely, that the funds [the party] seeks to deposit are the basis of the dispute or [the party] seeks to relieve itself of the burden of administering an asset")

[4] Atlantic has spent much of this proceeding resorting to similar tactics. In January 2025, it manufactured a scheduling dispute and threw the case schedule into disarray. *See* Adv. D.I. 45, 48, 49, 50, 52, 54. In March 2025, after insisting that the parties should attempt mediation, Atlantic's positions lead to an unproductive mediation that cost valuable time and resources. In August of 2025, after Lighthouse and Black Butte Coal Company prevailed on their motions to dismiss [Adv D.I. 97], Atlantic delayed further by requiring the parties to litigate a motion for clarification of the Court's order. *See* Adv. D.I. 101, 102, 105, 107, 114, 125. Finally, as described herein, Atlantic has attempted to further delay proceedings through a meritless interlocutory appeal of the Court's order denying Atlantic's motion to amend certain counterclaims and an accompanying motion to stay pending such appeal. *See* Adv. D.I. 139, 140, 143, 152, 154.

14.     As previewed above, Lighthouse also submits this Opposition to clarify its position on the request for shortened notice.  Atlantic presented Lighthouse's position incorrectly in the Motion to Shorten, stating that Lighthouse "does not consent to shortened notice to the extent that it interferes with the hearing already scheduled for April 8, 2026."  Motion to Shorten ¶ 9.  This is misleading.  When Atlantic reached out concerning the Deposit Motion, it (i) asked if Lighthouse would oppose such a motion and (ii) did not identify that it would be seeking shortened notice.

15.     Counsel to Lighthouse responded that it would consider any motion once filed and was clear that it objected to any shortened notice.  Moreover, given that Atlantic had approached counsel to Lighthouse about potentially requesting judicial mediation, counsel to Lighthouse responded that it was not opposed to a settlement conference discussing such options, as long as the conference would not delay the current litigation schedule, and set forth additional positions regarding continued settlement and mediation discussions.

16.     Atlantic instead proceeded by filing the Deposit Motion and requesting a "pretrial settlement conference" that, in substance, appears to function as a scheduling conference.  While the Court is, of course, free to manage its calendar as it deems appropriate, Lighthouse questions the appropriateness of any scheduling conference on expedited notice at or prior to the April 8 oral argument on the Summary Judgment Motion as the parties have had no opportunity to meet and confer on a proposed schedule and there is no exigency for a conference prior to (i) oral argument on the Motion for Summary Judgment or (ii) a reasonable opportunity for the parties to discuss which issues Atlantic believes are streamlined and meet and confer on proposed scheduling.  To be clear, Lighthouse opposes any shortened notice as Atlantic has not made a showing of any exigencies requiring notice to be expedited.

17.     Based on the foregoing, Lighthouse respectfully requests that the Court (i) deny the Motion to Shorten and (ii) order Atlantic to clarify what issues to believes are resolved through depositing the funds with the Court, with such issues to be heard at a hearing on regular notice.

## CONCLUSION

WHEREFORE, Lighthouse respectfully requests that the Court deny Atlantic's Motion to Shorten, order Atlantic to clarify the issues as described herein, and grant such other and further relief which may be just and proper.

Dated: April 6, 2026        Respectfully submitted,
      Wilmington, Delaware

*/s/ James R. Risener III*
L. Katherine Good (No. 5101)
Jesse L. Noa (No. 5973)
James R. Risener III (No. 7334)
Hannah L. Paxton (No. 7096)
**POTTER ANDERSON & CORROON LLP**
1313 N. Market Street, 6th Floor
Wilmington, DE  19801
Telephone: (302) 984-6000
Facsimile:  (302) 658-1192
Email:    kgood@potteranderson.com
       jnoa@potteranderson.com
       jrisener@potteranderson.com
       hpaxton@potteranderson.com

*Counsel for Lighthouse Resources Inc.*