## IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| LIGHTHOUSE RESOURCES INC.,[1] | Case No. 20-13056 (CTG) |
| Debtor. | |
| LIGHTHOUSE RESOURCES INC., | |
| Plaintiff,<br>v. | Adv. Proc. No. 24-50144 (CTG) |
| ATLANTIC SPECIALTY INSURANCE COMPANY, | |
| Defendant. | **Re: Adv. D.I. 169** |

**PLAINTIFF'S OPPOSITION TO
ATLANTIC SPECIALTY INSURANCE
COMPANY'S MOTION FOR LEAVE TO DEPOSIT FUNDS
AND SCHEDULE PRETRIAL SETTLEMENT CONFERENCE**

Plaintiff Lighthouse Resources Inc. ("Lighthouse"), by and through its undersigned counsel, hereby respectfully opposes (this "Opposition") *Atlantic Specialty Insurance Company's Motion for Leave to Deposit Funds and Schedule Pretrial Settlement Conference* [Adv. D.I. 169] (the "Deposit Motion") filed by Defendant Atlantic Specialty Insurance Company ("Atlantic"). In support hereof, Lighthouse respectfully states as follows:

### JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the District of Delaware (this "Court") has jurisdiction over the above-captioned chapter 11 case (the "Chapter 11 Case") and these

---

[1] The Debtor in this chapter 11 case, along with the last four digits of the Debtor's federal tax identification number, is Lighthouse Resources Inc. (4713), The location of the Debtor's service address in this chapter 11 case is 10980 South Jordan Gateway, South Jordan, Utah 84095.

matters under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012.  This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A).

2.     Pursuant to Local Rule 9013-1(f), Lighthouse consents to the entry of a final judgment or order with respect to the Deposit Motion if it is determined that this Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

3.     Venue of this Chapter 11 Case in this district is proper under 28 U.S.C. §§ 1408 and 1409.

**BACKGROUND**

4.     On December 3, 2020, Lighthouse and certain of its affiliates filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in this Court.  On December 11, 2020, the Debtors filed the *Joint Plan of Debtors Under Chapter 11 of the Bankruptcy Code* (the "Plan").  D.I. 63.  On March 10, 2021, the Court entered its *Findings of Fact, Conclusions of Law, and Order Confirming the Second Amended Joint Plan of Debtors Under Chapter 11 of the Bankruptcy Code* [D.I. 435] confirming the Plan.  The Plan became effective on April 7, 2021. *See* D.I. 492.

5.     On October 8, 2024, the Court granted Lighthouse's motion to reopen the bankruptcy case and the following day, Lighthouse filed its Complaint against Atlantic seeking redress for Atlantic's material breaches of the parties' agreements.  *See* D.I. 662, Adv. D.I. 1.

6.     Since the reopening of the bankruptcy case and the filing of Lighthouse's Complaint, this action has been comprehensively litigated, with Atlantic answering the Complaint and asserting defenses, and filing both counterclaims against Lighthouse and a third-party

complaint against non-party Black Butte Coal Company.  *See* Adv. D.I. 18, 19.  The parties also engaged in mediation on March 4, 2025, but were unable to reach a resolution.  The Court has now dismissed both Atlantic's counterclaims and third-party complaint in full [Adv. D.I. 97] and denied Atlantic's request for leave to amend its already-dismissed counterclaims [Adv. D.I. 132].

7.     Consistent with this Court's prior rulings, Lighthouse has now moved for summary judgment on Atlantic's liability for every count asserted in Lighthouse's Complaint [Adv. D.I. 134] (the "Summary Judgment Motion").  Atlantic failed to substantively oppose the Summary Judgment Motion, instead submitting a "response" seeking deferral based on its reported need for discovery [Adv. D.I. 148], and Lighthouse then filed a reply in support of the Summary Judgment Motion [Adv. D.I. 155].  On April 8, 2026, this Court denied Atlantic's request to defer consideration of Lighthouse's Summary Judgment Motion and set a briefing schedule for the motion, culminating in a hearing scheduled for April 28, 2026.

8.     Atlantic has also moved for leave to file an interlocutory appeal of this Court's denial of its motion to amend its counterclaims.  [Adv. D.I. 139, 140, 143].  Lighthouse has opposed the request for interlocutory appeal.  [Adv. D.I. 155; Dist. Ct. D.I. 3].

