**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| LIGHTHOUSE RESOURCES INC., | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | Case No. 20-13056 (CTG) |
| | ) | |
| | ) | |
| | ) | |
| LIGHTHOUSE RESOURCES INC., | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ATLANTIC SPECIALTY INSURANCE | ) | |
| COMPANY, | ) | |
| | ) | Adv. Proc. No. 24-50144 (CTG) |
| Defendant. | ) | |

**DECLARATION OF JOHN E. SEBASTIAN IN SUPPORT OF ATLANTIC'S RESPONSE IN OPPOSITION TO LIGHTHOUSE'S MOTION FOR SUMMARY JUDGMENT**

I, John E. Sebastian, hereby declare under penalty of perjury:

1.     Atlantic Specialty Insurance Company, Defendant in the above-captioned adversary proceeding, retained the law firm of Watt, Tieder, Hoffar & Fitzgerald to represent it in connection with the Chapter 11 case and Adversary Proceeding. I am a partner at Watt, Tieder, Hoffar & Fitzgerald and one of the attorneys representing the Defendant and the foregoing statements are made based upon on my personal knowledge or belief and am competent to testify as to the matters stated.

1

2.    I submit this Declaration in support of Atlantic Specialty Insurance Company's Response Brief in Opposition to Lighthouse Resources Inc.'s Motion for Summary Judgment as to Liability (the "Response Brief").

3.    In the course of representing Atlantic Specialty Insurance Company in this matter, I receive and maintain emails and related communications in the ordinary course of business through my firm email account, which are maintained in electronic form.

4.    Attached hereto as **Exhibit A** is a true and correct copy of the General Indemnity Agreement entered into by and among Atlantic, Lighthouse Resources Inc., and certain other parties (the "GIA").

5.    Attached hereto as **Exhibit B** is a true and correct copy of the Reclamation Trust Entity and Distribution Agreement dated April 7, 2021 (the "Trust Agreement").

6.    Attached hereto as **Exhibit C** is a true and correct copy of the Reclamation Sinking Fund Agreement dated April 7, 2021 (the "Sinking Fund Agreement").

7.    Attached hereto as **Exhibit D** is a true and correct copy of the Reclamation Trust Entity Bonding Agreement dated April 7, 2021 (the "Bonding Agreement").

8.    Attached hereto as **Exhibit E** is a true and correct copy of the Tolling Agreement effective as of December 3, 2020 (the "Tolling Agreement").

9.    Attached hereto and identified as **Exhibit F** is a true and correct copy of an email chain dated April 29, 2025 through May 1, 2025, including emails sent by Michael Ricci from "Michael.Ricci@respec.com" and an underlying email from Tay Tonozzi (t.tonozzi@lhr.com), as well as the associated forwarded messages and headers reflected on the face of the exhibit which were received by, among others, myself, John Sebastian at jsebastian@watttieder.com. I received the email identified on page 1 of **Exhibit F** on May 1, 2025. The attached copy is taken from the

21071644.1 103953.00009

electronically maintained version of the emails as maintained in the ordinary course of business, except for redactions applied for attorney-client privilege and/or confidentiality.

10.     Attached hereto as **Exhibit G** is a true and correct copy of the Declaration of Brian C. Padove, previously filed in support of Atlantic's Motion Pursuant to Rule 56(d) to Defer Consideration of Lighthouse's Motion for Summary Judgment as to Liability [Adv. D.I. 148-1].

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing statements are true and correct.

Dated: April 20, 2026

Respectfully submitted,

By: */s/ John E. Sebastian*

John E. Sebastian

3

21071644.1 103953.00009