**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| LIGHTHOUSE RESOURCES INC., | ) | Case No. 20-13056 (CTG) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| | ) | |
| LIGHTHOUSE RESOURCES INC., | ) | |
| | ) | Adv. Proc. No. 24-50144 (CTG) |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ATLANTIC SPECIALTY INSURANCE COMPANY, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

**ATLANTIC SPECIALTY INSURANCE COMPANY'S REPLY BRIEF IN SUPPORT OF ITS MOTION FOR LEAVE TO DEPOSIT FUNDS AND SCHEDULE PRETRIAL SETTLEMENT CONFERENCE**

Defendant, Atlantic Specialty Insurance Company ("Atlantic"), through undersigned counsel, hereby submits this Reply Brief in Support of its Motion for Leave to Deposit Funds and Schedule Pretrial Settlement Conference [Adv. D.I. 169] ("Deposit Motion"), and states as follows:

**PRELIMINARY STATEMENT**

1. Lighthouse Resources Inc.'s ("Lighthouse") Opposition [Adv. D.I. 174] ("Opposition" or "Opp.") largely concedes that the relief Atlantic seeks is appropriate. Lighthouse does not oppose deposit of the $6,234,983 into the Court Registry so long as it does not delay the

pending proceedings and does not alter the parties' rights. Atlantic agrees entirely. Lighthouse does not oppose a settlement conference, so long as it proceeds in parallel with the litigation. Atlantic agrees with that, too. What remains in dispute reduces to two narrow points: (1) whether the settlement conference should be characterized as "pretrial" rather than "scheduling" in nature; and (2) who should bear the cost of facilitating it. Neither point warrants denial of the Deposit Motion.

2.      As an ancillary matter, Lighthouse's Opposition also gestures toward a narrative of delay, invoking five prior proceedings as supposed evidence of Atlantic's alleged obstructionist intent. Opp. ¶ 10 & n.4. Atlantic disputes that characterization of each episode cited, but the Deposit Motion itself is the most effective rebuttal: a party seeking delay does not voluntarily seek to place approximately $6.2 million under Court supervision and request judicial facilitation of a resolution. The Deposit Motion reflects the opposite of delay - it is a concrete, good-faith step toward narrowing and resolving this dispute and issues remaining as to damages.

## ARGUMENT

### A.      THE DEPOSIT SHOULD BE AUTHORIZED ON THE TERMS ATLANTIC PROPOSED

3.      Lighthouse confirms it "is not opposed to the mere deposit of the funds at issue into the Court Registry" provided there is no delay to pending proceedings and no alteration of the parties' rights. Opp. ¶ 14. Atlantic's Deposit Motion seeks exactly that. Atlantic expressly concedes no liability, and the deposit does not purport to affect the scope of damages, pre- or post-judgment interest, attorneys' fees, or any other relief Lighthouse may seek. The deposit is a procedural safeguard - it places the disputed collateral under the Court's supervision while the parties litigate and, as Atlantic hopes, explore resolution. *See Progressive Cas. Ins. Co. v. Drive Trademark Holdings LP*, 680 F. Supp. 2d 639, 641 (D. Del. 2010) ("Rule 67 should not be used as a means to alter the contractual relationships and legal duties of the parties; rather, it should be used as a

procedural device to provide a place of safekeeping for disputed funds."); *see also* Fed. R. Civ. P. 67(a) ("If any part of the relief sought is a money judgment or the disposition of a sum of money or some other deliverable thing, a party – on notice to every other party and by leave of court – may deposit with the court all or part of the money or thing, whether or not that party claims any of it."). Moreover, Atlantic does not seek to delay any aspect of the current case timeline. Thus, it would be appropriate to grant leave to deposit on Atlantic's proposed terms.

### B.   ATLANTIC IS SEEKING A GENUINE PRETRIAL SETTLEMENT CONFERENCE

4.      Lighthouse incorrectly characterizes Atlantic's request as one for a standard scheduling conference. Opp. ¶ 15. The Deposit Motion is clear: Atlantic seeks a Court-facilitated pretrial settlement conference for the purpose of identifying, addressing, and, if possible, resolving the remaining disputed damages and other remedial issues. That is the textbook function of a pretrial settlement conference under Fed. R. Civ. P. 16(a)(5), applicable here through Fed. R. Bankr. P. 7016. It is not a scheduling exercise.

5.      Lighthouse acknowledges that it "does not oppose amicably resolving this dispute" and that it "welcomes the Court's efforts to facilitate the same." Opp. ¶¶ 10, 17. The Court is empowered to order a settlement conference on its own motion, and doing so here is a sound exercise of discretion given the significant sums at issue and the parties' shared interest - however expressed - in an efficient resolution.

6.      Atlantic is not requesting any pause or stay of the pending proceedings. The settlement conference can and should proceed in parallel with litigation, consistent with Lighthouse's own stated position. However, a prompt settlement conference leading to resolution would alleviate ongoing use of judicial and party resources.

**C.**   **THE COURT SHOULD NOT REQUIRE ATLANTIC TO BEAR THE SOLE COST OF A COURT-FACILITATED CONFERENCE**

7.   Lighthouse requests that Atlantic bear the cost of "any further settlement discussions" in light of the prior mediation. Opp. ¶ 18. That argument conflates a private third-party mediation - for which cost-sharing is conventional - with a Court-supervised settlement conference, which is a judicial proceeding. Atlantic is not requesting another private mediator. It is requesting that the Court exercise its inherent supervisory authority to convene the parties. The cost structure of a prior failed mediation is irrelevant to that request, and there is no basis to depart from the ordinary rule that each party bears its own litigation costs in connection with Court proceedings.

## CONCLUSION

8.   For the foregoing reasons, Atlantic respectfully requests that the Court (i) grant leave to deposit $6,234,983 into the Court Registry without prejudice to any party's rights regarding liability, damages, interest, fees, or costs; and (ii) schedule a pretrial settlement conference at the Court's earliest convenience.

Dated:  Friday, April 24, 2026

| | |
|---|---|
| */s/ Ronald S. Gellert* | John E. Sebastian (admitted *pro hac vice*) |
| Ronald S. Gellert (DE 4259) | Brian C. Padove (admitted *pro hac vice*) |
| **GELLERT SEITZ BUSENKELL & BROWN, LLC** | **WATT, TIEDER, HOFFAR & FITZGERALD, L.L.P.** |
| 1201 North Orange Street, Suite 300 | 10 South Wacker Drive, Suite 1100 |
| Wilmington, DE 19801 | Chicago, Illinois 60606 |
| Telephone: (302) 425-5806 | Telephone: 312.219.6922 |
| Facsimile: (302) 425-5814 | Telephone: 312.219.6920 |

4