# EXHIBIT 30

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| LIGHTHOUSE RESOURCES INC., | Case No. 20-13056 (JTD) |
| Debtor. | |
| LIGHTHOUSE RESOURCES INC., | |
| Plaintiff, | Adv. Proc. No. 24-50144 (JTD) |
| v. | |
| ATLANTIC SPECIALTY INSURANCE COMPANY, | |
| Defendant. | |

**RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSION**

Defendant, ATLANTIC SPECIALTY INSURANCE COMPANY ("ASIC"), by and through its undersigned counsel, hereby objects and responses to Plaintiff, Lighthouse Resources, Inc.'s ("Lighthouse") First set of Requests for Admission, pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure, as made applicable and modified by Rules 7026 and 7036 of the Federal Rules of Bankruptcy Procedure, and all applicable Local Rules of the United States District Court for the District of Delaware and the United States Bankruptcy Court for the District of Delaware, and states as follows:

**RESERVATION**

By responding to these Requests, ASIC does not waive, but instead, expressly reserves, any and all objections to the admission into evidence, at trial, or otherwise, of any responses to the subsequent responses to the requests for admission. ASIC further reserves the right to modify these objections and responses.

1

**REQUEST NO. 1.**    Admit that Atlantic did not fund its Pro Rata Share of the 2024 Budget for the East Decker Reclamation.

**RESPONSE**:  **ASIC objects to this request to the extent it assumes ASIC had an obligation to fund a Pro Rata Share of the 2024 Budget for the East Decker Reclamation which Atlantic disputes. Further responding, ASIC denies that it had any obligation to fund a Pro Rata Share of the 2024 Budget for the East Decker Reclamation. Further responding, ASIC admits that it has not funded the Pro Rata Share, as defined in the Reclamation Sinking Fund Agreement, apportioned to ASIC in relation to the 2024 Budget for the East Decker Reclamation on account of, among other things, Lighthouse's breaches of the Trust Agreement and Sinking Fund Agreement.**

**REQUEST NO. 2.**    Admit that Zurich funded its Pro Rata Share of the 2024 Budget for the East Decker reclamation.

**RESPONSE**:  **ASIC objects to this request to the extent it assumes Zurich had an obligation to fund its Pro Rata Share, as defined in the Reclamation Sinking Fund Agreement, of the 2024 Budget for the East Decker Reclamation which Atlantic disputes. Further responding and subject to the foregoing objection, ASIC admits Zurich funded the Pro Rata Share, as defined in the Reclamation Sinking Fund Agreement, of the 2024 Budget for the East Decker reclamation.  Upon information and belief, Zurich is not funding its share of the 2025 Budget.**

**REQUEST NO. 3.**    Admit that Atlantic funded its Pro Rate Share of the 2022 Reclamation Trust Entity Budget for the East Decker Reclamation

**RESPONSE**:  **ASIC objects to this request to the extent it assumes ASIC had an obligation to fund a Pro Rata Share, as defined in the Reclamation Sinking Fund Agreement, of the 2022 Reclamation Trust Entity Budget for the East Decker Reclamation which ASIC**

**disputes. Further responding, ASIC denies that it had any obligation to fund a Pro Rata Share, as defined in the Reclamation Sinking Fund Agreement, of the 2022 Reclamation Trust Entity Budget for the East Decker Reclamation on account of, among other things, Lighthouse's breaches of the Trust Agreement and Sinking Fund Agreement. Subject to and without waiving the foregoing, ASIC admits that it funded the Pro Rata Share, as defined in the Reclamation Sinking Fund Agreement, apportioned to ASIC under the 2022 Reclamation Trust Entity Budget for the East Decker Reclamation.**

**REQUEST NO. 4.**    Admit that Atlantic funded its Pro Rata Share of the 2023 Reclamation Trust Entity Budget for the East Decker Reclamation.

**RESPONSE**:  **ASIC objects to this request to the extent it assumes ASIC had an obligation to fund a Pro Rata Share, as defined in the Reclamation Sinking Fund Agreement, of the 2023 Reclamation Trust Entity Budget for the East Decker Reclamation which ASIC disputes. Further responding, ASIC denies that it had any obligation to fund a Pro Rata Share, as defined in the Reclamation Sinking Fund Agreement, of the 2023 Reclamation Trust Entity Budget for the East Decker Reclamation on account of, among other things, Lighthouse's breaches of the Trust Agreement and Sinking Fund Agreement. Subject to and without waiving the foregoing, ASIC admits that it funded the Pro Rata Share, as defined in the Reclamation Sinking Fund Agreement, apportioned to ASIC under the 2023 Reclamation Trust Entity Budget for the East Decker Reclamation.**

**REQUEST NO. 5.**    Admit that all sureties, including Atlantic, are represented on the Board by a representative who votes on behalf of all sureties.