9.     Atlantic has now filed *Atlantic Specialty Insurance Company's Motion for Leave to Deposit Funds and Schedule Pretrial Settlement Conference* [Adv. D.I. 169] (the "Deposit Motion").  By the Deposit Motion, Atlantic seeks, among other things, to (i) deposit the funds at issue in this matter ($6,234,983 in collateral which Atlantic is contractually obligated to release to Lighthouse)[2] into the Registry of the Court, without conceding any measure of liability with respect to the deposited funds or the damages and other costs Lighthouse is seeking or may seek during this proceeding; and (ii) to schedule a "pretrial settlement conference . . . for the purpose

---

[2] The figure used herein is taken from the Deposit Motion.  Lighthouse reserves all rights concerning the amount of collateral in dispute.

of identifying, addressing, and, if possible, resolving the remaining disputed damages and remedial issues in this matter." Deposit Motion ¶ 6.

10.     On one hand, Atlantic asserts that it concedes no liability by offering to deposit collateral with the Court.  On the other hand, Atlantic asserts that depositing the funds at issue will "materially narrow the controversy."  *Id.* ¶ 2.  Atlantic, however, fails to explain how its Deposit Motion narrows anything.   Atlantic also requests a "prompt pretrial settlement conference[.]"  *Id.* ¶ 3.  Although Lighthouse does not oppose amicably resolving this dispute, Atlantic's habit of taking unworkable positions in past settlement discussions now give Lighthouse pause.

11.     In sum, the utility of Atlantic's Deposit Motion is unclear, but to the extent it is being yielded as a basis to delay a ruling on Atlantic's liability under Lighthouse's Summary Judgment Motion or trial on related damages, the Deposit Motion is opposed.

## **RESPONSE**

12.     Atlantic requests leave to deposit funds into the Court Registry, but it has not established any reason for doing so; indeed, Atlantic reserves all rights and defenses, including on the issue of damages, so the goal and utility of the Deposit Motion is unclear.  By this response in opposition, because it is unclear what the Deposit Motion seeks, Lighthouse's response takes the form of several "conditional" responses (*e.g.*, "to the extent").

13.    To the extent that the Deposit Motion delays in any way the hearing on the Summary Judgment Motion[3] or scheduling trial on damages, Lighthouse strongly opposes any such delay.[4]

14.    Thus, if no delay is entertained, Lighthouse is not opposed to the mere deposit of the funds at issue into the Court Registry.  But the deposit should not be deemed to alter, and Lighthouse reserves all rights with respect to, any issues of liability, the amount of damages in dispute, the current litigation schedule, pre- and post-judgment interest, attorneys' fees, costs, or any other relief sought by Lighthouse.  To the extent Atlantic is requesting such relief, Lighthouse is firmly opposed.  Atlantic's deposit of funds cannot act as a backdoor escape of liability— liability which is currently being briefed in relation to Lighthouse's Summary Judgment Motion.

15.    Atlantic's second request, for a settlement conference with the Court, is similarly confusing.  Atlantic styles this request as one for a "pretrial settlement conference," but the content of the conference as described in the Deposit Motion resembles a standard scheduling conference.  Should Atlantic request a standard scheduling conference, Lighthouse would not be opposed.

---

[3] Oral argument on Atlantic's liability and Lighthouse's Summary Judgment Motion has been scheduled for April 28, 2026. This argument was pushed back once already due to Atlantic's failure to substantively respond to Lighthouse's Summary Judgment Motion, and this action should not be delayed again simply because Atlantic proposes to deposit collateral that it was contractually obligated to release to Lighthouse *years* ago.