**RESPONSE**:  **Denied. By way of further response and explanation, ASIC states only that the Sureties, including ASIC, Zurich American Insurance Company and Westchester Fire**

**Insurance Company (collectively, the "Sureties"), appoint one member to the Board and that the Board is the governing body that governs the Lighthouse Reclamation Trust pursuant to the Reclamation Trust Entity and Distribution Agreement and denies that ASIC is "represented" by the member appointed by the Sureties or that said member "votes on behalf of all sureties."  ASIC did not provide that it had an authorized representative that could bind and approve anything for ASIC as only an employee and/or agent of ASIC with authority from ASIC can act on behalf of ASIC.**

**REQUEST NO. 6**.   Admit that the Board, including Atlantic's representative, approved the 2024 Budget.

**RESPONSE**:  **ASIC objects to the extent this request assumes ASIC has a "representative" on the Board which is a conclusory allegation to which ASIC disputes based on the express language of the Reclamation Trust Entity and Distribution Agreement. Accordingly, ASIC denies it had a "representative" on the Board that approved the 2024 Budget. Further responding, ASIC admits only that the Board approved the 2024 Budget.  ASIC did not provide that it had an authorized representative that could bind and approve anything for ASIC as only an employee or agent of ASIC with authority from ASIC can act on behalf of ASIC.**

**REQUEST NO. 7.**   Admit that in 2022 Atlantic has information sufficient to contact the surety representative on the Board.

**RESPONSE**: **ASIC objects to this request on grounds that the phrase "information sufficient to contact" is vague, ambiguous, and lacking in specificity that ASIC cannot in good faith respond to the request as it would call for ASIC to speculate as to the phrase's meaning. ASIC further objects to the extent the request assumes there is a "surety**

representative" on the Board and states that such allegation is conclusory and is disputed based on the express language of the Reclamation Trust Entity and Distribution Agreement which provides that the Sureties are allowed to appoint one member to the Board and that the Board is the governing body that governs the Lighthouse Reclamation Trust pursuant to the Reclamation Trust Entity and Distribution Agreement. Further responding, ASIC admits only that it had contact information for "Member 2" as identified in the Plan Supplement "Identity of the Members of the Reclamation Trust Entity Board" (ECF No. 629-2), including any subsequent modifications, in 2022.

**REQUEST NO. 8.**    Admit that in 2023 Atlantic has information sufficient to contact the surety representative on the Board.

**RESPONSE**: ASIC objects to this request on grounds that the phrase "information sufficient to contact" is vague, ambiguous, and lacking in specificity that ASIC cannot in good faith respond to the request as it would call for ASIC to speculate as to the phrase's meaning. ASIC further objects to the extent the request assumes there is a "surety representative" on the Board and states that such allegation is conclusory and is disputed based on the express language of the Reclamation Trust Entity and Distribution Agreement which provides that the Sureties are allowed to appoint one member to the Board and that the Board is the governing body that governs the Lighthouse Reclamation Trust pursuant to the Reclamation Trust Entity and Distribution Agreement. Further responding, ASIC admits only that it had contact information for "Member 2" as identified in the Plan Supplement "Identity of the Members of the Reclamation Trust Entity Board" (ECF No. 629-2), including all subsequent modifications, in 2023.

**REQUEST NO. 9.**    Admit that in 2024 Atlantic has information sufficient to contact the surety

5

representative on the Board.

**RESPONSE**: **ASIC objects to this request on grounds that the phrase "information sufficient to contact" is vague, ambiguous, and lacking in specificity that ASIC cannot in good faith respond to the request as it would call for ASIC to speculate as to the phrase's meaning. ASIC further objects to the extent the request assumes there is a "surety representative" on the Board and states that such allegation is conclusory and is disputed based on the express language of the Reclamation Trust Entity and Distribution Agreement which provides that the Sureties are allowed to appoint one member to the Board and that the Board is the governing body that governs the Lighthouse Reclamation Trust pursuant to the Reclamation Trust Entity and Distribution Agreement. Further responding, ASIC admits only that it had contact information for "Member 2" as identified in the Plan Supplement "Identity of the Members of the Reclamation Trust Entity Board" (ECF No. 629-2), including all subsequent modifications, in 2024.**

**REQUEST NO. 10.**  Admit that the Board, including Atlantic's representative, approved the 2023 Reclamation Trust Entity Budget.