[4] As detailed previously in Lighthouse's opposition to Atlantic's motion to shorten notice with respect to this Motion, *see* Adv. D.I. 172, Atlantic has spent much of this proceeding resorting to delay tactics.  In January 2025, it manufactured a scheduling dispute and succeeding in vacating the existing case schedule.  *See* Adv. D.I. 45, 48, 49, 50, 52, 54.  In March 2025, after insisting that the parties should mediate, Atlantic's knowingly unworkable positions in mediation lead to the stalling of this action and an unproductive mediation that cost valuable time and resources. In August of 2025, after Lighthouse and Black Butte Coal Company prevailed on their motions to dismiss [Adv D.I. 97], Atlantic delayed further by requiring the parties to litigate a motion for clarification of the Court's order.  *See* Adv. D.I. 101, 102, 105, 107, 114, 125.  Finally, as described herein, Atlantic has attempted to further delay proceedings through a meritless interlocutory appeal of the Court's order denying Atlantic's motion to amend certain counterclaims and an accompanying motion to stay pending such appeal.  *See* Adv. D.I. 139, 140, 143, 152, 154.

16.     To the extent Atlantic's request is for a "settlement conference," however, Lighthouse is not opposed to engaging in such discussions.  However, Lighthouse will not agree to pause this action while these discussions proceed.

17.     If the Summary Judgment Motion is granted, all that will remain for this proceeding is a prompt and narrow discovery and trial on the damages caused by Atlantic's breaches.  While Lighthouse does not oppose potential resolution discussions, and welcomes the Court's efforts to facilitate the same, it does not agree to delaying the merits or trial on damages while those discussions occur.

18.     Thus, any settlement discussions must proceed in parallel with this action, including Lighthouse Summary Judgment Motion and the litigation of Atlantic's liability to Lighthouse.  Given the fruitless nature of the previous mediation attempt, for which Lighthouse bore half the cost, Lighthouse submits that Atlantic should bear the cost of any further settlement discussions.

19.     To the extent Atlantic's request is for a standard scheduling conference, Atlantic's request is unnecessary.  The Deposit Motion does not eliminate or otherwise affect the remaining issues,[5] including, without limitation, liability, damages, interest, attorneys' fees, and costs, and the parties can easily meet and confer regarding the post-trial schedule at a later date without granting any relief requested in the Deposit Motion.[6]

---

[5] A deposit in the Court registry simply "relieves the depositor of responsibility for a fund in dispute." *Progressive Cas. Ins. Co. v. Drive Trademark Holdings LP*, 680 F. Supp. 2d 639, 641 (D. Del. 2010) ("Rule 67 should not be used as a means to alter the contractual relationships and legal duties of the parties; rather, it should be used as a procedural device to provide a place of safekeeping for disputed funds"); *see also, e.g.*, *LTV Corp. v. Gulf States Steel, Inc. of Alabama*, 969 F.2d 1050, 1063 (D.C. Cir. 1992); *Jarzyna v. Home Props., L.P.*, 201 F. Supp. 3d 650 (E.D. Pa. 2016) (denying Rule 67 motion because the motion did not comport with the purpose of Rule 67, "namely, that the funds [the party] seeks to deposit are the basis of the dispute or [the party] seeks to relieve itself of the burden of administering an asset").

[6] To date, Atlantic has not requested to meet and confer regarding this scheduling issue.

6

20. Based on the foregoing, Lighthouse respectfully requests that the Court (I) deny the Deposit Motion outright or (II) (A) allow the deposit into the Court Registry in the amount Atlantic specifies in its Deposit Motion without prejudice or any other effect upon the rights of Lighthouse regarding liability, the amount of funds in dispute, the current pace of litigation, damages, interest, attorneys' fees, costs, or any other relief; and (B) enter the Proposed Scheduling Order attached hereto as Exhibit 1.

## CONCLUSION

WHEREFORE, Lighthouse respectfully requests that the Court deny Atlantic's Deposit Motion or grant the alternative relief specified herein and grant such other and further relief which may be just and proper.

Dated: April 17, 2026
      Wilmington, Delaware

Respectfully submitted,

*/s/ James R. Risener III*
L. Katherine Good (No. 5101)
Jesse L. Noa (No. 5973)
James R. Risener III (No. 7334)
Hannah L. Paxton (No. 7096)
**POTTER ANDERSON & CORROON LLP**
1313 N. Market Street, 6th Floor
Wilmington, DE  19801
Telephone: (302) 984-6000
Facsimile:  (302) 658-1192
Email:   kgood@potteranderson.com
       jnoa@potteranderson.com
       jrisener@potteranderson.com
       hpaxton@potteranderson.com

*Counsel for Lighthouse Resources Inc.*