**RESPONSE**:  **ASIC objects to this request on the ground that the definition of the term "2023 Reclamation Trust Entity Budget" is conclusory. Specifically, Plaintiff's Requests for Admission define the term "2023 Reclamation Trust Entity Budget" as referring "to the annual budget for the Lighthouse Reclamation Trust Entity for the funding year 2023 <u>as approved by the Board</u>."** *See* **Requests for Admission Definition No. 21 (emphasis added). ASIC further objects to the extent this request assumes Atlantic has a "representative" on the Board which is a conclusory allegation to which ASIC disputes based on the express language of the Reclamation Trust Entity and Distribution Agreement. By way of further**

response and based on the foregoing objection, ASIC denies it had a "representative" on the Board that approved the 2023 Reclamation Trust Entity Budget. Subject to and without waiving the foregoing, ASIC admits only that the Board approved the 2023 Reclamation Trust Entity Budget.  ASIC did not provide that it had an authorized representative that could bind and approve anything for ASIC as only an employee or agent of ASIC with authority from ASIC can act on behalf of ASIC.

**REQUEST NO. 11.**  Admit that the Board, including Atlantic's representative, approved the 2022 Reclamation Trust Entity Budget.

**RESPONSE**:  ASIC objects to this request on the ground that the definition of the term "2022 Reclamation Trust Entity Budget" is conclusory. Specifically, Plaintiff's Requests for Admission define the term "2022 Reclamation Trust Entity Budget" as referring "to the annual budget for the Lighthouse Reclamation Trust Entity for the funding year 2022 <u>as approved by the Board</u>." *See* Requests for Admission Definition No. 20 (emphasis added). ASIC further objects to the extent this request assumes Atlantic has a "representative" on the Board which is a conclusory allegation to which ASIC disputes based on the express language of the Reclamation Trust Entity and Distribution Agreement. By way of further response, ASIC denies it had a "representative" on the Board that approved the 2022 Reclamation Trust Entity Budget. Subject to and without waiving the foregoing, ASIC admits only that the Board approved the 2022 Reclamation Trust Entity Budget.  ASIC did not provide that it had an authorized representative that could bind and approve anything for ASIC as only an employee or agent of ASIC with authority from ASIC can act on behalf of ASIC.

**REQUEST NO. 12.**  Admit that Danny Hall was the surety representative on the Board from

April 2021 – July 2022.

**RESPONSE**: **ASIC objects to the extent the request assumes there is a "surety representative" on the Board and states that such allegation is conclusory and is disputed based on the express language of the Reclamation Trust Entity and Distribution Agreement which provides that the Sureties are allowed to appoint one member to the Board and that the Board is the governing body that governs the Lighthouse Reclamation Trust pursuant to the Reclamation Trust Entity and Distribution Agreement. Further responding, ASIC denies that a member appointed in accordance with the Reclamation Trust Entity and Distribution Agreement by the Sureties "represents" the Sureties and ASIC denies Danny Hall was a "surety representative" on the Board from April 2021 – July 2022. Further responding, ASIC admits only that Danny Hall was on the Board from April 2021 – July 2022 and was the member of the Board appointed by the Sureties in accordance with the Reclamation Trust Entity and Distribution Agreement.  ASIC did not provide that it had an authorized representative that could bind and approve anything for ASIC as only an employee or agent of ASIC with authority from ASIC can act on behalf of ASIC.**

**REQUEST NO. 13.**  Admit that Mike Ricci is the current surety representative on the Board since August 2022.

**RESPONSE**: **ASIC objects to the extent the request assumes there is a "surety representative" on the Board and states that such allegation is conclusory and is disputed based on the express language of the Reclamation Trust Entity and Distribution Agreement which provides that the Sureties are allowed to appoint one member to the Board and that the Board is the governing body that governs the Lighthouse Reclamation Trust pursuant to the Reclamation Trust Entity and Distribution Agreement. Further responding, ASIC denies**

**that a member appointed in accordance with the Reclamation Trust Entity and Distribution Agreement by the Sureties "represents" the Sureties and ASIC denies Mike Ricci is a "surety representative" on the Board since August 2022. Further responding, ASIC admits only that Mike Ricci is currently on the Board and has been since August 2022 and is the member of the Board appointed by the Sureties in accordance with the Reclamation Trust Entity and Distribution Agreement.  ASIC did not provide that it had an authorized representative that could bind and approve anything for ASIC as only an employee or agent of ASIC with authority from ASIC can act on behalf of ASIC.**

Respectfully submitted,

Dated: December 6, 2024                **GELLERT SEITZ BUSENKELL & BROWN, LLC**

____/s/*Ronald S. Gellert*_____
Ronald S. Gellert (DE 4259)
1201 North Orange Street, Suite 300
Wilmington, DE 19801
Telephone: (302) 425-5806
Facsimile: (302) 425-5814
Email: rgellert@gsbblaw.com

9